**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | | |
|---|---|---|
| **KENNY BROWN, *et al.*** | : | **ELECTRONICALLY FILED** |
| | : | |
| | : | |
| **Plaintiffs** | : | **CASE NO. 2:13-cv-00068** |
| | : | |
| **V.** | : | |
| | : | |
| | : | |
| **COMMONWEALTH OF KENTUCKY, *et al.*** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

**DEFENDANT, GREG STUMBO, SPEAKER OF THE HOUSE OF REPRESENTATIVES' ANSWER TO PLAINTIFFS' COMPLAINT**

Comes the Defendant, Greg Stumbo, Speaker of the House of Representatives, (hereafter "Speaker Stumbo") by counsel, and in Response to the Complaint of Plaintiffs, states and alleges as follows:

**"Introduction" and Paragraph 1**: To the extent it requires an Answer, the assertions contained in the "Introduction" to the Complaint are expressly denied. In addition, Speaker Stumbo would show that Paragraph 1 of the Complaint is conclusory, without support in fact or the record, and consists of a narrative not contemplated by the notice pleading requirements of Kentucky courts and the "concise and direct" pleading requirement found in FRCP 8(d). In addition, the document is styled as a Complaint but demands relief not permitted under a Complaint, including "injunctive and declaratory relief", which require separate pleadings and

showing of a standard of proof not addressed in the body of the Complaint. All such allegations and requests for relief as found in the Complaint should be taken for naught and dismissed.

Further, the allegations of this paragraph are specifically denied as the Kentucky House of Representatives has drawn and passed a redistricting plan that complies in every respect with the requirements for a Constitutional map as recently defined in *Legislative Research Com'n v. Fischer*, Ky, 366 S.W.3d 905 (2012), ("Fischer III").

Speaker Stumbo endorses and supports efforts to ensure protection of fundamental "one person, one vote" rights, and for this reason appears and Answers, produces a valid redistricting map for the House as well as the Senate, and urges the Senate to act with the greatest dispatch in offering its own responsible redistricting plan to this Honorable Court. In this way, the Legislature may meet its Constitutional obligations, and avoid the regrettable involvement of the Federal judiciary in what should be a straightforward state matter. (See: Attachments 1 and 2 appended hereto, those being the House and Senate Redistricting maps, and the averments in response to Paragraphs 48 and 49, *infra*.).

Speaker Stumbo further avers that he is receptive to the suggestion recently propounded by the Senate that proposed plans from each body be immediately placed before a reviewing court in a Declaratory Judgment Action or, alternatively, Submission of an Agreed Case, pursuant to KRS 418.020. The Speaker compliments the Senate for its foresight in suggesting this speedy avenue of review. The only item needed for implementation of this wise course of action is production of a Senate redistricting plan. Without this, little progress can be made.

**Paragraph 1:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 2:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 3:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 4:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 5:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 6:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 7:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 8:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 9:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 10:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 11:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 12:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 13:** Speaker Stumbo is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint. To the extent that these paragraphs require an Answer, the assertions are expressly denied.

**Paragraph 14:** The allegation in Paragraph 14 is admitted. Speaker Stumbo would show the Court that Plaintiffs have failed to include a “statement of residence” as required by FRCP 8.1.

**Paragraph 15:** The allegations of Paragraph 15 are admitted. Speaker Stumbo would show the Court that Plaintiffs have failed to include a "statement of residence" as required by FRCP 8.1.

**Paragraph 16:** The statement regarding the office held by Defendant Allison Lundergan Grimes is admitted. Speaker Stumbo is without sufficient information to either admit or deny the assertions regarding duties under KRS 5.005 and same are therefore denied.

**Paragraph 17:** Speaker Stumbo admits the status of his elected office, but denies that this defendant has sole control of the business of the Kentucky House of Representatives, as the House of Representatives is comprised of 100 constitutionally elected members and acts as a body. Speaker Stumbo is without sufficient information to either admit or deny the allegations of the capacity in which he has been sued or the capacity in which others have been sued and same are therefore denied.

**Paragraph 18:** Speaker Stumbo admits the allegations in this paragraph that assert that Defendant, Robert Stivers, is currently the duly elected President of the Senate, but denies that that defendant has sole control of the business of the Kentucky Senate, as the Senate is comprised of 38 constitutionally elected members and acts as a body.

**Paragraph 19:** The assertions contained in Paragraph 19 are admitted.

**Paragraph 20:** The allegations contained in Paragraph 20 are admitted.

**Paragraph 21:** Speaker Stumbo admits the elected office of Defendant Conway. Speaker Stumbo is without sufficient information to admit or deny the remaining allegations, including duties under KRS 418.075, KRS 5.100 and KRS 5.200 and same are therefore denied.

**Paragraph 22:** Speaker Stumbo denies that the Plaintiffs have properly asserted allegations giving this court subject matter jurisdiction over the Plaintiffs federal law claims.

**Paragraph 23**: Speaker Stumbo denies that the Plaintiffs have properly asserted allegations giving this court subject matter jurisdiction over the Plaintiffs state law claims.

**Paragraph 24:** This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, Speaker Stumbo denies same. Speaker Stumbo affirmatively states that the Plaintiffs have failed to state a "substantial claim" to warrant the convening of a three-judge court under 28 U.S.C. §2282.

**Paragraph 25:** Speaker Stumbo denies that the Plaintiffs have properly established venue in this district.

**Paragraph 26:** Speaker Stumbo denies that the Plaintiffs have properly established venue in this district.

**Paragraph 27:** The allegations of Paragraph 27 are admitted.

**Paragraph 28:** Speaker Stumbo is without sufficient information to admit or deny the allegations of Paragraph 28 and same are therefore denied.

**Paragraph 29:** The allegations of Paragraph 29 are admitted.

**Paragraph 30:** This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, Speaker Stumbo denies same.

**Paragraph 31:** This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, Speaker Stumbo denies same.

**Paragraph 32:** The documents referred to in this paragraph speak for themselves and do not require an answer; however, to the extent an answer is deemed to be required, Speaker Stumbo denies that the Plaintiffs' documents accurately reflect some or all of the deviations in districts as alleged, or it requires a legal conclusion that does not require an answer.

**Paragraph 33:** This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, Speaker Stumbo denies same.

**Paragraph 34:** This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, Speaker Stumbo denies same.

**Paragraph 35:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 35; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 36:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 36; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 37:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 37; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied

**Paragraph 38:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 38; however, to the extent an answer may be required,

Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied

**Paragraph 39:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 39; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied

**Paragraph 40:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 40; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied

**Paragraph 41:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 41; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied

**Paragraph 42:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 42; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied

**Paragraph 43:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 43; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 44:** To the extent that the paragraph calls for a legal conclusion, the allegations are expressly denied. Speaker Stumbo admits the allegations in this paragraph that the General Assembly passed 2012 Regular Session House Bill 1 in January, 2012 that split 28 counties and 246 precincts in the House plan; however, the remaining allegations in this paragraph are denied.

**Paragraph 45:** Speaker Stumbo admits the allegation in this paragraph that suit was brought in the Franklin Circuit Court; however the remaining allegations call for a legal conclusion as to the ruling and its effect and are thus expressly denied.

**Paragraph 46:** Speaker Stumbo admits the allegations in this paragraph to the extent the allegations state that the Kentucky Supreme Court issued a full opinion on April 26, 2012; however, Speaker Stumbo affirmatively states that the date of the Kentucky Supreme Court's order was February 24, 2012, 2012 WL 952983 (Order of Kentucky Supreme Court, 2012-SC-091, 2012-SC-092). To the extent that the allegations in this paragraph call for a legal conclusion as to the order, the opinion, and their legal effect, those allegations are expressly denied.

**Paragraph 47:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 47; however, to the extent an answer may be required,

Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 48:** Speaker Stumbo admits the allegations in this paragraph to the extent the allegations state that the Senate did not pass redistricting legislation during the 2013 Regular Session; however, Speaker Stumbo affirmatively states that the House of Representatives passed a bill containing a redistricting plan of the House districts. See: Attachment 1A, "*An Act Relating to Redistricting*" as passed by the House.

Speaker Stumbo further avers that he is mindful of the historic prerogative of each Legislative body to draw its own boundaries, but herewith submits to this Honorable Court a possible Senate redistricting map based upon population data identical to that used by the House. (See: Attachment 2, appended hereto.) This map is based on data as evidenced by Attachment 2A, Senate Population Map; Attachment 2B, District and Incumbent Report and Attachment 2C, Senate Plan Population Report.

Speaker Stumbo further avers that this represents a Constitutional redistricting plan which pairs no incumbent Senators whatsoever. Upon information and belief, it is averred that the Senate cannot draw a map in conformity with "one person, one vote" protections using earlier population figures unless at least four (4) incumbent Senators are paired to run against each other, two (2) of whom are members of the majority party. For this reason, there should be no dispute as to the appropriate population data.

This plan is provided to the Senate and this Honorable Court simply as a proof of concept, to show that no impediment exists to drawing a valid map at this time. It is hoped that this produces a strong incentive for the Senate to track the House population data and promptly resolve this unnecessary litigation.

**Paragraph 49:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 49; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied. Further, the allegation that a "proposed" House plan fails to count "prisoners" and is in violation of the Kentucky and United States constitutions is specifically denied. This answering Defendant avers that a House plan was not merely proposed, but was actually passed by the House. (See: Attachment 1A hereto.) This plan does utilize census data which excludes federal prisoners, of whom 91% are not Kentucky residents. See: Attachment 1B House Plan Population Summary. The decision as to whether to count such prisoners has been held by the United States Supreme Court to be exclusively a determination reserved to the state redistricting authority, (here the Kentucky House of Representatives.) See: *Burns v. Richardson*, 384 US 73, 92 (1966).

**Paragraph 50:** Speaker Stumbo admits the allegation in this paragraph that the 2014 Regular Session will begin on the first Tuesday after the first Monday in January, 2014; however, Speaker Stumbo denies the remaining allegation in this paragraph.

**Paragraph 51:** The allegations of Paragraph 51 are admitted.

**Paragraph 52:** The allegations of Paragraph 52 are denied.

**Paragraph 53:** The allegations of Paragraph 53 are denied.

**Paragraph 54:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 54; however, to the extent an answer may be required,

Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 55:** The allegations of Paragraph 55 are denied.

**Paragraph 56:** The allegations of Paragraph 56 are denied.

**Paragraph 57:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 57; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 58:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 58; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 59:** This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, Speaker Stumbo's prior answers thereto are incorporated and restated as if fully set forth herein.

**Paragraph 60:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, Speaker Stumbo denies same.

**Paragraph 61:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those

allegations as contained in Paragraph 61; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 62:** The allegations in Paragraph 62 are denied.

**Paragraph 63:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 63; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 64:** The allegations in the first sentence of this paragraph are specifically denied. The remaining allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, Speaker Stumbo denies same.

**Paragraph 65:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 65; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 66:** Speaker Stumbo is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations as contained in Paragraph 66; however, to the extent an answer may be required, Speaker Stumbo denies same. Similarly, to the extent the paragraph calls for a legal conclusion, the assertions contained therein are denied.

**Paragraph 67:** This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, Speaker Stumbo's prior answers thereto are incorporated and restated as if fully set forth herein.

**Paragraph 68:** Admit.

**Paragraph 69:** Admit.

**Paragraph 70:** Admit.

**Paragraph 71:** The allegations in Paragraph 71 are denied.

**Paragraph 72:** The allegations in this paragraph state the Plaintiffs' claims to relief and legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, Speaker Stumbo denies same.

Plaintiffs' prayer for relief does not require a response, but to the extent an answer may be deemed necessary, Speaker Stumbo denies that Plaintiffs' are entitled to the requested relief or to any other relief whatsoever.

**DEFENDANT'S AFFIRMATIVE DEFENSES:**

FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations to the causes of action stated in Plaintiffs' Complaint.

SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of collateral estoppel, waiver, res judicata or issue preclusion.

THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

FOURTH DEFENSE

Plaintiffs' Complaint fails to establish subject matter jurisdiction in this Court because the Plaintiffs lack standing, as they have not alleged an injury in fact, and because the Plaintiffs' claims are insubstantial, are not ripe, and do not amount to an Article III "Case or Controversy."

FIFTH DEFENSE

Plaintiffs' claims are also barred in whole or in part because they are moot.

SIXTH DEFENSE

Plaintiffs' Complaint is fatally defective because necessary parties have not been made part of this action. Speaker Stumbo affirmatively states that the Plaintiffs have failed to properly bring the entire House of Representatives before this court.

SEVENTH DEFENSE

Plaintiffs' Complaint fails to state a claim under either 42 U.S.C. § 1983 or 42 U.S.C. § 1973.

EIGHTH DEFENSE

Plaintiffs' claims are barred by the *Rooker-Feldman* Doctrine and the *Noerr-Pennington* Doctrine.

NINTH DEFENSE

Plaintiffs' claims are barred by the 10th and 11th Amendments to the United States Constitution, and Sections 230 and 231 of the Kentucky Constitution.

TENTH DEFENSE

Plaintiffs' claims to attorney fees are barred because their underlying federal claims are barred as stated herein.

ELEVENTH DEFENSE

Plaintiffs' Complaint is fatally defective because necessary parties have not been made part of this action. Speaker Stumbo affirmatively states that the Plaintiffs have failed to properly bring the entire Senate before this court.

TWELFTH DEFENSE

Plaintiffs have failed to include a statement of residence under LR 8.1 and for this reason the claims asserted in the Complaint are not properly before the Court and cannot be supported.

THIRTEENTH DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

FOURTEENTH DEFENSE

Plaintiffs' claims are barred by illegality, as they do not comport with applicable law.

WHEREFORE, Defendant Stumbo demands an Order Dismissing the Complaint in its entirety. In the alternative, Speaker Stumbo requests the following relief:

1. Dismissal of the action to the extent that claims for relief are not properly before this Court;
2. Denial of Plaintiffs' right to demand injunctive or declaratory relief;
3. An award of his costs and attorney fees in defending against the improper action;

4. Request that this Honorable Court hold the matter in abeyance so as to allow the House and/or Senate to institute summary proceedings in the state court having primary authority to oversee and review redistricting implementation.
5. Any and all other relief to which this Court finds him entitled.

Respectfully submitted,

/s/ Anna Stewart Whites______
**ANNA STEWART WHITES**
600 E. Main Street
Frankfort KY 40601
(502) 352-2373/FAX 352-6860
AnnaWhites@aol.com

**PIERCE WHITES**
Office of the Speaker
Capitol Building, Rm. 309
Frankfort KY 40601
(502) 564-3366
pierce.whites@LRC.KY.GOV

**CERTIFICATE OF SERVICE**

I hereby certify that on May, 20th 2013, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Anna Stewart Whites___