UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN**, *et al.* | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| **Plaintiffs** | : | CASE NO. 2:13-cv-00068 |
| | : | |
| **V.** | : | |
| | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **KENTUCKY**, *et al.* | : | |
| | : | |
| **Defendants** | : | |

## DEFENDANT, KENTUCKY LEGISLATIVE RESEARCH COMMISSION'S, ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, the Kentucky Legislative Research Commission ("LRC"), through its undersigned counsel, respectfully responds as follows to the Plaintiffs' Complaint in this case.

1. Paragraph 1. The allegations in the first two sentences of this paragraph are specifically denied. The third sentence of this paragraph states Plaintiffs' claims and those statements speak for themselves and do not require a response; however, to the extent an answer may be required, the Plaintiffs' right to their requested relief is specifically denied.

2. Paragraph 2. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

3. Paragraph 3. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot

admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

4. Paragraph 4. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

5. Paragraph 5. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

6. Paragraph 6. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

7. Paragraph 7. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

8. Paragraph 8. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

9. Paragraph 9. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

10. Paragraph 10. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

11. Paragraph 11. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

12. Paragraph 12. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

13. Paragraph 13. The LRC is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

14. Paragraph 14. Admit. Plaintiffs have failed to include a statement of residence under LR 8.1.

15. Paragraph 15.    Admit.  Plaintiffs have failed to include a statement of residence under LR 8.1.

16. Paragraph 16.    Admit, with the exception that it does not admit to any legal conclusions relating to KRS 5.005. Plaintiffs have failed to include a statement of residence under LR 8.1.

17. Paragraph 17.    The LRC admits the allegations of this paragraph that assert that Defendant, Greg Stumbo, is currently the duly elected Speaker of the House of Representatives, but denies that that defendant has sole control of the business of the Kentucky House of Representatives, as the House of Representatives is comprised of 100 constitutionally elected members and acts only as a body.  Further, the LRC affirmatively states that the Plaintiffs have failed to properly bring the entire House of Representatives before this court. Plaintiffs have failed to include a statement of residence under LR 8.1.

18. Paragraph 18.    The LRC admits the allegations in this paragraph that assert that Defendant, Robert Stivers, is currently the duly elected President of the Senate, but denies that that defendant has sole control of the business of the Kentucky Senate, as the Senate is comprised of 38 constitutionally elected members and acts only as a body.  Further, the LRC affirmatively states that the Plaintiffs have failed to properly bring the entire Senate before this court.  Plaintiffs have failed to include a statement of residence under LR 8.1.

19. Paragraph 19.    Admit.  Plaintiffs have failed to include a statement of residence under LR 8.1.

20. Paragraph 20.    Admit.  Plaintiffs have failed to include a statement of residence under LR 8.1.

21. Paragraph 21.    Admit. Plaintiffs have failed to include a statement of residence under LR 8.1.

22. Paragraph 22.    The LRC denies that the Plaintiffs have properly asserted allegations giving this court subject matter jurisdiction over the Plaintiffs federal law claims, and affirmatively states that they have failed to state a claim.

23. Paragraph 23.    The LRC denies that the Plaintiffs have properly asserted allegations giving this court subject matter jurisdiction over the Plaintiffs state law claims, and affirmatively states that they have failed to state a claim.

24. Paragraph 24.    This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the LRC denies same. The LRC affirmatively states that the Plaintiffs have failed to state a "substantial claim" to warrant the convening of a three-judge court under 28 U.S.C. §2282.

25. Paragraph 25.    The LRC denies that the Plaintiffs have properly established venue in this district.

26. Paragraph 26.    The LRC denies that the Plaintiffs have properly established venue in this division of this district and denies that any deprivations of constitutional rights took place or will take place.

27. Paragraph 27.    This paragraph states a legal conclusion and does not require an answer.

28. Paragraph 28.    This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the LRC denies same.

29. Paragraph 29.    Admit.

30. Paragraph 30.    This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the LRC denies same.

31. Paragraph 31.    This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the LRC denies same.

32. Paragraph 32.    The documents referred to in this paragraph speak for themselves and do not require an answer; however, to the extent an answer is deemed to be required, the LRC denies that the Plaintiffs' documents accurately reflect some or all of the deviations in districts as alleged, or it requires a legal conclusion that does not require an answer.

33. Paragraph 33.    This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the LRC denies same.

34. Paragraph 34.    This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the LRC denies same.

35. Paragraph 35.    The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

36. Paragraph 36.   The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

37. Paragraph 37.   The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

38. Paragraph 38.  The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

39. Paragraph 39.  The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

40. Paragraph 40.  The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

41. Paragraph 41.  The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

42. Paragraph 42.  The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

43. Paragraph 43.  The LRC is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those

allegations; however, to the extent an answer may be required, the LRC denies same, and the paragraph calls for a legal conclusion.

44. Paragraph 44.     The LRC admits the allegations in this paragraph that the General Assembly passed 2012 Regular Session House Bill 1 in January, 2012 that split 28 counties and 246 precincts in the House plan; however, the remaining allegations in this paragraph are denied, and the paragraph calls for a legal conclusion.

45. Paragraph 45.     The LRC admits the allegation in this paragraph that suit was brought in the Franklin Circuit Court; however the remaining allegations call for a legal conclusion as to the ruling and its effect.

46. Paragraph 46.     The LRC admits the allegations in this paragraph to the extent the allegations state that the Kentucky Supreme Court issued a full opinion on April 26, 2012; however, the LRC affirmatively states that the date of the Kentucky Supreme Court's order was February 24, 2012, 2012 WL 952983 (Order of Kentucky Supreme Court, 2012-SC-091, 2012-SC-092). The paragraph calls for a legal conclusion as to the order, the opinion, and their legal effect.

47. Paragraph 47.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

48. Paragraph 48.     This paragraph states a legal conclusion and does not require an answer.

49. Paragraph 49.     This paragraph states a legal conclusion and does not require an answer.

50. Paragraph 50.     The LRC admits the allegation in this paragraph that the 2014 Regular Session will begin on the first Tuesday after the first Monday in January, 2014; however, the LRC denies the remaining allegation in this paragraph.

51. Paragraph 51.    Admit.

52. Paragraph 52.    Denied.

53. Paragraph 53.    Denied.

54. Paragraph 54.    The LRC admits the allegations in the first sentence of this paragraph. The rest of the allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

55. Paragraph 55.    Denied.

56. Paragraph 56.    Denied.

57. Paragraph 57.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

58. Paragraph 58.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

59. Paragraph 59.    This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the LRC's prior answers thereto are incorporated and restated as if fully set forth herein.

60. Paragraph 60.    The LRC is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the LRC denies same.

61. Paragraph 61.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

62. Paragraph 62.    Denied.

63. Paragraph 63.    The allegations in this paragraph state legal conclusions and do not require an answer.

64. Paragraph 64.    The allegations in the first sentence of this paragraph are specifically denied. The remaining allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

65. Paragraph 65.    The allegations in this paragraph state the Plaintiffs' claims to relief and legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

66. Paragraph 66.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

67. Paragraph 67.    This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the LRC's prior answers thereto are incorporated and restated as if fully set forth herein.

68. Paragraph 68.    The allegations in this paragraph state legal conclusions and do not require an answer.

69. Paragraph 69.    The allegations in this paragraph state legal conclusions and do not require an answer.

70. Paragraph 70.     The allegations in this paragraph state legal conclusions and do not require an answer.

71. Paragraph 71.     Denied.

72. Paragraph 72.     The allegations in this paragraph state the Plaintiffs' claims to relief and legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the LRC denies same.

Plaintiffs' prayer for relief does not require a response, but to the extent an answer may be deemed necessary, the LRC DENIES that Plaintiffs' are entitled to the requested relief or to any other relief whatsoever.

## DEFENDANT LRC'S AFFIRMATIVE DEFENSES:

### FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations to the causes of action stated in Plaintiffs' Complaint.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by laches.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by res judicata and collateral estoppel.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### SIXTH DEFENSE

Plaintiffs' Complaint fails to establish subject matter jurisdiction in this Court because the Plaintiffs lack standing, as they have not alleged an injury in fact, and because the Plaintiffs' claims are insubstantial, are not ripe, and do not amount to an Article III "Case or Controversy." Plaintiffs' claims are also barred in whole or in part because they are moot.

### SEVENTH DEFENSE

Plaintiffs' Complaint fails to state a claim under either 42 U.S.C. § 1983 or 42 U.S.C. § 1973, the Equal Protection Clause, or any other legal theory, upon which relief may be granted.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the *Rooker-Feldman* Doctrine and the *Noerr-Pennington* Doctrine.

### NINTH DEFENSE

Plaintiffs' claims are barred by the 10th and 11th Amendments to the United States Constitution, and Sections 230 and 231 of the Kentucky Constitution.

### TENTH DEFENSE

Plaintiffs' claims to attorney fees are barred because their underlying federal claims are barred as stated herein.

### ELEVENTH DEFENSE

Plaintiffs' claims against this answering Defendant, Kentucky Legislative Research Commission, are barred by federal common law legislative immunity and privilege, and Section 43 of the Kentucky Constitution.

Respectfully submitted:


s/Laura H. Hendrix_____
Laura H. Hendrix
General Counsel
Legislative Research Commission
State Capitol, Room 104
Frankfort, Kentucky 40601
Telephone: (502) 564-8100
Fax: (502) 564-6543
Email: Laura.Hendrix@lrc.ky.gov
Attorney for Legislative Research Commission


**CERTIFICATE OF SERVICE**


I hereby certify that on May 20, 2013, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.


s/Laura H. Hendrix_____
Laura H. Hendrix