UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL

| | |
|---|---|
| KENNY BROWN, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | *ELECTRONICALLY FILED* |
| v. ) | |
| ) | |
| THE COMMONWEALTH OF ) | Civil Action No. 2:13-cv-00068-WOB-JGW |
| KENTUCKY, et al., ) | |
| ) | |
| Defendants ) | |

Defendants Alison Lundergan Grimes[1], in her official capacity as Secretary of State of the Commonwealth of Kentucky, and The Kentucky State Board of Elections, by counsel, respectfully submit the following Answer and Affirmative Defenses to Plaintiffs Kenny Brown, Steve Arlinghaus, Cathy Flaig, Brett Gaspard, Terry Donoghue, Lawrence Robinson, Kenneth Moellman, Garth Kuhnhein, Timothy J. Jones, Brandon Voelker and Garry Moore's Complaint in the above-styled action:

**ANSWER**

1. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 1 of the Complaint and therefore deny same. To the extent they constitute a summary of the action and legal conclusions, the allegations contained in numerical paragraph 1 of the Complaint require no response. These Defendants further state that the Constitutional provisions, statutes and judicial decisions identified in numerical paragraph 1 of the Complaint constitute the best evidence of their

---

[1] Defendant Alison Lundergan Grimes' name is misspelled in the Complaint.

contents and deny any allegations inconsistent therewith. These Defendants specifically deny that they have deprived Plaintiffs of any constitutional rights and liability for any such deprivation.

2. In response to the factual allegations contained in numerical paragraph 2 of the Complaint, these Defendants admit that Plaintiff Kenny Brown currently serves as the Boone County Clerk. These Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in numerical paragraph 2 of the Complaint and therefore deny same.

3. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 3-12 of the Complaint and therefore deny same.

4. In response to the factual allegations contained in numerical paragraph 13 of the Complaint, these Defendants admit that Plaintiff Garry Moore currently serves as the Boone County Judge/Executive. These Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in numerical paragraph 13 of the Complaint and therefore deny same.

5. These Defendants admit the allegations contained in numerical paragraph 14 of the Complaint.

6. In response to the factual allegations contained in numerical paragraph 15 of the Complaint, these Defendants admit that Defendant Steve Beshear currently serves as the Governor of the Commonwealth of Kentucky. The remaining allegations contained in numerical paragraph 15 of the Complaint constitute legal conclusions to which no response is required. These Defendants further state that the Constitutional provisions identified in numerical

paragraph 15 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

7. In response to the factual allegations contained in numerical paragraph 16 of the Complaint, these Defendants admit that Defendant Alison Lundergan Grimes currently serves as Kentucky's Secretary of State and Chief Election Official. The remaining allegations contained in numerical paragraph 16 of the Complaint constitute legal conclusions to which no response is required. These Defendants further state that KRS 5.005 constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

8. In response to the factual allegations contained in numerical paragraph 17 of the Complaint, these Defendants admit that Defendant Greg Stumbo currently serves as Speaker of the Kentucky House of Representatives. The remaining allegations contained in numerical paragraph 17 of the Complaint constitute legal conclusions to which no response is required.

9. In response to the factual allegations contained in numerical paragraph 18 of the Complaint, these Defendants admit that Defendant Robert Stivers currently serves as President of the Kentucky Senate. The remaining allegations contained in numerical paragraph 18 of the Complaint constitute legal conclusions to which no response is required.

10. In response to the factual allegations contained in numerical paragraph 19 of the Complaint, these Defendants admit that the Kentucky State Board of Elections administers election laws in Kentucky. The remaining allegations contained in numerical paragraph 19 of the Complaint constitute legal conclusions to which no response is required.

11. The allegations contained in numerical paragraph 20 of the Complaint constitute legal conclusions to which no response is required.

12. In response to the factual allegations contained in numerical paragraph 21 of the Complaint, these Defendants admit that Jack Conway currently serves as Attorney General of Kentucky. The remaining allegations contained in numerical paragraph 21 of the Complaint constitute legal conclusions to which no response is required. These Defendants further state that the statutes identified in numerical paragraph 21 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

13. The allegations contained in numerical paragraphs 22 and 23 of the Complaint constitute legal conclusions to which no response is required. These Defendants further state that the statutes identified in numerical paragraphs 22 and 23 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

14. In response to the allegations contained in numerical paragraph 24 of the Complaint, these Defendants state that 28 U.S.C. § 2282(a) is the best evidence of its contents and deny any allegations inconsistent therewith. Defendants specifically deny that 28 U.S.C. § 2282(a) provides that a three-judge panel must be appointed to hear this matter.

15. The allegations contained in numerical paragraph 25 of the Complaint constitute legal conclusions to which no response is required. These Defendants further state that 28 U.S.C. § 1391 and the other laws identified in numerical paragraph 25 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

16. The allegations contained in numerical paragraph 26 of the Complaint constitute legal conclusions to which no response is required. These Defendants specifically deny that they have deprived or threatened to deprive Plaintiffs of any constitutional rights.

17. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraphs 27 and 28 of the Complaint and therefore deny same.

18. These Defendants admit the factual allegations contained in numerical paragraph 29 of the Complaint.

19. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 30 of the Complaint and therefore deny same.

20. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 31 of the Complaint and therefore deny same. These Defendants affirmatively state that the Kentucky House and Senate Districts in effect for the 2012 Primary and General Elections were established in 2002.

21. These Defendants are without sufficient knowledge or information to admit or deny whether Exhibits A and B attached to the Complaint are true and accurate copies of the Kentucky House and Senate 2010 census populations and therefore deny the factual allegations contained in numerical paragraph 32 of the Complaint.

22. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraphs 33-43 and therefore deny same.

23. In response to the factual allegations contained in numerical paragraph 44 of the Complaint, these Defendants admit that the Kentucky General Assembly passed HB1 in its 2012 regular session and that on January 20, 2012, Kentucky Governor Steve Beshear signed HB1 into law. These Defendants are without sufficient knowledge or information to admit or deny the remaining factual allegations contained in numerical paragraph 44 and therefore deny same. To

the extent they constitute legal conclusions, the allegations contained in numerical paragraph 44 require no response.

24. The judicial decisions identified in numerical paragraphs 45 and 46 of the Complaint constitute the best evidence of their contents, and these Defendants deny any allegations inconsistent therewith.

25. The judicial decisions identified in numerical paragraph 47 of the Complaint constitute the best evidence of their contents, and these Defendants deny any allegations inconsistent therewith. These Defendants specifically deny any liability to Plaintiffs for the damages alleged in numerical paragraph 47 of the Complaint.

26. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 48 of the Complaint and therefore deny same. These Defendants affirmatively state that the Kentucky House and Senate Districts currently in effect were established in 2002, and the Congressional Districts currently in effect were established in 2012.

27. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 49 of the Complaint and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 49 of the Complaint require no response. These Defendants further state that the United States and Kentucky Constitutions constitute the best evidence of their contents and deny any allegations inconsistent therewith.

28. In response to the allegations contained in numerical paragraph 50 of the Complaint, these Defendants state that Kentucky Constitution § 36 constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

29.     In response to the factual allegations contained in numerical paragraph 51 of the Complaint, these Defendants admit that the deadline for political party candidates for a state legislative office regularly scheduled to appear on the ballot in 2014 to file to appear on the ballot in the May 2014 primary election is 4:00 p.m., EST, on January 28, 2014. These Defendants further state that the statutes identified in numerical paragraph 51 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

30.     These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 52 of the Complaint and therefore deny same.

31.     In response to the factual allegations contained in numerical paragraph 53 of the Complaint, these Defendants state that the statutes identified in numerical paragraph 53 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith. Specifically, these Defendants deny that the earliest date on which a candidate may file for a legislative office regularly scheduled to appear on the ballot in Kentucky in 2014 is November 16, 2013, and affirmatively state that the earliest date on which a candidate may file for a legislative office regularly scheduled to appear on the ballot in Kentucky in 2014 is November 6, 2013.

32.     In response to the factual allegations contained in numerical paragraph 54 of the Complaint, these Defendants admit that the 2014 General Election is scheduled for November 4, 2014. These Defendants are without sufficient knowledge or information to admit or deny the remaining factual allegations contained in numerical paragraph 54 of the Complaint and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 54 of the Complaint require no response. These Defendants further state in

response to the allegations contained in numerical paragraph 54 of the Complaint that the Constitutional provision identified in numerical paragraph 54 of the Complaint constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

33. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraphs 55-58 of the Complaint and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in numerical paragraphs 55-58 of the Complaint require no response.

34. In response to numerical paragraph 59 of the Complaint, these Defendants incorporate by reference as if fully set forth herein their responses to numerical paragraphs 1-58 of the Complaint.

35. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 60 of the Complaint and therefore deny same.

36. The allegations contained in numerical paragraph 61 of the Complaint constitute legal conclusions to which no response is required. These Defendants further state that the United States Constitution and statutes referenced in numerical paragraph 61 of the Complaint constitute the best evidence of their contents and deny any averments inconsistent therewith.

37. These Defendants deny the factual allegations contained in numerical paragraph 62 of the Complaint. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 62 of the Complaint require no response. These Defendants further state that the statutes identified in numerical paragraph 62 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

38. In response to numerical paragraph 63 of the Complaint, these Defendants state that the Fourteenth Amendment to the United States Constitution constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

39. These Defendants deny the factual allegations contained in numerical paragraph 64 of the Complaint. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 64 of the Complaint require no response. These Defendants further state that the judicial decisions identified in numerical paragraph 64 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

40. These Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 65 of the Complaint and therefore deny same. To the extent the allegations contained in numerical paragraph 65 of the Complaint constitute a prayer for relief, they require no response.

41. The allegations contained in numerical paragraph 66 of the Complaint constitute legal conclusions requiring no response. These Defendants specifically deny that they have deprived Plaintiffs of any constitutional rights.

42. In response to numerical paragraph 67 of the Complaint, these Defendants incorporate by reference as if fully set forth herein their responses to numerical paragraphs 1-66 of the Complaint.

43. In response to the allegations contained in numerical paragraphs 68-70 of the Complaint, these Defendants state that the Constitutional provisions identified in numerical paragraphs 68-70 of the Complaint constitute the best evidence of its contents and deny any allegations inconsistent therewith.

44. These Defendants deny the factual allegations contained in numerical paragraph 71 of the Complaint. To the extent the allegations contained in numerical paragraph 71 of the Complaint constitute legal conclusions, they require no response.

45. The allegations contained in numerical paragraph 72 of the Complaint constitute a prayer for relief requiring no response.

46. Any allegation not expressly admitted herein is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim against these Defendants upon which relief may be granted and therefore must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because they are non-justiciable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because they are moot.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel and/or the *Rooker-Feldman* doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because they are not ripe.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs lack standing to bring their claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to lack of personal and/or subject-matter jurisdiction, and/or improper venue.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by failure to join an indispensable party.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or other affirmative defenses set forth in Federal Rule of Civil Procedure 8(c).

These Defendants reserve the right to amend their Answer and assert additional defenses subject to what discovery may reveal.

WHEREFORE, Defendants Alison Lundergan Grimes, in her official capacity as Secretary of State of the Commonwealth of Kentucky, and the Kentucky State Board of Elections, by counsel, respectfully request the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment on all counts in favor of these Defendants;

3. Award these Defendants all costs incurred in this litigation, including reasonable attorney's fees; and

4. Award these Defendants all other legal, equitable, or declaratory relief to which they may be entitled.

Respectfully Submitted,

/s/ Lynn Sowards Zellen_____
Lynn Sowards Zellen
Noel E. Caldwell
Office of the Secretary of State
700 Capital Ave., Ste. 152
Frankfort, KY 40601
(502) 782-7407
lynn.zellen@ky.gov
*Counsel for Defendants Alison Lundergan Grimes, in her official capacity as Secretary of State of the Commonwealth of Kentucky, and the Kentucky State Board of Elections*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed this 20th day of May, 2013. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system. All other parties will be served via hand delivery or U.S. Mail.

/s/ Lynn Sowards Zellen_____
Lynn Sowards Zellen