# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN**, *et al.* | : | **ELECTRONICALLY FILED** |
| **Plaintiffs** | : | **CASE NO. 2:13-cv-00068** |
| **V.** | : | |
| **COMMONWEALTH OF KENTUCKY**, *et al.* | : | |
| **Defendants** | : | |

## DEFENDANT STEVE BESHEAR, GOVERNOR OF KENTUCKY'S, ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Steve Beshear, Governor of Kentucky ("Governor"), through his undersigned counsel, respectfully responds as follows to the Plaintiffs' Complaint in this case.

1. Paragraph 1.   The allegations in the first two sentences of this paragraph are specifically denied.  The third sentence of this paragraph states Plaintiffs' claims and those statements speak for themselves and do not require a response; however, to the extent an answer may be required, the Plaintiffs' right to their requested relief is specifically denied.

2. Paragraph 2.   The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.  To the extent an answer may be required, the Governor denies same.

3. Paragraph 3.   The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore

1

cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

4. Paragraph 4. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

5. Paragraph 5. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

6. Paragraph 6. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

7. Paragraph 7. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

8. Paragraph 8. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

9. Paragraph 9. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

10. Paragraph 10. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

11. Paragraph 11. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

12. Paragraph 12. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

13. Paragraph 13. The Governor is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

14. Paragraph 14. Admit.

15. Paragraph 15.   Admit. The Governor has authority to call a special legislative session and veto legislation, but he has no authority to pass legislation, as this is the province of the Kentucky Legislature.

16. Paragraph 16.   Admit, with the exception that he does not admit to any legal conclusions relating to KRS 5.005.

17. Paragraph 17.   The Governor admits the allegations of this paragraph that assert that Defendant, Greg Stumbo, is currently the duly elected Speaker of the House of Representatives. The rest of the paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the Governor denies same.

18. Paragraph 18.   The Governor admits the allegations in this paragraph that assert that Defendant, Robert Stivers, is currently the duly elected President of the Senate. The rest of the paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the Governor denies same.

19. Paragraph 19.   Admit.

20. Paragraph 20.   Admit.

21. Paragraph 21.   The Governor admits that Jack Conway is the Attorney General of Kentucky. The rest of the paragraph states a legal conclusion and does not require an answer.

22. Paragraph 22.   The Governor denies that the Plaintiffs have properly asserted allegations giving this court subject matter jurisdiction over the Plaintiffs' federal law claims, and affirmatively states that they have failed to state a claim.

23. Paragraph 23.     The Governor denies that the Plaintiffs have properly asserted allegations giving this court subject matter jurisdiction over the Plaintiffs' state law claims, and affirmatively states that they have failed to state a claim.

24. Paragraph 24.     This paragraph states a legal conclusion and does not require an answer; however, to the extent an answer is deemed to be required, the Governor denies same. The Governor affirmatively states that the Plaintiffs have failed to state a "substantial claim" to warrant the convening of a three-judge court under 28 U.S.C. §2282.

25. Paragraph 25.     The Governor denies that the Plaintiffs have properly established venue in this district.

26. Paragraph 26.     The Governor denies that the Plaintiffs have properly established venue in this division of this district and denies that any deprivations of constitutional rights took place or will take place.

27. Paragraph 27.     Admit.

28. Paragraph 28.     This paragraph states a legal conclusion and does not require an answer.

29. Paragraph 29.     Admit.

30. Paragraph 30.     This paragraph states a legal conclusion and does not require an answer.

31. Paragraph 31.     This paragraph states a legal conclusion and does not require an answer.

32. Paragraph 32.     The documents referred to in this paragraph speak for themselves and do not require an answer.

33. Paragraph 33.     This paragraph states a legal conclusion and does not require an answer.

34. Paragraph 34.     This paragraph states a legal conclusion and does not require an answer.

35. Paragraph 35.     The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny

those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

36. Paragraph 36.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

37. Paragraph 37.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

38. Paragraph 38.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

39. Paragraph 39.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

40. Paragraph 40.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

41. Paragraph 41.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

42. Paragraph 42.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

43. Paragraph 43.  The Governor is without knowledge or information sufficient to form a belief as to the truth of any the Plaintiffs' allegations and therefore cannot admit or deny those allegations; however, to the extent an answer may be required, the Governor denies same, and the paragraph calls for a legal conclusion.

44. Paragraph 44.     The Governor admits the allegations in this paragraph that the General Assembly passed 2012 Regular Session House Bill 1 in January, 2012 that split 28 counties and 246 precincts in the House plan; however, the remaining allegations in this paragraph are denied, and the paragraph calls for a legal conclusion.

45. Paragraph 45.     The Governor admits the allegation in this paragraph that suit was brought in the Franklin Circuit Court; however the remaining allegations call for a legal conclusion as to the ruling and its effect.

46. Paragraph 46.     The Governor admits the allegations in this paragraph to the extent the allegations state that the Kentucky Supreme Court issued a full opinion on April 26, 2012; however, the Governor affirmatively states that the date of the Kentucky Supreme Court's order was February 24, 2012, 2012 WL 952983 (Order of Kentucky Supreme Court, 2012-

SC-091, 2012-SC-092). The paragraph calls for a legal conclusion as to the order, the opinion, and their legal effect.

47. Paragraph 47.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

48. Paragraph 48.    The Governor admits the allegations in this paragraph to the extent the allegations state that both chambers of the General Assembly did not pass redistricting legislation during the 2013 Regular Session..

49. Paragraph 49.    The Governor admits the allegations in the first sentence of this paragraph. The second sentence of this paragraph states a legal conclusion and does not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

50. Paragraph 50.    The Governor admits the allegation in this paragraph that the 2014 Regular Session will begin on the first Tuesday after the first Monday in January, 2014; however, the Governor denies the remaining allegation in this paragraph.

51. Paragraph 51.    Admit.

52. Paragraph 52.    Denied.

53. Paragraph 53.    Denied.

54. Paragraph 54.    The Governor admits the allegations in the first sentence of this paragraph. The rest of the allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

55. Paragraph 55.    Denied.

56. Paragraph 56.     Denied.

57. Paragraph 57.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

58. Paragraph 58.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

59. Paragraph 59.     This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the Governor's prior answers thereto are incorporated and restated as if fully set forth herein.

60. Paragraph 60.     The Governor is without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, the Governor denies same.

61. Paragraph 61.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

62. Paragraph 62.     Denied.

63. Paragraph 63.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

64. Paragraph 64.     The allegations in the first sentence of this paragraph are specifically denied. The remaining allegations in this paragraph state legal conclusions and do not

require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

65. Paragraph 65. The allegations in this paragraph state the Plaintiffs' claims to relief and legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

66. Paragraph 66. The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

67. Paragraph 67. This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the Governor's prior answers thereto are incorporated and restated as if fully set forth herein.

68. Paragraph 68. Admit.

69. Paragraph 69. Admit.

70. Paragraph 70. Admit.

71. Paragraph 71. Denied.

72. Paragraph 72. The allegations in this paragraph state the Plaintiffs' claims to relief and legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Governor denies same.

Plaintiffs' prayer for relief does not require a response, but to the extent an answer may be deemed necessary, the Governor DENIES that Plaintiffs' are entitled to the requested relief or to any other relief whatsoever.

Any allegation of the Complaint not expressly admitted above is denied.

### FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by res judicata and collateral estoppel.

### THIRD DEFENSE

Plaintiffs' Complaint fails to establish subject matter jurisdiction in this Court because the Plaintiffs lack standing, as they have not alleged an injury in fact, and because the Plaintiffs' claims are insubstantial, are not ripe, and do not amount to an Article III "Case or Controversy." Plaintiffs' claims are also barred in whole or in part because they are moot.

### FOURTH DEFENSE

Plaintiffs' Complaint fails to state a claim under either 42 U.S.C. § 1983 or 42 U.S.C. § 1973.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the *Rooker-Feldman* Doctrine and the *Noerr-Pennington* Doctrine.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the 10th and 11th Amendments to the United States Constitution, and Sections 230 and 231 of the Kentucky Constitution.

### SEVENTH DEFENSE

Plaintiffs' claims to attorney fees are barred because their underlying federal claims are barred as stated herein.

### EIGHTH DEFENSE

Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted:

/s/ Clay A. Barkley
**Clay A. Barkley**
Assistant Attorney General
Office of the Attorney General
700 Capital Ave. Suite 118
Frankfort, KY 40601
502-696-5300
COUNSEL FOR GOVERNOR OF KENTUCKY

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2013, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                              s/ Clay A. Barkley_____
                              Clay A. Barkley