UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| KENNY BROWN, *et al.* | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| Plaintiffs | : | CASE NO. 2:13-cv-00068 |
| | : | |
| V. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF | : | |
| KENTUCKY, *et al.* | : | |
| | : | |
| Defendants | : | |

## DEFENDANT, GREG STUMBO, SPEAKER OF THE HOUSE OF REPRESENTATIVES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE

Comes the Defendant, Greg Stumbo, Speaker of the House of Representatives, (hereafter "Speaker Stumbo") by counsel, and hereby moves this Court to consolidate this action with a related case involving similar issues and vital state rights and duties.

### STATEMENT OF RELEVANT FACTS

This case involves a request that the federal court force the legislature to create and adopt a Constitutional redistricting plan. The Plaintiffs expressly requests that this Court "direct that the Defendants pass a Constitutional map…." *Complaint*, R. 1, para. 72; Request for Relief, para. D, asking that the Court "permit Defendants to submit and enact constitutional maps and legislative districts as soon as possible." Plaintiffs further specifically demand that this Court not take action to impose a map on the Commonwealth unless Defendants fail to pass a Constitutional map promptly. Id.

There is a pending action in the Eastern District of Kentucky, Central Division at Frankfort, 3:13-cv-00025-GFVT, *Hebert, et al. v. Kentucky State Board of Elections*, which relates to the above-captioned action and involves the same essential question regarding legislative redistricting. The same judge is presiding over both cases. That case asserts, at para. 1, that the Plaintiffs desire "fair legislative district maps…" The Hebert case claims that the legislature has failed to enact new legislative districts based upon the relevant data. *Hebert Complaint*, para. 24. The *Hebert Complaint* asks that the federal court "commence proceedings to adopt and implement new legislative redistricting plans" that comply with the law. Id., para. 40.

In the above-captioned action, similar relief is sought. The Plaintiffs in *Brown v. Commonwealth* ask that the Court ensure that new legislative maps are promptly drawn and enforced. That case provides a date certain by when that should be accomplished (November 4, 2013) and asks that the Court intervene if the legislature does not take action before that date.

## DISCUSSION OF LAW

Under Federal Rule of Civil Procedure 42, a court may consolidate two cases when common issues of fact or law are at issue. The two cases at issue involve the same basic question – whether the legislature can adopt a Constitutional map before the next general election, and the same essential demand, that the federal court involve itself in the redistricting if the legislature fails to enact a lawful map. This case has a voluminous record including constitutional maps and information showing that the legislature is actively involved in such an

2

endeavor and indicating that such a map will be adopted prior to November 4, 2013. The complaints raised in *Hebert* will be moot once such a map is adopted. It serves no purpose to allow the actions to continue separately, particularly where, as here, key parties (those being the state legislature) have not been made parties to the *Herbert* action.

A court deciding whether to consolidate actions must consider whether "the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993).

Judicial economy would best be served by consolidation. *Holley Performance Products v. Quick Fuel Tech.,* 624 F.Supp.2d 610, 615 (W.D. Ky., 2008); *Terra Int'l v. Miss. Chem. Corp.,* 119 F3d 688, 695 (8th Cir. 1997). "Claims form part of the same case or controversy when they `derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 209 (6th Cir. 2004). This court has discretion to determine whether judicial economy mandates its control over the related claims. *Levinson v. Mucker*, 289 F.Supp.2d 848, 855 (W.D. Ky., 2003).

In the absence of consolidation, a risk exists that inconsistent resolutions may be reached in the separate actions. As this Court is aware, different courts addressing the same issue may reach different conclusions, necessitating further action to clarify a final result. See: *Bradford v. Bracken County*, 767 F.Supp.2d 740 (E.D. Ky., 2011). Consolidating the actions and allowing all relevant facts and issues to be heard at once prevents such an occurrence.

3

For the foregoing reasons, Speaker Stumbo requests that the actions be consolidated and heard as one.

Respectfully submitted,

/s/  Anna Stewart Whites
**ANNA STEWART WHITES**
600 E. Main Street
Frankfort KY 40601
 (502) 352-2373/FAX 352-6860
AnnaWhites@aol.com

**PIERCE WHITES**
Office of the Speaker
Capitol Building, Rm. 309
Frankfort KY 40601
(502) 564-3366
pierce.whites@LRC.KY.GOV

## CERTIFICATE OF SERVICE

I hereby certify that on June, 7th 2013, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

s/Anna Stewart Whites

4