Eastern District of Kentucky
**F I L E D**

JUN 0 7 2013

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al., | ) ) ) ) ) | Civil No. 13-cv-68 DJB-GFVT-WOB |
| Plaintiffs, | ) ) | |
| V. | ) ) | **ORDER** |
| THE COMMONWEALTH OF KENTUCKY, et al., | ) ) ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before:  BOGGS, *Circuit Judge*; VAN TATENHOVE, *District Judge*; and BERTELSMAN, *Senior District Judge*.

The Plaintiffs,[1] registered voters who have voted in the past and plan to do so in the future, initiate this action claiming that the "one person one vote" requirement derived from the Fourteenth Amendment to the United States Constitution is violated by the current state legislative districts in Kentucky.  In short, the Plaintiffs claim that the 2010 Census revealed a dramatic population shift in certain areas in the Commonwealth, but that no new district lines have been successfully implemented for the purposes of officially recognizing those changes in state elections.  In fairness, the Kentucky General Assembly did attempt to enact new district lines in advance of the 2012 election, but those were struck down by the Kentucky Supreme

---

[1] Here, the Court references the Plaintiffs from the above styled case as well as its companion case, *Herbert v. Kentucky State Board of Elections*, 3:13-cv-25-GFVT. Though their claims have some distinctions, they are largely the same and are therefore are referenced collectively for the purposes of this Order.

1

Court. *Legislative Research Comm'n v. Fischer*, 366 S.W.3d 905 (Ky. 2012). As a result, the

2012 elections were carried out pursuant to the district lines drawn in 2002. *See* K.R.S. §§ 5.010,

*et seq.* The Plaintiffs maintain that these lines do not accurately reflect the rapid population

growth of their respective districts, thereby diluting their vote in a manner violative of federal

and state constitutional requirements.

Specifically, the Plaintiffs seek a declaratory judgment that the current House and Senate

legislative districts violate the United States and Kentucky Constitutions and permanent

injunctive relief barring the Defendants from certifying candidates or conducting elections using

the existing House and Senate Districts. The Plaintiffs also request that this Court draw or adopt

legislative district maps that comply with constitutional mandates. Finally, the parties seek

money damages for past constitutional violations and attorney's fees incurred in bringing this

action.

In addition to their substantive claims for relief, the Plaintiffs have requested that a Three

Judge Panel be appointed to hear this matter. Pursuant to 28 U.S.C. § 2284(a), "A district court

of three judges shall be convened...when an action is filed challenging the constitutionality of...

the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). After the proper

procedures were followed by the respective district courts, Judge Batchelder, Chief Judge of the

Sixth Circuit Court of Appeals, designated the Honorable Danny J. Boggs, United States Circuit

Judge for the Sixth Circuit Court of Appeals; the Honorable Gregory F. Van Tatenhove, United

States District Judge for the Eastern District of Kentucky; and the Honorable William O.

Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, to serve as

that Three Judge Panel. Now appointed, and consistent with the dictates of 28 U.S.C. § 2284(a),

2

the Three Judge Panel shall henceforth collectively consider and rule on each motion filed by the parties. *See Baldus v. Members of Wisc. Gov't Accountability Bd.*, 849 F. Supp. 2d 840 (E.D. Wis. 2012).

The content of the claims and number of presiding judges are not the only unique aspects of this case. The 2014 general election is scheduled to be held on November 4, 2014, and in order to be eligible to file for candidacy in the Kentucky General Assembly, a candidate must reside in the appropriate district for one year prior to the date of the election. As a result, in order for potential candidates to be fully and fairly apprised of their district of residence by that deadline, an expeditious resolution of this matter is necessary. Accordingly, it is hereby

**ORDERED** as follows:

(1)     Pursuant to Rule 16(b)(1)(B), the parties shall participate in a Scheduling Conference on **Friday, June 21, 2013**, at **1:00 p.m.** at the United States Courthouse in **Lexington, Kentucky**.

(2)     At this Conference the parties shall be prepared to address all matters related to the expedited scheduling of this case including the following:

(a)     The necessity of a trial resulting in findings of fact and conclusions of law by the Court with regard to the state and federal constitutionality of the 2002 legislative districts or the possibility of concessions with respect to those issues;

(b)     In the event that a trial is necessary, an expedited scheduling and discovery framework to govern the progression of such a trial; and

(c)     In the event that a trial is not necessary, the proper method of proceeding

3

consistent with the statutory framework invoked in this case. *See* 28 U.S.C. §

2284.

This 7th day of June, 2013.

BY THE COURT:

Gregory F. Van Tatenhove
U.S. District Judge

4