UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **KENNY BROWN,** *et al.,* | ) ) ) |
| Plaintiffs | ) Case No. 2:13-cv-00068-WOB-GFVT-DJB ) |
| v. | ) ) |
| **COMMONWEALTH OF KENTUCKY,** *et al.,* | ) ) ) |
| Defendants. | ) ) ) |

**ANSWER, COUNTERCLAIM AND CROSS-CLAIM
OF ROBERT STIVERS, IN HIS OFFICIAL CAPACITY
<u>AS PRESIDENT OF THE KENTUCKY SENATE</u>**

Defendant, Robert Stivers, in his official capacity as President of the Kentucky Senate (hereinafter "Senate President Stivers"), by and through counsel, responds to the complaint as follows:

**ANSWER OF SENATE PRESIDENT STIVERS**

**Response to Plaintiffs' Introduction**

1.  With regard to the allegations in paragraph 1 of the complaint, the allegations in the first two sentences of paragraph 1 are denied. The third sentence of paragraph one is a legal conclusion to which a response is not required. To the extent an answer is required and to avoid admission or waiver of same, the allegations are denied.

1

2. With regard to the allegations in paragraphs 2 - 13 of the complaint, Senate President Stivers is without knowledge or information sufficient to form a belief as to the truthfulness of the plaintiffs' allegations therein, and the same are therefore denied.

3. With regard to the allegations in paragraphs 14 - 15 of the complaint, the allegations therein are admitted.

4. With regard to the allegations in paragraph 16 of the complaint, the allegations relating to Ky. Rev. Stat. § 5.005 are legal conclusions to which a response is not required. To avoid admission or waiver, the same are hereby denied. The remaining allegations in paragraph 16 are admitted.

5. With regard to the allegations in paragraph 17 of the complaint, the allegation that defendant, Greg Stumbo, is currently the duly elected Speaker of the Kentucky House of Representatives is admitted. Senate President Stivers denies that defendant, Speaker Stumbo, has sole control of the business of the Kentucky House of Representatives. The House of Representatives is comprised of 100 constitutionally elected members and acts as a body only when in session. The plaintiffs have failed to properly name and join the Kentucky House of Representatives.

6. With regard to the allegations in paragraph 18 of the complaint, the allegation that Senate President Stivers is the duly elected President of the Kentucky Senate is admitted. Senate President Stivers denies that he has sole control of the business of the Kentucky Senate. The Kentucky Senate is comprised of 38 constitutionally elected members and acts as a body only when in session. The plaintiffs have failed to properly name and join the Kentucky Senate.

7. With regard to the allegations in paragraphs 19 - 21 of the complaint, the allegations therein are admitted.

## Response to Plaintiffs' Allegations Concerning Jurisdiction and Venue

8. With regard to the allegations in paragraph 22 of the complaint (subject matter jurisdiction), the allegations therein are legal conclusions to which a response is not required. The statutes upon which the plaintiffs rely speak for themselves. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

9. With regard to the allegations in paragraph 23 of the complaint (supplemental jurisdiction over state law claims), the allegations therein are legal conclusions to which a response is not required. The statutes upon which the plaintiffs rely speak for themselves. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

10. With regard to the allegations in paragraph 24 of the complaint (three judge panel), the allegations therein are legal conclusions to which a response is not required. The statutes upon which the plaintiffs rely speak for themselves. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

11. With regard to the allegations in paragraph 25 of the complaint (venue in district), the allegations therein are legal conclusions to which a response is not required. The statutes upon which the plaintiffs rely speak for themselves. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

12. With regard to the allegations in paragraph 26 of the complaint (venue in division), the allegations therein are legal conclusions to which a response is not required. The plaintiffs do not allege the application of any statute or rule. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

### Response to Plaintiffs' Alleged Facts
### Which are Common to all Claims

13. With regard to the allegations in paragraph 27 of the complaint, the allegations therein are admitted to the extent the population reported by the United States Census Bureau includes federal prisoners housed in Kentucky.

14. With regard to the allegations in paragraph 28 of the complaint, given the non-specific nature of the allegations in paragraph 28 of the complaint, Senate President Stivers is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations therein and thus is unable to admit or deny the allegations therein. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

15. With regard to the allegations in paragraph 29 of the complaint, the allegations therein are admitted.

16. With regard to the allegations in paragraph 30 of the complaint concerning "ideal population," the allegations are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied at this time.

17. With regard to the allegations in paragraphs 31 of the complaint concerning "ideal population," the allegations are legal conclusions to which a response is not required. The remaining allegations in paragraph 31 are admitted.

18. With regard to the allegations in paragraph 32 of the complaint concerning "ideal" and "deviations" from the ideal are legal conclusions to which a response is not required. Exhibit A and Exhibit B of the complaint speak for themselves and because they were not incorporated by reference or otherwise in the complaint, a response is not required. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

4

19. With regard to the allegations in paragraphs 33 - 43 of the complaint concerning "ideal" and "deviations" from the ideal, the allegations are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied at this time.

20. With regard to the allegations in paragraph 44 of the complaint, the allegations therein are admitted.

21. With regard to the allegations in paragraph 45 of the complaint, the allegations that a suit was brought in the Franklin Circuit Court concerning the January 2012 redistricting plan are admitted. The remaining allegations in paragraph 45 of the complaint are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

22. With regard to the allegations in paragraph 46 of the complaint, the allegation that the Kentucky Supreme Court issued an opinion on April 26, 2012, is admitted. The Kentucky Supreme Court issued an Order on February 24, 2012, in Case Nos. 2012-SC-091 and 2012-SC-092 appearing at 2012 WL 952983 (Order of Kentucky Supreme Court, 2012-SC-091, 2012-SC-092). The remaining allegations in paragraph 46 call for legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

23. With regard to the allegations in paragraph 47 of the complaint, the allegations therein are legal conclusions to which a response is not required. To the extent a response is required and in order to avoid admission or waiver of same, the allegations are denied.

24. With regard to the allegations in paragraph 48 of the complaint, the allegations therein are admitted to the extent that the 2013 Regular Legislative Session ended without redistricting having been passed.

25. With regard to the allegations in paragraph 49 of the complaint, the allegation that a plan was proposed in the Kentucky House of Representatives that excludes the populations of certain prisoners within legislative districts -- even though this population was included for purposes of Congressional redistricting -- is admitted. The remaining allegations in paragraph 49 of the complaint are legal conclusions to which a response is not required. To the extent a response is required and in order to avoid admission or wavier of same, the allegations are denied.

26. With regard to the allegations in paragraph 50 of the complaint, the allegation that the 2014 Regular Session of the General Assembly is scheduled to convene on the first Tuesday following the first Monday in January of 2014 is admitted. The remaining allegations in paragraph 50 of the complaint are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver of same, the allegations are denied.

27. With regard to the allegations in paragraph 51 of the complaint, the allegations therein are admitted.

28. With regard to the allegations in paragraphs 52 - 53 of the complaint, the allegations therein are denied.

29. With regard to the allegations in paragraph 54 of the complaint, the allegations in the first sentence are admitted. The remaining allegations in paragraph 54 of the complaint are

legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver, such allegations are denied.

30. With regard to the allegations in paragraphs 55 - 57 of the complaint, the allegations therein are denied.

31. With regard to the allegations in paragraph 58 of the complaint, the allegations therein are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver, such allegations are denied.

### Response to Count I -- Violation of Equal Protection Clause (Federal)

32. With regard to the allegations in paragraph 59 of the complaint, the responses set forth above are adopted, reiterated, and incorporated herein by reference as if set forth in full.

33. With regard to the allegations in paragraph 60 of the complaint, Senate President Stivers is without knowledge or information sufficient to form a belief as to the allegations therein. To the extent a response is required and to avoid admission or waiver, the allegations are denied.

34. With regard to the allegations in paragraph 61 of the complaint, the allegations therein are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver, the allegations are denied.

35. With regard to the allegations in paragraph 62 of the complaint, the allegations therein are denied.

36. With regard to the allegations in paragraph 63 of the complaint, the allegations that the Fourteenth Amendment to the Constitution of the United States of America contains the language recited by the plaintiffs in paragraph 63 is admitted. The Fourteenth Amendment to the Constitution of the United States of America speaks for itself. The remaining allegations in

paragraph 63 are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver, the allegations are denied.

37. With regard to the allegations in paragraph 64 of the complaint, the allegations in the first sentence of paragraph 64 are denied. The remaining allegations in paragraph 64 of the complaint are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver, the allegations are denied.

38. With regard to the allegations in paragraph 65 of the complaint, the allegations are claims to relief and legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver, the allegations are denied.

39. With regard to the allegations in paragraph 66 of the complaint, the allegations are denied.

### Response to Count II -- Violation of Equal Protection and Kentucky Constitutional Provisions (State)

40. With regard to the allegations in paragraph 67 of the complaint, the foregoing responses are adopted, reiterated, and incorporated herein by reference as if set forth in full.

41. With regard to the allegations in paragraphs 68 - 70 of the complaint, the allegations therein are admitted. The Kentucky Constitution speaks for itself.

42. With regard to the allegations in paragraph 71 of the complaint, the allegations therein are denied.

43. With regard to the allegations in paragraph 72 of the complaint, the allegations therein are claims for relief and are legal conclusions to which a response is not required. To the extent a response is required and to avoid admission or waiver, the allegations are denied.

44. The plaintiffs' prayer for relief does not require a response, but to the extent a response is required, the allegations and prayer for relief are denied.

45. Any allegation to which a response is required and which is not otherwise specifically admitted is denied.

## AFFIRMATIVE DEFENSES

**(Asserted cumulatively and/or in the alternative)**

### First Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Defense

The complaint is barred in whole or in part by estoppel, laches, *res judicata*, collateral estoppel, and waiver.

### Third Defense

The complaint fails to establish subject matter jurisdiction in this Court. The plaintiffs lack standing. The plaintiffs have not alleged and cannot prove an injury in fact. The claims are insubstantial. The claims are not ripe. The claims fail to constitute a case or controversy which is ripe for adjudication as required by Article III of the Constitution of the United States of America.

### Fourth Defense

The complaint fails to state a claim under either 42 U.S.C. § 1983, 42 U.S.C. § 1973, the Equal Protection Clauses of the Constitution of the United States of America or the Kentucky Constitution, or under any other legal theory upon which relief may be granted.

### Fifth Defense

The complaint is barred by the doctrine of abstention, including that recognized in *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

### Sixth Defense

The complaint is barred by the Tenth and Eleventh Amendments to the Constitution of the United States of America and by Sections 230 and 231 of the Kentucky Constitution.

### Seventh Defense

Claims in the complaint for recovery of attorneys' fees are barred because the underlying claims are barred as stated herein.

### Eighth Defense

Claims in the complaint are barred by constitutional protections of immunity and privilege.

### Ninth Defense

All affirmative defenses required to be asserted under Rule 8 of the Federal Rules of Civil Procedure which are supported by the facts and the law.

### DEFENDANT SENATE PRESIDENT STIVERS' COUNTERCLAIM AND CROSS CLAIM FOR DECLARATORY RELIEF

### INTRODUCTION

For his counterclaim and cross-claim, defendant, Senate President Robert Stivers (hereinafter sometimes the "Cross-claimant"), by counsel states as follows:

1.  Pursuant to 28 U.S.C. §§ 2201 and 2202, Cross-claimant seeks declaratory relief to resolve questions regarding the constitutionality of redrawing state legislative districts using

an adjusted population base whereby certain federal prisoners are subtracted from the numbers reported by the United States Census Bureau for the 2010 census.

2. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction.

3. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in this district for this Court.

4. The Cross-claimant desires for the legislative process to move forward via the adoption of a legislative redistricting plan that complies with the Constitution of the United States of America and the Kentucky Constitution. To ensure the constitutional compliance of any potential redistricting plan enacted by the Kentucky General Assembly and to expedite resolution of the underlying action, the Cross-claimant seeks a declaration from the Court that will settle the issue raised by the Plaintiffs/Counter-defendants concerning the use of an adjusted population base that was introduced in the 2013 Regular Session of the General Assembly by the Defendant, Greg Stumbo.

## PARTIES

5. Cross-claimant Robert Stivers is a State Senator representing the 25th Senate District of the Commonwealth. Cross-claimant Robert Stivers is the duly elected President of the Kentucky Senate. Senate President Stivers is named in this action in his official capacity as President of the Kentucky Senate. The Office of the President of the Senate is in Franklin County, Kentucky.

6. Upon information and belief, counterclaim defendants/plaintiffs, Kenny Brown, Phyllis Sparks, Cathy Flaig, Brett Gaspard, Terry Donoghue and Garry Moore are residents of Boone County, Kentucky.

7. Upon information and belief, counterclaim defendants/plaintiffs, Lawrence Robinson, Ken Moellman and Brandon Veolker are residents of Campbell County, Kentucky.

8. Upon information and belief, counterclaim defendants/plaintiffs Steve Arlinghaus, Garth Kuhnhein and Timothy J. Jones are residents of Kenton County, Kentucky.

9. Counterclaim defendants/Plaintiffs allege that existing legislative districts violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America and Section 33 of the Kentucky Constitution. More specifically to the Counter-claimant's declaratory action, Counter-defendants/Plaintiffs allege, *inter alia*, that the exclusion of certain populations of prisoners within legislative districts in proposed plans for redistricting the Kentucky House of Representatives, and potentially for redistricting the Kentucky Senate – even though those prisoner populations were included for the purposes of congressional redistricting – is in contravention of the Constitution of the United States of America and the Kentucky Constitution.

10. Cross-defendant Steven Beshear is and was at all relevant times herein the duly elected Governor of the Commonwealth of Kentucky, constitutionally entrusted by Section 80 of the Kentucky Constitution with the authority to call extraordinary legislative sessions, more commonly referred to as "special sessions." Governor Beshear is named in his official capacity as the Chief Executive of the Commonwealth of Kentucky. The Office of the Governor is located in Franklin County, Kentucky.

11. Cross-defendant Allison Lundergan Grimes is and was at all relevant times herein the duly elected Kentucky Secretary of State, is the Chief Elections Officer for the state, and is directed by state law, Ky. Rev. Stat. § 5.005, to be named in any suit regarding redistricting.

Secretary of State Grimes is sued in her official capacity. The Office of the Secretary of State of Kentucky is located in Franklin County, Kentucky.

12. Cross-defendant Greg Stumbo is and was at all relevant times herein the duly elected Speaker of the Kentucky House of Representatives. Speaker Stumbo is named in his official capacity. Defendant Stumbo has answered the Plaintiffs/Counter-defendants' allegation by specifically denying that a "proposed" House plan fails to count "prisoners" and is in violation of the Kentucky and United States Constitutions. The Office of the Speaker of the Kentucky House of Representatives is located in Franklin County, Kentucky.

13. Cross-defendant State Board of Elections is and was at all times herein the agency responsible for administering the election laws of the state and supervising registration and purgation of voters within the state. Members of the State Board of Elections are named in their official capacity. The Office of the State Board of Elections is located in Franklin County, Kentucky.

14. Cross-defendant Kentucky Legislative Research Commission is and was at all relevant times herein the administrative and organizational subdivision of the Kentucky General Assembly. Members of the Legislative Research Commission are named in their official capacity. The Office of the Legislative Research Commission is located in Franklin County, Kentucky.

15. Cross-defendant Jack Conway is and was at all relevant times herein the duly elected Attorney General of Kentucky, and is named in his official capacity. The Office of the Attorney General is located in Franklin County, Kentucky.

## LEGISLATIVE HISTORY AND PRIOR LITIGATION

16. In 2012, the Kentucky General Assembly enacted a redistricting plan for both the Senate and House of Representatives, House Bill 1 (hereinafter "2012 HB 1"), which was signed into law by the Governor on January 20, 2012. The division of the legislative districts was based upon population data from the 2010 U.S. Census, composed of the total population of Kentucky as reflected in the 2010 census. Using these "total population" figures, the mathematically ideal district for the House of Representatives would include 43,394 people, and the ideal district for the Senate would include 114,194 people.[1] 2012 HB 1 divided 28 counties in the House of Representatives district map and 5 counties in the Senate district map.

17. 2012 HB 1 was challenged in Franklin Circuit Court in Civil Action No. 12-CI-109 by certain members of the General Assembly and other citizens as being in violation of Section 33 of the Kentucky Constitution.

18. A temporary injunction was issued by the Franklin Circuit Court on February 7, 2012, pursuant to CR 65.04, enjoining the Kentucky Secretary of State and the Kentucky State Board of Elections from implementing the House and Senate districts set forth in 2012 HB 1. The Franklin Circuit Court ordered that the elections for the 2012 House and Senate races be conducted with the legislative district boundaries in effect for both the House and Senate immediately prior to the enactment of 2012 HB 1. The basis for granting the injunction was that the complainants' rights under Section 33 of the Kentucky Constitution were violated because of population variances from the ideal districts of greater than 5%, and due to the failure of the redistricting plan to divide the fewest possible number of counties as mathematically possible.

---

[1] See *LRC v. Fischer*, 366 S.W.3d 905, 909 (Ky. 2012).

19. The Kentucky Legislative Research Commission appealed the judgment of the Franklin Circuit Court and the case was transferred directly to the Kentucky Supreme Court on appeal.

20. On February 24, 2012, following oral arguments, the Kentucky Supreme Court issued an Order affirming the lower court's decision and reiterating that the terms of the injunction entered by the trial court remained in place.

21. The Kentucky Supreme Court ruled that "the orderly process of the 2012 elections requires the 2002 redistricting plan remain in effect, as ordered by the trial court."[2]

22. On April 26, 2012, the Kentucky Supreme Court published its opinion in *LRC v. Fischer*, 366 S.W.3d 905 (Ky. 2012) (hereinafter, "*Fischer IV*"), articulating its legal reasoning and reinforcing the paramount principles of population equality and division of the fewest number of counties possible for legislative redistricting.

23. In the 2013 Regular Legislative Session, the House of Representatives passed House Bill 2 (hereinafter "2013 HB 2"), which contained a new redistricting plan for the House of Representatives.

24. 2013 HB 2 was filed on February 19, 2013, the fourteenth day of the thirty day legislative session, and the last day new House bills could be filed, pursuant to House Rule 51.

25. The new redistricting plan was not publicly disclosed until a committee substitute to the legislation was adopted on March 5, 2013, the twenty-fourth day of the thirty day legislative session.

26. 2013 HB 2 passed the House of Representatives on March 6, 2013, the twenty-fifth day of the thirty day legislative session.

---

[2] *LRC v. Fischer*, 366 S.W.3d 905, 909 (Ky. 2012).

15

27. 2013 HB 2 was received in the Senate on March 7, 2013, the twenty-sixth day of the thirty day legislative session.

. 28. Unlike 2012 HB 1, the district boundaries for the House of Representatives in 2013 HB 2 were based upon 2010 U.S. Census data that excluded certain federal prisoners from the population calculations.

29. No legislative action has been taken establishing a process for changing the population base to be used for drawing districts.

30. There were no public hearings, other than the House of Representatives State Government Committee hearing where 2013 HB 2 was discussed, regarding this change in the population base to be used for drawing new legislative districts.

31. There were no discussions or consultations with the Senate prior to this change in the population base for drawing new legislative districts.

32. The Senate was not notified, outside of comments by Cross-defendant Greg Stumbo reported in the press, that the House of Representatives was considering using this new population base for drawing new legislative districts. Even in comments to the press, it was unclear whether the House of Representatives actually intended to use this new population base for drawing new legislative districts. On March 4, 2013, for example, it was reported by cn2 Pure Politics that Cross-defendant Greg Stumbo confirmed that the House of Representatives was considering several possible maps, and that they had "counted the federal prisoners in one of the versions, 'and in the other, we didn't.'"[3]

---

[3] Ryan Alessi, *Prisoners of redistricting: One version of House map includes federal inmates, one doesn't,* PURE POLITICS, Mar. 4, 2013, http://mycn2.com/politics/prisoners-of-redistricting-one-version-of-house-map-includes-federal-inmates-one-doesn-t.

33. The new population base was different from the population base used for all prior redistricting plans, including the 2012 congressional redistricting that became law without legal challenge.[4]

34. To Cross-claimant's knowledge, the General Assembly has never before used census data for redistricting that excluded a certain population of individuals when drawing legislative districts.

### LEGISLATIVE APPLICATION OF A NEW POPULATION BASE

35. No discussion was made in *Fischer IV* or in previous court decisions regarding the use of alternative population bases for redistricting. There is no indication in the opinions of the trial court or the Kentucky Supreme Court that this issue was broached in the context of litigation.

36. Notwithstanding the significant litigation that occurred in 2012, and the Kentucky Supreme Court's efforts in writing its opinion in *Fischer IV* to clarify the constitutional requirements, the variable of changing the population base was unexpectedly introduced by the House of Representatives via passage of 2013 HB 2 in the 2013 Regular Session of the General Assembly with only four legislative days remaining in the session.

37. Plaintiffs/Counter-defendants in this action, in paragraph 48 and 49 of their Complaint, allege both that the 2013 legislative session ended without the completion of redistricting, and that the House of Representatives proposed a plan "that excludes the populations of prisoners within legislative districts – even though this population was included for purposes of Congressional redistricting."

---

[4] See House Bill 302 of the 2012 Regular Session of the General Assembly; Ky. Rev. Stat. §§ 118B.110 - 118B.160.

34. The Plaintiffs' complaint alleges that "[t]he plan to exclude prison populations is in contravention of the United States and Kentucky Constitutions."

35. With the introduction of a new, "adjusted" population base by the House of Representatives and the apparent insistence of the House of Representatives on using those new numbers for redistricting, Cross-claimant and the General Assembly as a whole face the prospect of additional litigation and potentially multiple extraordinary legislative sessions to conclude the redistricting process.

36. Another case is pending which is related to these issues, styled *Martin Hebert, et al., v. Kentucky State Board of Elections*, *et al.,* Civil Action No. 3:13-cv-00025-GFVT, in the United States District Court for the Eastern District of Kentucky, Frankfort Division.

37. Uncertainty not only exists regarding the constitutionality of using a different population base than what was applied in 2012, but application of a new population base will also impact statistical deviations of district populations and necessitate changing the geographic regions into which counties will have to be divided in order to achieve substantial population equality.

38. In the interest of legislative and judicial efficiency, and in consideration of the importance and time sensitive nature of the issue, it is appropriate for this Court to address by way of declaratory relief whether it is constitutionally acceptable to redistrict using the adjusted population base proposed by the House of Representatives.

**PRAYER FOR RELIEF**

WHEREFORE, Cross-claimant respectfully requests the following relief:

a. A declaratory judgment resolving the issue of whether use of the adjusted population base that removes certain federal prisoners from the population count, particularly as applied by the House of Representatives in 2013 HB 2 of the 2013 Regular Session of the

General Assembly, complies with the requirements of the Constitution of the United States of America and the Kentucky Constitution;

  b. In the alternative, if this Court determines that declaratory relief is not available at this time, Cross-claimant respectfully requests the Court to hold this case in abeyance until after the General Assembly is called into extraordinary session by the Governor for the purpose of completing redistricting and thereafter issue a declaratory judgment addressing the constitutionality of the legislation; and

  c. Any and all such additional and other relief as the Court deems just and proper as a matter of law or equity.

  Dated: June 10, 2013

                 Respectfully submitted,

                 */s/ Stanton L. Cave*
                 _____
                 Stanton L. Cave, Esq.
                 LAW OFFICE OF STAN CAVE
                 P.O. Box 910457
                 Lexington, KY  40591-0457
                 Telephone:  (859) 309-3000
                 Facsimile:   (859) 309-3001
                 Email:  stan.cave@insightbb.com

                 *Special General Counsel to Robert Stivers in his Official Capacity as President of the Kentucky Senate*


                 */s/ Jessica A. Burke*
                 _____
                 Jessica A. Burke, Esq.
                 Deputy General Counsel
                 Kentucky Senate
                 Office of the President
                 Room 265 Capitol Annex
                 Frankfort, Kentucky 40601

Telephone: (502) 564-3120
Email: jessica.burke@lrc.ky.gov

*Counsel for Defendant, Counter/Cross-claimant Robert Stivers in his Official Capacity as President of the Kentucky Senate*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ *Jessica A. Burke*
_____
Jessica A. Burke, Esq.
Deputy General Counsel
Kentucky Senate
Office of the President
Room 265 Capitol Annex
Frankfort, Kentucky 40601
Telephone: (502) 564-3120
Email: jessica.burke@lrc.ky.gov