UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**KENNY BROWN,** *et al.*       :       ELECTRONICALLY FILED
                                :
                                :
       **Plaintiffs**            :       CASE NO. 2:13-cv-00068
                                :
**V.**                          :
                                :
                                :
**COMMONWEALTH OF**             :
**KENTUCKY,** *et al.*          :
                                :
       **Defendants**            :

### DEFENDANT, GREG STUMBO, SPEAKER OF THE HOUSE OF REPRESENTATIVES' ANSWER TO CROSS-CLAIM AND COUNTERCLAIM OF PRESIDENT STIVERS

Comes The Cross-Claim Defendant, House Speaker Greg Stumbo (hereinafter "Speaker Stumbo"), by counsel, and for his Answer and Response to the Counterclaim and Cross-Claim for Declaratory Relief filed by Senate President Stivers, states as follows:

Paragraph 1: Speaker Stumbo denies that President Stivers has a legal right to declaratory relief as outlined in paragraph 1 and those assertions are therefore denied.

Paragraph 2: Speaker Stumbo denies that this Court has subject matter jurisdiction over President Stivers' request. The assertions of paragraph 2 are denied.

Paragraph 3: Admit.

Paragraph 4: Speaker Stumbo is without information or belief sufficient to conclusively determine that President Stivers' is making a valid claim for relief and the assertions of paragraph 4 are therefore denied.

Paragraph 5: Admit.

Paragraph 6: Speaker Stumbo is without Stumbo is without information sufficient to conclusively determine the truth or falsity of the assertions of paragraph 6. For this reason, the assertions of paragraph 6 are denied.

Paragraph 7: Speaker Stumbo is without Stumbo is without information sufficient to conclusively determine the truth or falsity of the assertions of paragraph 6. For this reason, the assertions of paragraph 7 are denied.

Paragraph 8: Speaker Stumbo is without Stumbo is without information sufficient to conclusively determine the truth or falsity of the assertions of paragraph 6. For this reason, the assertions of paragraph 8 are denied.

Paragraph 9: Speaker Stumbo does not accept President Stivers' recharacterization of the claims made in the original Complaint. Further, Paragraph 9 calls for a legal conclusion that is incorrect. To the extent the assertions of paragraph 9 require an answer, they are denied for this reason.

Paragraph 10: Admit.

Paragraph 11: Admit.

Paragraph 12: Speaker Stumbo admits that allegations of paragraph 12 insofar as that paragraph states that he is the Speaker of the House of Representatives and is named in his official capacity and that his office is located in Franklin County, Kentucky. The remainder of the paragraph is an inaccurate recharacterization of the Answer filed by Speaker Stumbo in

response to the original Complaint. To the extent those assertions require an answer, they are denied for that reason.

Paragraph 13. Admit

Paragraph 14: Admit.

Paragraph 15: Admit.

Paragraph 16: The allegations of paragraph 16 are admitted to the extent that House Bill 1 was enacted by the legislature and signed into law by the Governor. The remainder of the paragraph calls for speculation or legal conclusions. To the extent those assertions require an answer, the assertions are denied.

Paragraph 17: Admit.

Paragraph 18: The assertions of paragraph 18 are admitted to the extent that the paragraph alleges that a temporary injunction was ordered by the Franklin Circuit Court and that the elections for the 2012 House and Senate be conducted with the legislative district boundaries in effect immediately prior to the enacted of HB1. The remaining restatement of the circuit court's ruling is rejected as conclusory or incorrect. To the extent those allegations require an answer, same are denied.

Paragraph 19: Admit.

Paragraph 20: The assertions of paragraph 20 are admitted to the extent that the paragraph alleges that the Kentucky Supreme Court affirmed the lower court's decision. The remaining restatement of the court's ruling is rejected as conclusory or incorrect. To the extent those allegations require an answer, same are denied.

Paragraph 21: Admit.

Paragraph 22: The assertions of paragraph 22 are admitted to the extent that the paragraph alleges that the case was published. The remaining restatement of the court's ruling is rejected as conclusory or incorrect. To the extent those allegations require an answer, same are denied.

Paragraph 23: Admit.

Paragraph 24: Admit

Paragraph 25: Admit.

Paragraph 26: Admit.

Paragraph 27: Admit.

Paragraph 28: Admit.

Paragraph 29: The assertions of paragraph 29 are denied.

Paragraph 30: The allegations of paragraph 30 are denied.

Paragraph 31: Speaker Stumbo is without information sufficient to allow him to either admit or deny the assertions of paragraph 31. For this reason, the allegations are denied.

Paragraph 32: Speaker Stumbo is without information sufficient to allow him to either admit or deny the transcription of his alleged comments to the media, and that allegation is therefore denied. The remainder of paragraph 32 is mere speculation and conjecture and is therefore denied.

Paragraph 33: Admit.

Paragraph 34: Speaker Stumbo is without information sufficient to allow him to either admit or deny the allegations of paragraph 34 and those allegations are therefore denied.

Paragraph 35: Speaker Stumbo is without information sufficient to allow him to either admit or deny the allegations of paragraph 35 and those allegations are therefore denied.

Paragraph 36: The allegations of paragraph 36 are denied.

Paragraph 37: Speaker Stumbo does not accept as true or accurate the recharacterization of the allegations of the original Complaint and the recharacterized allegations are denied.

Paragraph 34 [sic, apparently misnumbered by Movant]: Speaker Stumbo does not accept as true or accurate the recharacterization of the allegations of the original Complaint and the recharacterized allegations are denied.

Paragraph 35 [sic]: The allegations of paragraph 35 are speculative, contain inappropriate conjecture and innuendo, and call for legal conclusions. To the extent those assertions require an answer, the allegations are denied.

Paragraph 36 [sic]: Admit.

Paragraph 37[sic]: The allegations of paragraph 37 are speculative, contain inappropriate conjecture and innuendo, and call for legal conclusions. To the extent those assertions require an answer, the allegations are denied.

Paragraph 38: The demand for relief made in paragraph 38 does not require an answer. To the extent an answer may be required, the statements are denied. Further, Speaker Stumbo asserts that President Stivers has utterly failed to show that he is entitled to the requested relief or that the relief requested is within the power of the court to grant.

Any allegations to which a response is required and which is not otherwise specifically admitted is denied.

Answer to Prayer for Relief: President Stivers' Prayer for Relief demands at (a) certain action this Court is not legally entitled to provide. At para. 1 of the Counterclaim/Cross Claim, President Stivers demands "declaratory relief to resolve questions regarding the constitutionality of redrawing state legislative districts using an adjusted population base…." No specific facts are

5

alleged in the record in this case upon which the Court could rely in making the requested declaration. President Stivers asserts, without any legal or factual basis as support, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331. President Stivers requests that the legislative process move forward via the "adoption of a Constitutional redistricting plan," (Counterclaim/Cross Claim at para. 4), but seeks that relief in a federal court, a forum which has no ability to adopt or enact such a plan.

The alternative demand provided by President Stivers at the Prayer for Relief, subpart (b), that this Court stay its hand until after the legislature has opportunity to act in Special Session as called by the Governor, is acceptable to Speaker Stumbo and supported by law. Speaker Stumbo agrees that this Court should stay its hand pending the right of the public to be heard through its elected representatives.

## AFFIRMATIVE DEFENSES

### First Defense

The Cross Claim fails to state a claim upon which relief may be granted.

### Second Defense

The Cross Claim demands relief which this Court may not lawfully provide.

### Third Defense

The Cross Claim is barred, in whole or in part, by estoppel, laches, res judicata, collateral estoppel and waiver.

### Fourth Defense

The Cross Claim fails to establish subject matter in this Court. President Stivers lacks standing to bring the claims asserted therein. The claims fail to show an actual issue or controversy on which this Court may enter a declaratory judgment.

### Fifth Defense

The Cross Claim is barred by the doctrines of immunity and privilege.

### Sixth Defense

The matter is not ripe for adjudication.

### Seventh Defense

Speaker Stumbo asserts all affirmative defenses required to be asserted under Rule 8 of the Federal Rules of civil Procedure which are supported by the facts and the law.

WHEREFORE, Speaker Stumbo requests the following relief:

1. Dismissal of the Cross-Claim;

2. Rejection of the demand for declaratory relief;

3. Stay of this action until the legislature, speaking as the representatives of the citizens of the Commonwealth of Kentucky, have opportunity to act in a Special Session called by the Governor to act to create appropriate and Constitutional maps in the House and Senate, as requested by the Cross-Claim Plaintiff;

4. Any and all other relief to which this Court finds him entitled.

Respectfully submitted,

/s/ Anna Stewart Whites
**ANNA STEWART WHITES**
600 E. Main Street

Frankfort KY 40601
 (502) 352-2373/FAX 352-6860
AnnaWhites@aol.com


**PIERCE WHITES**
Office of the Speaker
Capitol Building, Rm. 309
Frankfort KY 40601
(502) 564-3366
pierce.whites@LRC.KY.GOV


## CERTIFICATE OF SERVICE

I hereby certify that on June, 17th 2013, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Anna Stewart Whites