UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.* | : | ELECTRONICALLY FILED |
| **Plaintiffs** | : | CASE NO. 2:13-cv-00068 |
| V. | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.* | : | |
| **Defendants** | : | |

### MEMORANDUM OF LAW OF DEFENDANT, GREG STUMBO, SPEAKER OF THE HOUSE OF REPRESENTATIVES IN SUPPORT OF MOTION TO STAY FURTHER ACTION BY THIS COURT

Comes the Defendant, Greg Stumbo, Speaker of the House of Representatives, (hereafter "Speaker Stumbo") by counsel, and hereby moves the Court to stay any further action in the above-referenced case, with the exception of consolidating the case with *Herbert, et al v. Kentucky State Board of Elections, et al,* 13-cv-00024-GFVT, to allow the elected officials of the Commonwealth to perform their duties as directed by the Governor, Steven Beshear and their constituents. This request is supported by Plaintiffs, in that the Complaint expressly requests that this Court "direct that the Defendants pass a Constitutional map…." *Complaint*, R. 1, para. 72; Request for Relief, para. D, asking that the Court "permit Defendants to submit and enact constitutional maps and legislative districts as soon as possible."

The request for a stay is supported by Defendant/Cross-claim and Counterclaim Plaintiff Senate President Robert Stivers, who specifically demanded in the Prayer for Relief in his

1

*Answer/Cross-Claim/Counterclaim* (R. ???) at subpart (b), "that this Court stay its hand until after the legislature has opportunity to act in Special Session as called by the Governor." Similarly, Plaintiffs further specifically demand that this Court not take action to impose a map on the Commonwealth unless Defendants fail to pass a Constitutional map promptly. …." *Complaint*, R. 1, para. 72; Request for Relief, para. D

In support of this Motion, Speaker Stumbo states that the Defendants are prepared to pass a Constitutional map and will do so in the Special Session called by the Governor. Speaker Stumbo would show the Court as follows:

This case concerns an erroneous claim by Plaintiffs that the House and Senate of the Kentucky legislature "refused to enact constitutional redistricting, despite ample opportunity to do so…." *Complaint*, R. 1, p. 1. As the Answers filed by all parties Defendant show, that contention is in error. The elected officials acted in accordance with the mandates of law and the direction of their constituents to create appropriate maps, a copy of which are part of the record in this case.

The *Complaint* demands that this Court seize control of the redistricting duties given by law to the legislature, as the designates of the interested public, and redistrict the Commonwealth by judicial fiat. The rationale provided for that improper demand is that if this Court does not take that aggressive action, the Plaintiffs (who are not currently candidates for office) may suffer some unspecified harm. Plaintiffs specifically cite the next statewide election, November 4, 2013, as the date by which a new map must be drawn in order to protect their rights. *Complaint*, R. 1, para. 54. Plaintiffs emphasize that redistricting must take place before the 2014 session. Id., paras. 56, 57.

The Governor of the Commonwealth of Kentucky has announced his intent to call for a Special Session on redistricting to take place prior to November 4, 2013.  All parties agree that the session will unequivocally be completed prior to November 4, 2013.  For that reason, the alleged harm claimed by Plaintiffs will not be incurred and the Complaint will be rendered moot.

This Court should not take action that would impair or impede the rights of the public, through its elected officials, to enact and enforce a Constitutional redistricting plan.  The elected officials were charged with that duty and faithfully performed to the best of their ability in a busy legislative session. As a rule, courts grant states the right to correct any or perceived errors in redistricting at the next session where the legislature meets.  See, e.g., claimed *Johnson v. Miller*, 864 F. Supp. 1354 (S.D. Ga. 1994), *aff'd sub nom. Miller v. Johnson*, 515 U.S. 900 (1995). Deference to the legislature is the starting point for judicial involvement in the redistricting process.  The Supreme Court has stated that "In the reapportionment context, the Court has required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative or judicial branch, has begun to address that highly political task itself." *Growe v. Emison,* 507 U.S. 25, 33 (1993).

Defendant unequivocally denies the Plaintiffs' claim at *Complaint*, para. 62, that there was a deliberate failure to fulfill their Constitutional duty. This Court has been provided with evidence that a Constitutional map exists and that Constitutional maps can be enacted without delay.  This Court should permit the legislature to act as directed by the Governor and promptly redistrict in accordance with law.  Judicial intervention in the process would be premature and would deny the public the right to have its voice heard.

Federal law requires that it allow a state to interpret its own laws and Constitution to avoid federal interference where possible. *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496 (1941). original constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies. *Ferguson v. Skrupa,* 372 U.S. 726, 730 (1963). At its heart, a state constitution is "a framework for self-governance consisting of a set of written instructions issued by a sovereign people to their governmental agents." James A. Gardner, *What Is a State Constitution?,* 24 Rutgers L.J. 1025 (Fifth Annual Issue on State Constitutional Law) (Summer 1993). The Kentucky Constitution grants the right to redistrict to the legislature and this Court must allow the legislature to fulfill that duty unimpeded. This Court must not create or enforce a map on the legislature absent a failure during the Special Session that causes continuing harm to the Plaintiffs which is required by law to be redressed in court.

Federal courts recognize the right of a state to conduct its own proceedings pursuant to its own laws. *Younger v. Harris,* 401 U.S. 37 (1971); *Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975). This doctrine that a federal court abstain from action where: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. See: *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995). While the present action does not involve a current state court lawsuit, it is just as vital for the federal courts to abstain while the state's legislature fulfills its constitutional mandates by enacting an appropriate map during the Special legislative session. It is neither the right nor the duty of this Court to "draw" a map when the legislature is working on that very issue, as directed by the Governor and the voting public.

Courts reviewing the right of the judiciary to seize redistricting from the elected representatives of the citizens note that "weighty reasons support adhering to our precedent establishing that redistricting plans adopted by the Legislature are presumed to be constitutionally valid and that this Court should "act with judicial restraint" in our review of such plans. *In re Senate Joint Resolution of Legislative Apportionment 1176*, 83 So.3d 597. 698 (Fla., 2012).

In *Perry v. Perez*, ––– U.S. ––––, 132 S.Ct. 934, 941, 181 L.Ed.2d 900 (2012),the Supreme Court recognized the importance of ensuring that the lower court act to vindicate federal rights "without displacing legitimate state policy judgments with the court's own preferences." Id.  Courts recognize the fact that they lack the authority to make the political decisions that the Legislature and the Governor can make through their enactment of redistricting legislation and understand that they must use a least-change strategy where feasible. *Hippert v. Ritchie*, 813 N.W.2d 374, 381 (Minn., 2012), extensive citation to federal law deleted.

The United States Supreme Court demands that state and federal courts consider "the policies and preferences of the State, as expressed in statutory and constitutional provisions or in the reapportionment plans proposed by the state legislature, whenever adherence to state policy does not detract from the requirements of the Federal Constitution." *White v. Weiser,* 412 U.S. 783 (1973).  That court noting that "adhering to policies adopted by the Legislature gives effect to the will of the majority of the people and is permissible in redistricting litigation."White, 412 U.S. at 795–96.

For the foregoing reasons, Speaker Stumbo demands that the Court grant the citizens of the Commonwealth, acting through their elected representatives, to complete the Special Session

5

called by the Governor prior to any further action by this Court. A formal stay is requested until such time as the session is held and completed.

                Respectfully submitted,

                /s/  Anna Stewart Whites_____
                **ANNA STEWART WHITES**
                600 E. Main Street
                Frankfort KY 40601
                 (502) 352-2373/FAX 352-6860
                AnnaWhites@aol.com

                **PIERCE WHITES**
                Office of the Speaker
                Capitol Building, Rm. 309
                Frankfort KY 40601
                (502) 564-3366
                pierce.whites@LRC.KY.GOV

## CERTIFICATE OF SERVICE

      I hereby certify that on June 17, 2013, a copy of the foregoing Memorandum in Support of Motion to Stay was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                s/Anna Stewart Whites___