IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| **KENNY BROWN,** *et. al*. | : | **Case**: 2:13-cv-00068-WOB-GFVT-DJB |
| **Plaintiffs** | : | |
| v. | : | |
| **COMMONWEALTH OF KENTUCKY,** *et. al*. | : | |
| | : | |
| **Defendants** | | |
| | : | |

**PLAINTIFFS' ANSWER TO COUNTERCLAIM OF ROBERT STIVERS**

Plaintiffs, by and through counsel, hereby submit the following as their Answer to the Counterclaims filed by Defendant, Hon. Robert Stivers, President of the Kentucky Senate:

1. Plaintiffs state that 28 U.S.C. §§ 2201 and 2202 speak for themselves, and they therefore otherwise deny the allegations set forth in the first Paragraph of Defendant Stivers counterclaim.

2. Plaintiffs admit that subject matter jurisdiction is generally appropriate in this Court, but as Plaintiffs are without knowledge or information sufficient to form a belief about the truth of whether or not there is an ongoing case or controversy with regard to the issue of the use of federal prisoner populations, all remaining allegations of contained in Paragraph ___ are denied. Further answering, there is no indication that the Kentucky House of Representatives will again introduce a map that includes the use of these populations, that the Kentucky Senate would introduce a map either with or without the use of these populations, or that the General Assembly would either be willing, or unwilling to revisit Congressional redistricting in light of the exclusion of these

populations. Plaintiffs further state that they believe that it is within the discretion of the General Assembly to exclude federal (or even state) prisoner populations and comport with Equal Protection Clause requirements, so long as the exclusion is done consistently in Congressional maps, as well as maps for the Kentucky House of Representatives and Kentucky Senate, and otherwise is consistent with the exclusion of other similarly situated persons. Plaintiffs further state that recent statements to the media from Defendants Beshear, Stumbo, and Stivers indicate that they will be consistent in using the same data for all the maps, and thus there does not appear to be a case or controversy.

3. Plaintiffs admit that venue is proper in this Court.

4. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of Defendant Stivers' counterclaims, and therefore deny same.

5. Plaintiffs admit the allegations in Paragraph 5 of Defendant Stivers' counterclaims but with the qualification that Defendant Stivers was also named along with the entire Kentucky Senate, as its presiding officer.

6. Plaintiffs admit the allegations in Paragraph 6 of Defendant Stivers' counterclaims.

7. Plaintiffs admit the allegations in Paragraph 7 of Defendant Stivers' counterclaims.

8. Plaintiffs admit the allegations in Paragraph 8 of Defendant Stivers' counterclaims.

9. Plaintiffs admit the allegations in Paragraph 9 of Defendant Stivers' counterclaims, but further state that Constitutional issues only arise if different populations and maps are used in Congressional maps, State Senate maps, and State House of Representative maps.

10. Plaintiffs admit the allegations in Paragraph 10 of Defendant Stivers' counterclaims.

11. Plaintiffs admit the allegations in Paragraph 11 of Defendant Stivers' counterclaims.

12. Plaintiffs admit the allegations in Paragraph 12 of Defendant Stivers' counterclaims.

13. Plaintiffs admit the allegations in Paragraph 13 of Defendant Stivers' counterclaims.

14. Plaintiffs admit the allegations in Paragraph 14 of Defendant Stivers' counterclaims.

15. Plaintiffs admit the allegations in Paragraph 15 of Defendant Stivers' counterclaims.

16. Plaintiffs admit the allegations in Paragraph 16 of Defendant Stivers' counterclaims.

17. Plaintiffs admit the allegations in Paragraph 17 of Defendant Stivers' counterclaims.

18. Plaintiffs admit the allegations in Paragraph 18 of Defendant Stivers' counterclaims.

19. Plaintiffs admit the allegations in Paragraph 19 of Defendant Stivers' counterclaims.

20. Plaintiffs admit the allegations in Paragraph 20 of Defendant Stivers' counterclaims.

21. Plaintiffs admit the allegations in Paragraph 21 of Defendant Stivers' counterclaims.

22. Plaintiffs admit the allegations in Paragraph 22 of Defendant Stivers' counterclaims.

23. Plaintiffs admit the allegations in Paragraph 23 of Defendant Stivers' counterclaims.

24. Plaintiffs admit the allegations in Paragraph 24 of Defendant Stivers' counterclaims.

25. Plaintiffs admit the allegations in Paragraph 25 of Defendant Stivers' counterclaims.

26. Plaintiffs admit the allegations in Paragraph 26 of Defendant Stivers' counterclaims.

27. Plaintiffs admit the allegations in Paragraph 27 of Defendant Stivers' counterclaims.

28. Plaintiffs admit the allegations in Paragraph 28 of Defendant Stivers' counterclaims.

29. Plaintiffs admit the allegations in Paragraph 29 of Defendant Stivers' counterclaims.

30. Plaintiffs admit the allegations in Paragraph 30 of Defendant Stivers' counterclaims.

31. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 of Defendant Stivers' counterclaims, and therefore deny same.

32. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of Defendant Stivers' counterclaims, and therefore deny same.

33. Plaintiffs admit the allegations in Paragraph 33 of Defendant Stivers' counterclaims.

34. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 of Defendant Stivers' counterclaims, and therefore deny same.

35. Plaintiffs admit that there was no discussion in *Fischer IV* regarding the use of alternate population maps, but deny that there are not previous court decisions, from federal courts, concerning the use and/or exclusion of certain populations; and affirmatively state that there is case law and precedent regarding the use and/or exclusion of certain populations. To the extent not otherwise admitted, the allegations in this paragraph are denied.

36. Plaintiffs admit that 2013 HB 2 was passed by the Kentucky House of Representatives in the 2013 Regular Session of the General Assembly with only four legislative days remaining in the session, that the issue of population exclusion was not addressed in Fischer IV, but Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 36 of Defendant Stivers' counterclaims, and therefore deny same.

37. Plaintiffs admit the allegations set forth in Paragraph 37 of Defendant Stivers' counterclaims.

38. Plaintiffs admit the allegations set forth in Paragraph 38 [incorrectly styled as a second Paragraph 34] of Defendant Stivers' counterclaims.

39. Plaintiffs admit the allegations in Paragraph 39 of Defendant Stivers' counterclaims [incorrectly styled as a second Paragraph 35] that litigation is possible, but further state that recent media statements appear to indicate that the House of Representatives is no longer insisting on the use of the prisoner populations; furthermore, so long as the populations are excluded consistently, it is the position of the Plaintiffs that such populations may be excluded. Plaintiffs otherwise deny the allegations set forth in Paragraph 39 of Defendant Stivers' counterclaims.

40. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 40 [incorrectly styled as a duplicate Paragraph 36] of Defendant Stivers' counterclaims, and therefore deny same.

41. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 41 [incorrectly styled as Paragraph 37] of Defendant Stivers' counterclaims, and therefore deny same.

42. Plaintiffs state, for their response to Paragraph 42 [incorrectly styled as Paragraph 38] of Defendant Stivers' counterclaims that whether resolution of the question regarding exclusion of populations is necessary presents a legal question and Plaintiffs therefore deny the allegations of this Paragraph of Stivers' counterclaims. Further answering, Plaintiffs are not be in a position to know whether, resolution of this issue is the only remaining impediment to Defendants enacting constitutional maps and district lines (and doing so in a timely and expedient manner) regardless of recent statements to the media from Defendants Stivers, Stumbo, and Beshear.

## AFFIRMATIVE DEFENSES
### (Asserted cumulatively and/or in the alternative)

### First Defense

The counterclaim fails to state a claim upon which relief may be granted.

### Second Defense

The counterclaim is barred in whole or in part by estoppel, laches, *res judicata*, collateral estoppel, and waiver.

### Third Defense

The counterclaim fails to establish subject matter jurisdiction in this Court. Defendant Stivers has not alleged and cannot prove an injury in fact, his claims are insubstantial, and are not ripe. Defendant Stivers' claims fail to constitute a case or controversy which is ripe for adjudication as required by Article III of the Constitution of the United States of America.

### Fourth Defense

The counterclaim fails to state a claim under any other legal theory upon which relief may be granted.

### Fifth Defense

The counterclaim is barred by the doctrine of abstention, including that recognized in *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

### Sixth Defense

The counterclaim is barred by the Tenth and Eleventh Amendments to the Constitution of the United States of America and by Sections 230 and 231 of the Kentucky Constitution.

### Seventh Defense

Claims in the complaint are barred by constitutional protections of immunity and privilege.

**Eighth Defense**

All affirmative defenses required to be asserted under Rule 8 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

_____/s/Christopher D. Wiest_____
Christopher D. Wiest (KBA 90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
859/495-0803 (f)
513/257-1895 (c)
chriswiestlaw@yahoo.com

Rick Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served via the Court's CM/ECF system to all parties, or their counsel, this 19th day of June, 2013.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)