IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| **KENNY BROWN,** *et. al*. | : |
| | : Case: 2:13-cv-00068-WOB-GFVT-DJB |
| **Plaintiffs** | : |
| v. | : |
| **COMMONWEALTH OF KENTUCKY,** *et. al*. | : |
| **Defendants** | : |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO CONSOLIDATE AT THIS TIME, BUT IN FAVOR OF ISSUING AN APPROPRIATE Fed.R.Civ.P. 42(a)(3) ORDER.

Fed.R.Civ.P. 42(a) provides that if actions involve "a common question of law or fact," the court *may* consolidate the actions, join for "hearing or trial any or all matters at issue," or issue "any other orders to avoid unnecessary cost or delay." Notably, "consolidation under Fed.R.Civ.P. 42 does not render rulings in one case applicable to a consolidated action." *Rodriguez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011) (citing *Kraft, Inc. v. Local Union 327, Teamsters,* 683 F.2d 131, 133 (6th Cir.1982)). Nor does "[c]onsolidation ... merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another." *Kraft, Inc.*, 683 F.2d at 133.

In deciding whether to consolidate actions, courts should consider: "'[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial,

1

multiple-trial alternatives.'" *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)(quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Plaintiffs agree that the two actions involve common questions of law. Specifically, both actions seek a judicial determination that Kentucky's existing state House and Senate legislative districts (which were enacted in 2002) violate the Fourteenth Amendment's Equal Protection clause due to impermissible population deviations. [*Compare* RE #1 (*Herbert, et al.*): Verified Complaint ("*Herbert* Complaint"), ¶ 37 *with* RE #1 (*Brown, et al.*): Complaint ("*Brown* Complaint"), ¶¶ 59- 64. Plaintiffs further agree that both cases seek judicial relief in the form of newly created legislative maps that must, by necessity, be uniform because, as Defendants correctly note, "[o]nly one set of legislative district maps can practically be given effect." [RE #9-1: Memorandum in Support of Defendants' Motion to Consolidate ("Def. Consolidation Memo."), p. 2; *Herbert* Complaint, ¶ 40; *Brown* Complaint, ¶ 65.]

Moreover, both actions also involve common questions of fact relating to Kentucky's population data, including the current districts' population totals and their deviations from the "ideal" district size. But the "'*mere existence of common issues, however, does not require consolidation....* Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court.'" *In re Cent. European Distribution Corp. Sec. Litig.*, CIV.A. 11-6247 JBS-K, 2012 WL 5465799 (D.N.J. Nov. 8, 2012)(emphasis added)(quoting *In re Consol. Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J.1998)). Here, Plaintiffs agree that because the two cases involve common questions of law and fact, it would be appropriate for the Court to issue such orders as would "avoid unnecessary cost or delay" under Fed.R.Civ.P. 42(a)(3).

Plaintiffs do not agree, however, that consolidation of both actions for all purposes — as is contemplated by the unqualified Order accompanying Defendants' motion [RE #26-1] — is necessary and/or appropriate because doing so could result in undue prejudice to them.

In an effort to streamline this litigation, and in light of the fact that Plaintiffs believe that time is of the essence, in an effort to boil this case down to its essence, Plaintiffs in this matter are prepared to dismiss, without prejudice, their claim for money damages related to the unconstitutional 2012 elections in their federal 42 U.S.C. § 1983 claim; Plaintiffs are further prepared to dismiss, without prejudice, all of their claims in Count II, based on the Kentucky Constitution. That would leave, intact, Plaintiffs federal claims for prospective injunctive relief, declaratory relief, and attorney fees. Once resolution of Defendant Stivers' Counter/Cross-Claims is resolved, Plaintiffs are further willing to dismiss Defendants Stivers and Stumbo, from this litigation, which is likely to streamline this matter.

Still, even with this paring down, the issues and interests of the parties in *Brown* and *Herbert* are not identical. At the present time, *Herbert* does not involve the same parties, or the same claims. The presence of Defendant Stivers' counter and cross claims, for instance, are one unique issue. Nevertheless, Plaintiffs do believe that a Fed.R.Civ.P. 42(a)(3) Order is Appropriate.

Plaintiffs have tendered, herewith, such an Order for the Court's consideration.

3

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chriswiestlaw@yahoo.com

Rick Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served via the Court's CM/ECF system to all parties, or their counsel, this 20th day of June, 2013.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)

4