UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.* | : | **ELECTRONICALLY FILED** |
| | : | |
| **Plaintiffs** | : | **CASE NO. 2:13-cv-00068** |
| V. | : | |
| | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.* | : | |
| | : | |
| **Defendants** | : | |

### DEFENDANT, GREG STUMBO, SPEAKER OF THE HOUSE OF REPRESENTATIVES' REPLY IN SUPPORT OF MOTION TO STAY

Comes the Defendant, Greg Stumbo, Speaker of the House of Representatives, (hereinafter Speaker Stumbo), by counsel, and for his Reply in Support of the Motion to Stay, would show this Court as follows:

The duty of this Court is to maintain the appropriate separation between the functions of the judiciary and the functions of the legislature. Contrary to Plaintiffs' claims at p. 5 of the *Memorandum in Opposition to Motion to Stay*, Governor Beshear has issued a "call" to convene the General Assembly for an Extraordinary Session to begin August 19, 2013. See: Exhibit 1,

1

Executive Order, (herein the "Call"), appended hereto and found online at http://apps.sos.ky.gov/Executive/Journal/execjournalimages/2013-PROC-228237.pdf. The sole issue to be considered during that session is the redistricting issue which is the focus of Plaintiffs' suit. It is clear from the Call and from the pleadings filed before this Court that both the House and Senate are actively engaged in determining appropriate population data and establishing a firm constitutional basis for the new legislative districts. These issues will be promptly resolved and redistricting maps will be produced by the legislature in the upcoming Extraordinary Session, as contemplated by the newly issued Call.

While Plaintiffs assert that the legislature has had "ample opportunity" to redistrict *(Memo in Opposition* at p. 1), a review of the facts shows that active consideration of redistricting continued during the 2013 session, producing a proposed final map from the House for Senate consideration. The record before this Court shows that this open and public discussion continues to take place and will be resolved prior to or during the scheduled Extraordinary Session. The public must make these determinations through its elected officials. This Court should not wrest that duty from the parties and prematurely or improperly intervene in the legislative process.

Plaintiffs demand such premature intervention on the untenable grounds that "there is no evidence" that the House and Senate can agree on Constitutional maps. *Memo in Opposition*, p. 2. In fact, decades of cooperation show that the House and Senate can and do agree on maps that are constitutional. Further, the evidence and pleadings in this case show that the parties are prepared to reach agreement again in the upcoming Extraordinary Session. As the Brown Plaintiffs admit, at pp. 4-5 of the *Memo in Opposition*, they cannot seek office until the 2014 election cycle and as long as the maps are in place prior to November 4, 2013, they suffer no

harm whatsoever. Plaintiffs simply ask for assurance that the maps will be produced before that date and the record now demonstrates that an orderly procedure is currently in place to assure that this will be accomplished. Given that assurance, Plaintiffs have no further demand to make upon this Court.

Plaintiffs also demand that this Court require stipulations as to population and census data (*Memo in Opposition* at p. 6) is without merit. The census data is public record and no stipulation thereto should be required. But Plaintiffs do not really seek a stipulation as to the census data. What Plaintiffs actually want is this Court to make the decision properly left to the elected representatives of the public – that being whether to exclude out of state federal prisoners from the population count, or to include those non-resident, non-voters when drawing the redistricting map. This matter has already been briefed by Speaker Stumbo, and it is abundantly clear that such a determination is inappropriate for any court. Plaintiffs actually agree that "the question is a political one for the Kentucky House and Senate to resolve." *Memo in Opposition*, at p.3, footnote 4. For this reason, the Court should decline to act on the request.

The current Call also addresses this issue, arguably contemplates use of non-adjusted data in the drawing of new legislative districts. Of course, such a Call is subject to amendment, in the discretion of the Governor. This presents another reason for this Court to refuse to weigh in on the issue of what population data is appropriately used. To do so would usurp the power of both the Legislative and Executive branches to establish the proper scope of the upcoming Special Session.

In determining the propriety of a stay, this Court must review the following factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

3

    (2) whether the applicant will be irreparably injured absent a stay;
    (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
    (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).  Courts hold that "these factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F2d 150, 153 (6th Cir. 1991).  While that case dealt with a stay pending an appeal, this Court should recognize how much more vital the protection of the public interest is in this case, where the very voice of the voters is being affected.  Speaker Stumbo, the stay applicant, has shown that there is a date set for resolution of this matter, and that the General Assembly is prepared to timely resolve all relevant issues.  No party will be harmed by the stay and the public interest and voice are fully protected only where such a stay issues.

    This Court must permit time for the Legislature to continue its redistricting work. The timetable for this undertaking is now publicly established.  It would be an abuse of discretion to intervene prematurely in the right of the voters to be heard by and through their elected officials.  Such an abuse of discretion will be reversed by a reviewing court.  See: *Beverly v. United States,* 486 F.2d 740, n. 13 (5th Cir. 1972).  For the foregoing reasons, the Speaker renews and affirms the need for a stay pending completion of the Extraordinary Session called by the Governor of the Commonwealth of Kentucky.

                                              Respectfully submitted,

/s/  Anna Stewart Whites_____

**ANNA STEWART WHITES**

600 E. Main Street

Frankfort KY 40601

 (502) 352-2373/FAX 352-6860

AnnaWhites@aol.com


**PIERCE WHITES**

Office of the Speaker

Capitol Building, Rm. 309

Frankfort KY 40601

(502) 564-3366

pierce.whites@LRC.KY.GOV


**CERTIFICATE OF SERVICE**

   I hereby certify that on June, 21st, 2013, a copy of the foregoing Reply was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.


           s/Anna Stewart Whites____