UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL

| | |
|---|---|
| KENNY BROWN, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | *ELECTRONICALLY FILED* |
| v. ) | |
| ) | |
| THE COMMONWEALTH OF ) | Civil Action No. 2:13-cv-00068-WOB-JGW |
| KENTUCKY, et al., ) | |
| ) | |
| Defendants ) | |

Cross-Defendants Alison Lundergan Grimes[1], in her official capacity as Secretary of State and Chief Election Official for the Commonwealth of Kentucky, and the Kentucky State Board of Elections, by counsel, respectfully submit the following Answer and Affirmative Defenses to Defendant/Cross-Plaintiff Robert Stivers' Crossclaim in the above-styled action:

## ANSWER TO CROSSCLAIM

1.   The allegations contained in numerical paragraph 1 of the Crossclaim constitute a summary of the action to which no response is required.

2.   Numerical paragraphs 2 and 3 of the Crossclaim constitute legal conclusions to which no response is required. These Cross-Defendants further state that the statutes identified in numerical paragraphs 2 and 3 of the Crossclaim constitute the best evidence of their contents and deny any allegations inconsistent therewith.

3.   The allegations contained in numerical paragraph 4 of the Crossclaim constitute a summary of the action to which no response is required.

---

[1] Defendant Alison Lundergan Grimes' name is misspelled in the Crossclaim.

4. In response to the factual allegations contained in numerical paragraph 5 of the Crossclaim, these Cross-Defendants admit that Defendant/Cross-Plaintiff Robert Stivers currently serves as State Senator for the 25th Senate District and President of the Kentucky Senate and that the Office of the President of the Senate is located in Franklin County, Kentucky. These Cross-Defendants are without sufficient knowledge or information to admit or deny the remaining factual allegations contained in numerical paragraph 5 of the Crossclaim and therefore deny same. To the extent the remaining allegations contained in numerical paragraph 5 of the Crossclaim constitute legal conclusions, no response is required.

5. These Cross-Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 6-8 of the Crossclaim and therefore deny same.

6. In response to the allegations contained in numerical paragraph 9 of the Crossclaim, these Cross-Defendants state that the Complaint filed herein constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

7. In response to the factual allegations contained in numerical paragraph 10 of the Crossclaim, these Cross-Defendants admit that Cross-Defendant Steve Beshear currently serves as the Governor of the Commonwealth of Kentucky and that the Office of the Governor is located in Franklin County, Kentucky. The remaining allegations contained in numerical paragraph 10 of the Crossclaim constitute legal conclusions to which no response is required. These Defendants further state that section 80 of the Kentucky Constitution constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

8. In response to the factual allegations contained in numerical paragraph 11 of the Crossclaim, these Cross-Defendants admit that Cross-Defendant Alison Lundergan Grimes

currently serves as Kentucky's Secretary of State and Chief Election Official and that the Office of the Secretary of State is located in Franklin County, Kentucky. These Defendants further state that KRS 5.005 constitutes the best evidence of its contents and deny any allegations inconsistent therewith. The remaining allegations contained in numerical paragraph 11 of the Crossclaim constitute legal conclusions to which no response is required.

9.  In response to the factual allegations contained in numerical paragraph 12 of the Crossclaim, these Cross-Defendants admit that Cross-Defendant Greg Stumbo currently serves as Speaker of the Kentucky House of Representatives and that the Office of the Speaker of the Kentucky House of Representatives is located in Franklin County, Kentucky. These Cross-Defendants further state that Defendant/Cross-Defendant Stumbo's Answer to the Complaint herein constitutes the best evidence of its contents and deny any allegations inconsistent therewith. The remaining allegations contained in numerical paragraph 12 of the Crossclaim constitute legal conclusions to which no response is required.

10. In response to the factual allegations contained in numerical paragraph 13 of the Crossclaim, these Cross-Defendants admit that the Kentucky State Board of Elections administers election laws in Kentucky and that the Office of the State Board of Elections is located in Franklin County, Kentucky. These Cross-Defendants deny that the members of the State Board of Elections have been named in this lawsuit, either in the Complaint or Crossclaim, in any capacity.

11. In response to the factual allegations contained in numerical paragraph 14 of the Crossclaim, these Cross-Defendants admit that the Office of the Legislative Research Commission is located in Franklin County, Kentucky. The remaining allegations contained in

numerical paragraph 14 of the Crossclaim constitute legal conclusions to which no response is required.

12. These Cross-Defendants admit the allegations contained in numerical paragraph 15 of the Crossclaim.

13. In response to the allegations contained in numerical paragraph 16 of the Crossclaim, these Cross-Defendants admit that the Kentucky General Assembly passed HB1 in its 2012 regular session and that on January 20, 2012, Kentucky Governor Steve Beshear signed HB1 into law. These Cross-Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in numerical paragraph 16 of the Crossclaim and therefore deny same.

14. In response to the allegations contained in numerical paragraphs 17-22 of the Crossclaim, these Cross-Defendants state that the record of the lawsuit identified therein constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

15. These Cross-Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 23 of the Crossclaim and therefore deny same.

16. These Cross-Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 24 of the Crossclaim and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 24 of the Crossclaim require no response.

17. These Cross-Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 25-34 of the Crossclaim and therefore deny same.

18. In response to the allegations contained in numerical paragraph 35 of the Crossclaim, these Cross-Defendants state that the judicial decisions identified therein constitute the best evidence of their contents and deny any allegations inconsistent therewith.

19. These Cross-Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 36 of the Crossclaim and therefore deny same.

20. In response to the allegations contained in numerical paragraph 37 and the second numerical paragraph 34 of the Crossclaim, these Cross-Defendants state that the Complaint filed herein constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

21. These Cross-Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in the second numerical paragraph 35 of the Crossclaim and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in the second numerical paragraph 35 of the Crossclaim require no response.

22. These Cross-Defendants admit the factual allegations contained in the second numerical paragraph 36 of the Crossclaim. To the extent they constitute legal conclusions, the allegations contained in the second numerical paragraph 36 of the Crossclaim require no response.

23. These Cross-Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in the second numerical paragraph 37 of the Crossclaim and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in the second numerical paragraph 37 of the Crossclaim require no response.

24. The allegations contained in numerical paragraph 38 of the Crossclaim constitute legal conclusions requiring no response.

25. Any allegation not expressly admitted herein is denied.

### FIRST AFFIRMATIVE DEFENSE

The Crossclaim fails, in whole or in part, to state a claim against these Cross-Defendants upon which relief may be granted and therefore must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, by the doctrine of sovereign immunity.

### THIRD AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, because they are non-justiciable.

### FIFTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, because they are moot.

### SIXTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel and/or the *Rooker-Feldman* doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, because they are not ripe.

**EIGHTH AFFIRMATIVE DEFENSE**

Cross-Plaintiff's claims may be barred, in whole or in part, because Cross-Plaintiff lacks standing to bring his claims.

**NINTH AFFIRMATIVE DEFENSE**

Cross-Plaintiff's claims may be barred, in whole or in part, due to lack of personal and/or subject-matter jurisdiction, and/or improper venue.

**TENTH AFFIRMATIVE DEFENSE**

Cross-Plaintiff's claims may be barred, in whole or in part, by failure to join an indispensable party.

**ELEVENTH AFFIRMATIVE DEFENSE**

Cross-Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or other affirmative defenses set forth in Federal Rule of Civil Procedure 8(c).

**TWELFTH AFFIRMATIVE DEFENSE**

Cross-Plaintiff's claims may be barred, in whole or in part, due to insufficient process and/or insufficient service of process.

These Cross-Defendants reserve the right to amend their Answer to the Crossclaim and assert additional defenses subject to what discovery may reveal.

WHEREFORE, Cross-Defendants Alison Lundergan Grimes, in her official capacity as Secretary of State and Chief Election Official for the Commonwealth of Kentucky, and the Kentucky State Board of Elections, by counsel, respectfully request the Court:

1. Dismiss the Crossclaim with prejudice;

2. Enter judgment on all counts in favor of these Cross-Defendants;

3.      Award these Cross-Defendants all costs incurred in this litigation, including reasonable attorney's fees; and

4.      Award these Cross-Defendants all other legal, equitable, or declaratory relief to which they may be entitled.

Respectfully Submitted,

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen
Noel E. Caldwell
Office of the Secretary of State
700 Capital Ave., Ste. 152
Frankfort, KY 40601
(502) 782-7407
lynn.zellen@ky.gov
*Counsel for Cross-Defendants Alison Lundergan Grimes, in her official capacity as Secretary of State and Chief Election Official of the Commonwealth of Kentucky, and the Kentucky State Board of Elections*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed this 1st day of July, 2013. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system. All other parties will be served via hand delivery or U.S. Mail.

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen