# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al., | ) ) ) *ELECTRONICALLY FILED* |
| Plaintiffs, | ) ) Civil No. 13-cv-68 |
| V. | ) DJB-GFVT-WOB |
| THE COMMONWEALTH OF KENTUCKY, et al., | ) ) ) ) |
| Defendants. | ) |

Cross-Defendant Steven L. Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, respectfully submits the following answer and affirmative defenses to Defendant/Cross-Plaintiff Robert Stivers' cross-claim in the above-styled action:

## ANSWER TO CROSS-CLAIM

1. The allegations contained in numerical paragraph 1 of the cross-claim constitute a summary of the action to which no response is required.

2. Numerical paragraphs 2 and 3 of the cross-claim constitute legal conclusions to which no response is required.

3. The allegations contained in numerical paragraph 4 of the cross-claim constitute a summary of the action to which no response is required.

4. The factual allegations contained in numerical paragraph 5 of the cross-claim are admitted.

1

5. The Cross-Defendant is without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 6-8 of the cross-claim and therefore deny same.

6. In response to the allegations contained in numerical paragraph 9 of the cross-claim, the Cross-Defendant states that the Complaint filed herein constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

7. In response to the factual allegations contained in numerical paragraph 10 of the cross-claim, the Cross-Defendant admits that he currently serves as the Governor of the Commonwealth of Kentucky, that the Office of the Governor is located in Franklin County, Kentucky, and that he as the authority to call extraordinary legislative sessions pursuant to Section 80 of the Kentucky Constitution. On June 20, 2013, the Governor issued a Proclamation convening the Kentucky General Assembly in Extraordinary Session at 12:00 Noon (EDT), August 19, 2013, for the purpose of legislative and judicial redistricting. The remaining allegations contained in paragraph 10 constitute legal conclusions to which no response is required.

8. In response to the factual allegations contained in numerical paragraph 11 of the cross-claim, the Cross-Defendant admits that Cross-Defendant Alison Lundergan Grimes currently serves as Kentucky's Secretary of State and Chief Election Official and that the Office of the Secretary of State is located in Franklin County, Kentucky. The Governor further states that KRS 5.005 constitutes the best evidence of its contents and deny any allegations inconsistent therewith. The remaining allegations contained in paragraph 10 constitute legal conclusions to which no response is required.

9. In response to the factual allegations contained in numerical paragraph 12 of the cross-claim, the Governor admits that Cross-Defendant Greg Stumbo currently serves as Speaker of the Kentucky House of Representatives and that the Office of the Speaker of the Kentucky House of Representatives is located in Franklin County, Kentucky. The Governor further states that Defendant/Cross-Defendant Stumbo's Answer to the Complaint herein constitutes the best evidence of its contents and deny any allegations inconsistent therewith. The remaining allegations contained in paragraph 10 constitute legal conclusions to which no response is required.

10. In response to the factual allegations contained in numerical paragraph 13 of the cross-claim, the Governor admits that the Kentucky State Board of Elections administers election laws in Kentucky and that the Office of the State Board of Elections is located in Franklin County, Kentucky. To the extent that other allegations in this paragraph are legal conclusions, to which no response is required.

11. In response to the factual allegations contained in numerical paragraph 14 of the cross-claim, the Governor admits that the Office of the Legislative Research Commission is located in Franklin County, Kentucky. The remaining allegations contained in numerical paragraph 14 of the cross-claim constitute legal conclusions to which no response is required.

12. This Cross-Defendant admits the allegations contained in numerical paragraph 15 of the cross-claim.

13. In response to the allegations contained in numerical paragraph 16 of the cross-claim, the Governor admits that the Kentucky General Assembly passed HB1 in its 2012 regular session and that on January 20, 2012, he signed HB1 into law.

2012 HB 1 speaks for itself. The rest of the allegations in paragraph in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, this Cross-Defendant denies the rest of the paragraph.

14. In response to the allegations contained in numerical paragraphs 17-22 of the cross-claim, the Governor admits that litigation was filed over 2012 HB 1 and states that the record of the lawsuit identified therein constitutes the best evidence of its contents and denies any allegations inconsistent therewith.

15. In response to paragraph 23, the Governor admits that the Kentucky House of Representatives passed a redistricting map for the House in the 2013 Regular Legislative Session.

16. This Cross-Defendant is without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 24 of the cross-claim and therefore deny same.

17. This Cross-Defendant is without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 25-34 of the cross-claim and therefore deny same. The best evidence of the legislative history of 2013 HB 2 is the official legislative record and the Governor denies any allegations inconsistent therewith.

18. In response to the allegations contained in numerical paragraph 35 of the cross-claim, the Governor states that the judicial decisions identified therein constitute the best evidence of their contents and deny any allegations inconsistent therewith.

19. This Cross-Defendant is without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 36 of the cross-claim and therefore deny the same.

20. In response to the allegations contained in numerical paragraph 37 and the second numerical paragraph 34 of the cross-claim, the Governor states that the Complaint filed herein constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

21. The Cross-Defendant is without sufficient knowledge or information to admit or deny the factual allegations contained in the second numerical paragraph 35 of the cross-claim and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in the second numerical paragraph 35 of the cross-claim require no response.

22. This Cross-Defendant admits that the cited case in paragraph 36, *Martin Hebert, et al., v. Kentucky State Board of Elections, et al.,* is pending in the Eastern District of Kentucky and has been consolidated with this case.

23. The allegations contained in numerical paragraph 37 of the cross-claim constitute legal conclusions requiring no response.

24. The allegations contained in numerical paragraph 38 of the cross-claim constitute legal conclusions requiring no response.

25. Any allegation not expressly admitted herein is denied.

### FIRST AFFIRMATIVE DEFENSE

The cross-claim fails, in whole or in part, to state a claim against the Governor upon which relief may be granted and therefore must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, by the doctrine of sovereign immunity or Eleventh Amendment immunity.

## THIRD AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, because they are non- justiciable.

## FOURTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, because they are moot.

## FIFTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel and/or the *Rooker-Feldman* doctrine.

## SIXTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, because they are not ripe.

## SEVENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, because Cross-Plaintiff lacks standing to bring his claims.

## EIGHTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, due to lack of personal and/or subject-matter jurisdiction, and/or improper venue.

## NINTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or other affirmative defenses set forth in Federal Rule of Civil Procedure 8(c).

## TENTH AFFIRMATIVE DEFENSE

Cross-Plaintiff's claims may be barred, in whole or in part, due to insufficient Process and/or insufficient service of process.

These Cross-Defendants reserve the right to amend their Answer to the cross claim and assert additional defenses subject to what discovery may reveal.

## CONCLUSION

Wherefore, Cross-Defendant Governor Steven L. Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, respectfully requests the Court to dismiss the cross-claim against him and enter judgment on all counts in his favor.

Respectfully submitted,

JACK CONWAY
ATTORNEY GENERAL

/s/  Clay Barkley
Clay Barkley
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, KY 40601
clay.barkley@ag.ky.gov
(502) 696-5646 Direct
Counsel to Governor Steven L. Beshear

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed this 5th day of July, 2013. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system

/s/  Clay Barkley
Clay Barkley
Counsel for Defendant, Governor Steven L. Beshear