# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF KENTUCKY

# COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN, individually and in his** | ) | |
| **official capacity as the Boone County Clerk,** | ) | |
| **et al.,** | ) | |
| **Plaintiffs,** | ) | **Civil No. 2:13-cv-00068** |
| **v.** | ) | **DJB-GFVT-WOB** |
| | ) | |
| **THE COMMONWEALTH OF** | ) | |
| **KENTUCKY, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **MARTIN HERBERT, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil No. 3:13-cv-00025** |
| **v.** | ) | **DJB-GFVT-WOB** |
| | ) | |
| **KENTUCKY STATE BOARD OF** | ) | |
| **ELECTIONS, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT STUMBO'S RESPONSE TO MOTION TO MODIFY SCHEDULING ORDER

Comes the Speaker of the House Greg Stumbo, by counsel, in opposition to President Stivers' Motion to Modify the Scheduling Order  (R. 56) entered by this Court, and states as follows:

This Court entered a Scheduling Order (R. 49) to keep the parties on track for a timely resolution of all matters before the Court.  The parties received notice when the Order was entered and acted in accordance therewith.  The Order required disclosure of experts and expert reports on Monday, July 8, 2013.  No timely objection to the dates provided in that Order were filed by any party.  After the close of business on Friday, July 5, 2013, Defendant Stivers filed a motion asking that this Court amend the Order to let him avoid the required disclosure and production. Speaker Stumbo stands ready to make the scheduled expert disclosure if so ordered by this Court.

In the interest of moving the matter to a swift conclusion, the Speaker suggests that the Court require all parties to submit expert witness curriculum vitae and an outline of any proposed expert report by Friday, July 12, 2013.  The Speaker asks that all parties be ordered to submit a **simultaneous disclosure** in the interest of fairness.  This enlargement of time will allow Defendant Stivers to determine whether he wishes to retain an expert.

Defendant Stivers mischaracterizes the issues before this Court, claiming, without basis in fact or the record, that:

> Presumably the parties may identify expert witnesses and proffer expert reports relating to whether 2014 elections of the House of Representatives and Kentucky Senate may constitutionally be conduct using the House and Senate districts drawn in 2002 in light of population changes reported by the United States Census Bureau for 2010.

Motion to Modify, at p. 2, para. 1. No party has suggested that this course of action would be possible, preferable or Constitutional. If the Senate is seeking an expert to support that novel position, it would explain why they currently have no expert or report to provide to this Court. That position is wholly untenable under the current facts. It is also troubling that Defendant asserts that he is "not capable of knowing if and what kind of expert witnesses will be needed". Motion, p. 3, para. 5. This Court should direct Defendant Stivers to promptly decide what expert assistance, if any, he seeks to present to this Court.

This Court will no doubt be assisted by appropriate expert reports and opinions as it considers the issues before it. This Court should not be forced to wait, as urged by Defendant Stivers, until some date after August 23, 2013 before it has those expert reports, particularly where trial is scheduled for September 23, 2013.

Expert testimony is of vital assistance to this body in determining issues in the action. The Court must be granted the opportunity to review the expert evidence and to ensure that it is both relevant and reliable. *Rose v. Truck Centers, Inc.*, 388 F. App'x 528, 533 (6th Cir. 2010). Expert testimony is supposed to be helpful and to assist the parties and the Court. 29 Charles Alan Wright, et al., Federal Practice & Procedure, § 6282 (1st ed. 2012). Shorting the Court and the parties on time to make such an evaluation is not an appropriate proposal. Expert testimony must be calculated to giving the trier of fact all the information from which it can draw inferences as to the ultimate issue. "An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Mid-State Fertilizer Co. v. Exchange Nat'l Bank,* 877 F.2d 1333, 1339 (7th cir. 1989).

All parties operated under the Scheduling Order provided by the Court.  Defendant's

dilatory behavior should not be rewarded.  Rule 37(c)(1) states, in pertinent part, "If a party fails

to provide information or identify a witness as required by Rule 26(a) . . . , the party is not

allowed to use that information or witness to supply evidence on a motion, at a hearing or at a

trial." This Court should bar Defendant Stivers from admission of any expert or expert report as a

result of any non-compliance with a reasonable disclosure date of July 12, 2013.


For the foregoing reasons, Speaker asks that this Court DENY the Motion and enter the

Proposed Order submitted herewith.


Respectfully submitted,


/s/  Anna Stewart Whites_____

**ANNA STEWART WHITES**

600 E. Main Street

Frankfort KY 40601

 (502) 352-2373/FAX 352-6860

AnnaWhites@aol.com


**PIERCE WHITES**

Office of the Speaker

Capitol Building, Rm. 309

Frankfort KY 40601

(502) 564-3366

pierce.whites@LRC.KY.GOV

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July, 8th 2013, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Anna Stewart Whites____