IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.*, | : | **Case No. 2:13-CV-68-WOB-GFVT-DJB** |
| Plaintiffs, | : | |
| v. | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.*, | : | |
| Defendants. | : | |
| **MARTIN HERBERT,** *et al.*, | : | **Case No. 3:13-CV-25-WOB-GFVT-DJB** |
| Plaintiffs, | : | |
| v. | : | |
| **KENTUCKY STATE BOARD OF ELECTIONS,** *et al.*, | : | |
| Defendants. | : | |

### *BROWN* PLAINTIFFS RESPONSE TO DEFENDANT, ROBERT STIVERS' MOTION TO POSTPONE EXPERT DISCLOSURES

Plaintiffs in *Kenny Brown, et. al. v. Commonwealth, et. al.*, Case No. 13-CV-68- WOB-GFVT-DJB by and through their Counsel, neither oppose, nor necessarily endorse, the Motion filed by Senate President Robert Stivers to postpone expert disclosures. The *Brown* Plaintiffs are prepared to move forward with expert identification and reports **today**. However, the *Brown* Plaintiffs do not necessarily anticipate utilizing any such experts in this phase of the litigation (except, perhaps, to identify the population of each current house and senate district using 2010 Census data). The necessity of such testimony at this juncture is dependent on the Defendants'

1

responses to Plaintiffs' First Set of Discovery propounded on the respective Defendants, which dealt almost entirely with current population maps from the 2010 Census and the impact of such data on the 2002 redistricting plan now in effect.

However, the *Brown* Plaintiffs' expert witness(es) are also prepared for the next phase of the litigation – which comes in two flavors – namely the analysis of any plan(s) enacted by the General Assembly out of the August 19, 2013 Special Session ("Special Session"); and for support in proposing maps, if it should be necessary to do so. Since the plan(s) that come from the Special Session are not yet known, and are unknowable at this time, there is no expert reports of any substance to be produced in connection with them at this juncture; nor have the *Brown* Plaintiffs commissioned any maps to be drawn at this juncture by any experts, since doing so could be an exercise in futility (and a waste of resources), should the General Assembly perform its constitutional duty in the special session and enact constitutional legislative districts. The intention of the *Brown* Plaintiffs was to have such reports supplemented after the special session to address those issues, if necessary.

Therefore, the disclosure of experts **today** is unlikely to substantially aid any party, since the significant substance of any testimony (other than the use of 2010 Census data and the 2002 legislative apportionment plan) is not yet developed, cannot be developed insofar as a response to the Special Session is concerned, nor should it be developed as a matter of resource preservation insofar as proposed maps are concerned. Furthermore, to the extent any depositions are necessary as to the use of the 2010 Census data and the 2002 legislative apportionment plan, such depositions could occur from July 15 through July 23, 2013. Other than the possibly necessity of using such experts to establish population from the 2010 Census overlaid on the 2002 apportionment plan, deposing such experts, therefore, is unlikely to be fruitful at this juncture.

The postponement of such disclosures, therefore, until August 23 (or more preferably August 28 – or 5 days after the conclusion of the Special Session – whichever is later – if a response to the 2013 Special Session is to be included in such expert reports) is likely to better aid all parties in handling expert witnesses. Ideally, the parties should be able to produce expert reports on the issue of the use of 2010 Census data with the 2002 legislative apportionment plan by Friday, July 12, 2013, and then be permitted to supplement such disclosures on the issues of proposed maps and any reactions to the special session, on August 28, 2013, or 5 days after the conclusion of the Special Session, whichever is later. Otherwise, Plaintiffs will be in the position of disclosing their experts, as well as a partial report now, but substantially expanding such report later to deal with the Special Session, if necessary. The *Brown* Plaintiffs agree with Speaker Stumbo that simultaneous disclosure is preferred.

The *Brown* Plaintiffs do request a ruling sooner, rather than later, so they can react and make appropriate disclosures in a timely manner (today, if necessary) – but would most likely need to know by 2:30 p.m. today to be in a position to respond today and make their disclosures by the end of the day.

A Proposed Order is filed herewith.

Respectfully Submitted,

_____/s/Christopher D. Wiest_____
Christopher D. Wiest (KBA 90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
859/495-0803 (f)
513/257-1895 (c)
chriswiestlaw@yahoo.com

      /s/Richard A. Brueggemann
Richard A. Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

*Counsel for Plaintiffs in Brown, et. al. v. Commonwealth, et. al.*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel for Defendants and Plaintiffs in the consolidated *Herbert* case, this 8th day of July, 2013, via the Court's CM/ECF system.

      /s/Christopher Wiest