**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION (AT COVINGTON)**

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.,* | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:13-CV-68-WOB-GFVT-DJB** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| **MARTIN HERBERT,** *et al.,* | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 13-CV-25-WOB-GFVT-DJB** |
| | : | |
| **v.** | : | |
| | : | |
| **KENTUCKY STATE BOARD OF ELECTIONS,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS OF ROBERT STIVERS IN CASE NO. 13-CV-68-WOB-GFVT-DJB**

Plaintiffs Kenny Brown, Steve Arlinghaus, Phyllis Sparks, Cathy Flaig, Brett Gaspard, Terry Donoghue, Lawrence Robinson, Kenneth Moellman, Garth Kuhnhein, Timothy Jones, Brandon Voelker, and Garry Moore ("NKY Plaintiffs"), by and through counsel, have moved for an Order dismissing the Counter-Claims filed against them by Hon. Robert Stivers, Kentucky Senate President ("Stivers"), in Case No. 13-CV-68-WOB-GFVT-DJB – because such claims are: (1) not ripe; and (2) call for an advisory opinion, in violation of the Article III Case and

Controversy requirement of the U.S. Constitution.[1]

## I.     FACTS

The salient facts behind this Motion are not in dispute.

Stivers has brought a counter-claim against the NKY Plaintiffs to seek declaratory relief to "resolve questions regarding the constitutionality of redrawing state legislative districts using an adjusted population base whereby certain federal prisoners are subtracted from the numbers reported by the United States Census Bureau for the 2010 census."  (Doc # 28, Counterclaim, Stivers, ¶ 1).  Stivers seeks a "declaration from the Court that will settle the issue … concerning the use of an adjusted population base that was introduced in the 2013 Regular Session of the General Assembly by the Defendant, Greg Stumbo."  (Doc # 28, Counterclaim, Stivers, ¶ 4). More specifically, Defendant Stivers seeks a declaratory judgment concerning the constitutionality of 2013 HB 2, which passed the Kentucky House of Representatives in the 2013 session.  (Doc # 28, Counterclaim, Stivers, ¶¶ 23-34).

Citing "legislative and judicial efficiency," Stivers seeks declaratory relief from this court as to whether "it is constitutionally acceptable to redistrict using the adjusted population base proposed by the House of Representatives."  (Doc # 28, Counterclaim, Stivers, ¶ 38).

---

[1] Plaintiffs in the *Brown* would not oppose this Court staying its hand regarding the resolution of this motion until after the conclusion of the August 19, 2013 Special Session, since obviously, what is not ripe now may become ripe in approximately a month. *Lewis-El v. Sampson*, 649 F.3d 423 (6th Cir. 2011) (determining what may not have been ripe at the time of filing may become ripe at the time of decision, thus satisfying ripeness requirements).  But this Court staying its hand doesn't address the fundamental problem, as the *Brown* Plaintiffs see it.  The problem, of course, is not merely ripeness, but also what President Stivers seeks – he does not seek, for instance, a declaration that 2013 HB 2, and any legislation passed by the Kentucky House that uses the same population maps is unconstitutional – he instead seeks the answer to an abstract question – whether or not the exclusion of federal prisoners from the population map basis is permissible?  With all due respect, President Stivers' claims should be dismissed.  If the Kentucky House were to enact a map excluding the federal prisoner populations, and President Stivers were to consent in this in the passage of law, and only the exclusion of that population, he, along with the *Brown* Plaintiffs, could then assert appropriate claims challenging that action, which would be concrete and present a question that is ripe, would seek concrete relief, which would not seek an advisory opinion.

II.    **LAW AND ARGUMENT**

**A.  THE CLAIM FOR DECLARATORY JUDGMENT IS NOT RIPE**

Federal courts may not hear cases that are not ripe for review. *Reno v. Catholic Soc. Servs.,* 509 U.S. 43, 57-58, 113 S. Ct. 2485, 125 L. Ed. 2d 38 and n.18 (1993).  When faced with questions of ripeness in the declaratory judgment context, the U.S. Supreme Court developed a test in *Abbott Laboratories* v. *Gardner,* 387 U.S. 136, 149, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967). The test contains two parts, fitness, i.e. whether a challenged government action is final and whether determination of the merits turns upon facts which may not yet be sufficiently developed; and hardship, a question which typically turns upon whether the challenged action creates a direct and immediate dilemma for the parties.  *Id.*

Although ripeness, like other justiciability doctrines, is "not a legal concept with a fixed content or susceptible of scientific verification,"  *Poe v. Ullman*, 367 U.S. 497, 508, 6 L. Ed. 2d 989, 81 S. Ct. 1752, (1961), the Supreme Court has taught that the doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction," *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n. 18, 125 L. Ed. 2d 38, 113 S. Ct. 2485 (1993).

The "requirement that litigation be deferred until a controversy is 'ripe' for judicial resolution . . . seeks to 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Rapid Transit Advocates, Inc. v. Southern California Rapid Transit District*, 752 F.2d 373, 378 (9th Cir. 1985) (*quoting Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967)).

"[A] federal court normally ought not resolve issues 'involving contingent future events that may not occur as anticipated, or indeed may not occur at all." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996). In *Clinton*, the Ninth Circuit held that a breach of contract claim presented "no live case or controversy" where the claim hinged on future conduct by one of the parties to the contract. *Id.*; *see also Portland Police Ass'n v. City of Portland*, 658 F.2d 1272, 1274 (9th Cir. 1981).

The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; *see also* Fed. R. Civ. P. 57. The Act itself thus incorporates Article III's limitations and requires a specific finding that the case presents an "actual controversy." *See Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 85 L. Ed. 826, 61 S. Ct. 510 (1941); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646 (9th Cir. 2002)

Fundamentally, there is no guarantee at this juncture that the Kentucky House of Representatives would pass, and the Kentucky Senate would concur in that passage, of maps based on an adjusted population basis.  The fact that the Kentucky Senate did not concur with 2013 HB 2 demonstrates the tenuous nature of this prospect at this juncture.  If – and only if – the Kentucky House and Kentucky Senate agree to the use of these maps is there a dispute – and that dispute will be in the context of a concrete enacted redistricting bill, which allows all parties – and this Court, to measure such a bill against constitutional standards.  For instance, does the bill exclude, in addition to federal prisoners, out of state students and military whose home of record is outside the Commonwealth?  All of these questions involve questions about matters that may or may not come to pass and, at this juncture, the matter is simply not ripe.  *See, also,*

*Texas v. United States*, 523 U.S. 296, 118 S. Ct. 1257; 140 L. Ed. 2d 406 (1998) (matter not ripe in Voting Rights Act case where there were questions about whether or not the event complained about would ever come to pass). The declaratory relief Stivers seeks is simply not ripe at this juncture, and, therefore, his counterclaim against the NKY Plaintiffs must be dismissed.

### B. THE CLAIM FOR DECLARATORY JUDGMENT IS A REQUEST FOR AN ADVISORY OPINION WHICH IS NOT PERMISSIBLE UNDER ARTICLE III OF THE U.S. CONSTITUTION AND MUST BE DISMISSED

The prohibition on advisory opinions, first announced in *Hayburn's Case*, 2 U.S. (2 Dall.) 409, 1 L. Ed. 436, 2 Dall. 409 (1792), is now a well-settled feature of Article III jurisprudence. *See Clinton v. Jones*, 520 U.S. 681, 700 n.33, 137 L. Ed. 2d 945, 117 S. Ct. 1636 (1997) ("This Court early and wisely determined that it would not give advisory opinions even when asked by the Chief Executive.") (*quoting Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113, 92 L. Ed. 568, 68 S. Ct. 431 (1948)). Regardless of whether the relief sought is monetary, injunctive or declaratory, in order for a case to be more than a request for an advisory opinion, there must be an actual dispute between adverse litigants and a substantial likelihood that a favorable federal court decision will have some effect. *See Calderon v. Ashmus*, 523 U.S. 740, 140 L. Ed. 2d 970, 118 S. Ct. 1694 (1998); *Plaut v. Spendthrift Farm*, 514 U.S. 211, 131 L. Ed. 2d 328, 115 S. Ct. 1447 (1995).

Article III, Section 2 of the United States Constitution confines federal court jurisdiction to "cases" and "controversies." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 137 L. Ed. 2d 170, 117 S. Ct. 1055, 1067 (1997). The case-or-controversy requirements of Article III, however, are not satisfied merely because a party asks a federal court to declare his legal rights. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 70 L. Ed. 2d 700, 102 S. Ct. 752 (1982). These requirements have been

construed to prohibit such advisory opinions. *Id.*   Indeed, a federal court has no jurisdiction to hear a case that cannot affect the litigants' rights.  *Id.*

Here, the case concerns a hypothetical, rather than an "actual," legal dispute concerning the exclusion of federal prisoners.  This is so because the exclusion of such prisoners may or may not ever come to pass. The question of whether a favorable resolution will have any effect hinges on the same contingencies. Thus, the relief sought by President Stivers would appear to seek nothing more than an advisory opinion.

Federal courts are not authorized to render advice to persons contemplating litigation or acts that may lead to litigation. They cannot for example advise Congress on the constitutionality of proposed legislation. See, e.g., *Muskrat v. United States*, 219 U.S. 346, 55 L. Ed. 246, 31 S. Ct. 250 (1911); *United States v. Fruehauf*, 365 U.S. 146, 157, 5 L. Ed. 2d 476, 81 S. Ct. 547 (1961); *Illinois ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 941-42 (7th Cir. 1983).

If the federal courts are prohibited from advising Congress on questions involving proposed legislation, they must certainly be prohibited from advising the Kentucky General Assembly on matters involving proposed legislation before that body – which is the very items at issue in the present case.

Therefore, the relief sought by President Stivers – namely an advisory opinion in the form of declaratory relief – is at its very core outside the jurisdiction of this Court.  President Stivers' claims should be dismissed, with leave to re-assert them after the August 19, 2013 session, if appropriate.

A Proposed Order is filed herewith.

Respectfully Submitted,


_____/s/Christopher D. Wiest_____
Christopher D. Wiest (KBA 90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
859/495-0803 (f)
513/257-1895 (c)
chriswiestlaw@yahoo.com

 /s/Richard A. Brueggemann
Richard A. Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

*Counsel for Plaintiffs in Brown, et. al. v. Commonwealth, et. al.*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel for Defendants and Plaintiffs in the consolidated *Herbert* case, this 11th day of July, 2013, via the Court's CM/ECF system.


____/s/Christopher Wiest_____