IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.*, | : | |
| Plaintiffs, | : | **Case No. 2:13-CV-68-WOB-GFVT-DJB** |
| v. | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **MARTIN HERBERT,** *et al.*, | : | |
| Plaintiffs, | : | **Case No. 3:13-CV-25-WOB-GFVT-DJB** |
| v. | : | |
| **KENTUCKY STATE BOARD OF ELECTIONS,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO FRCP 41(a)(2) TO DISMISS PLAINTIFFS' CLAIMS FOR MONEY DAMAGES, PLAINTIFFS COUNT II (STATE CONSTITUTIONAL CLAIMS), AND TO DISMISS ROBERT STIVERS, PRESIDENT OF THE KENTUCKY SENATE (and the Kentucky Senate), and GREG STUMBO, SPEAKER OF THE KENTUCKY HOUSE OF REPRESENTATIVES (and the Kentucky House of Representatives) IN CASE NO. 13-CV-68-WOB-GFVT-DJB**

Plaintiffs seek to dismiss: (1) their claim for money damages; (2) their Count II State Constitutional claims; and (3) to dismiss Kentucky Speaker of the House Greg Stumbo (and the Kentucky House of Representatives) and Kentucky Senate President Robert Stivers (and the Kentucky Senate); all pursuant to FRCP 41(a)(2), without prejudice.  The Court's decision to grant/deny Plaintiff's Rule 41 request hinges on "whether a 'without prejudice' dismissal would

1

cause [Defendant's] to suffer plain legal prejudice." *Univ. Estates, Inc. v. City of Athens*, No. 2:09-cv-758, 2011 U.S. Dist. LEXIS 53414, at *4-*5 (S.D. Ohio May 18, 2011) (citing *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002), *Jones v. Lemke*, 178 F.3d 1294, [published in full-text format at 1999 U.S. App. LEXIS 2291], 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision), *Grover*, 33 F.3d at 718 (6th Cir. 1994)). In making this determination, the Court must consider four factors: (1) Defendant's effort and expense in preparation of trial; (2) any excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action; (3) the sufficiency of Plaintiff's explanation for the need of the dismissal; and (4) whether Defendant has filed a motion for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718). Courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues. *Lones v. S. Cent. Power Co.*, No. 04-883, 2005 U.S. Dist. LEXIS 46935, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005); *B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 352 (N.D. Ohio 1985); *Grover*, 33 F.3d at 718.

1. The claim for money damages

In the present matter, Plaintiffs have withdrawn, on the record, their claim for money damages. There is no effort or expense in preparing for trial – the trial phase of this matter is months away; there is no delay or lack of diligence on the part of Plaintiffs in prosecuting this matter; and the issues surrounding money damages are not and never have been, at the forefront of this litigation; finally, no Defendant has filed a Motion for Summary Judgment on this issue. The claim for money damages should be dismissed, without prejudice.

2. The state law claims under Count II

In the present matter, given the posture of the ACLU Plaintiffs, it is also appropriate to

2

withdraw and dismiss, without prejudice, the Count II state law claims.[1] There is no effort or expense in preparing for trial – the trial phase of this matter is months away; there is no delay or lack of diligence on the part of Plaintiffs in prosecuting this matter; and the issues surrounding the state law claims have not been at the forefront of this litigation; finally, no Defendant has filed a Motion for Summary Judgment on this issue. The claims under Count II of Plaintiffs' Complaint under the Kentucky Constitution should be dismissed, without prejudice.

3. <u>The claims against Speaker Stumbo (and the Kentucky House of Representatives) and President Stivers (and the Kentucky Senate)</u>

Neither President Stivers nor Speaker Stumbo have waived their legislative immunity – yet (though it could be argued that President Stivers, through his assertion of his counter-claims and cross-claims, did expressly waive legislative immunity). *See, e.g. Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640; 152 L. Ed. 2d 806 (2002) (removal by state to federal court waives Eleventh Amendment immunity).

Legislative immunity is an affirmative defense which can be waived or forfeited, and, unless raised, does not affect the power of a federal court to adjudicate. *See, e.g., Kingman Park Civic Ass'n v. Williams,* 358 U.S. App. D.C. 295, 348 F.3d 1033, 1039 (D.C. Cir. 2003) (mayor waived legislative immunity by expressly disavowing it in the district court); *Powell v. Ridge,* 247 F.3d 520, 531 (3d Cir. 2001) (Roth, J., concurring) ("legislative immunity may be waived");*Fraternal Order of Police v. City of Hobart,* 864 F.2d 551, 554 (7th Cir. 1988) (by failing to invoke legislative immunity in the district court, members of city counsel waived that defense). Indeed, sometimes legislators who are sued decide to forego legislative immunity and defend on the merits. *See, e.g., Martinez v. Bush,* 234 F. Supp. 2d 1275, 1278 (S.D. Fla. 2002) (three-judge court) (Florida redistricting case).

---

[1] Plaintiffs do not wish such withdrawal to be with prejudice – these claims may need to be litigated in state court, at a later juncture.

3

Furthermore, neither President Stivers (or the Kentucky Senate), nor Speaker Stumbo (or the Kentucky House of Representatives), unlike all of the other Defendants in this matter, are involved with the enforcement of the current maps or the enforcement or implementation of any new lines that may be drawn – those duties fall to other officials (the Kentucky Secretary of State, the Kentucky Governor, the Board of Elections). Given that posture, and, at present, the absence of an affirmative waiver of legislative immunity by either President Stivers (or the Kentucky Senate), or Speaker Stumbo (or the Kentucky House of Representatives), Plaintiffs move to dismiss them from this suit, without prejudice.[2]

The disposition of this issue may require waiting until the disposition of the pending Motions to Dismiss the cross and counterclaims, asserted by President Stivers, as between the parties.

Respectfully Submitted,

_____/s/Christopher D. Wiest_____
Christopher D. Wiest (KBA 90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
859/495-0803 (f)
513/257-1895 (c)
chriswiestlaw@yahoo.com

 /s/Richard A. Brueggemann
Richard A. Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)

---

[2] If these Defendants were to waive legislative immunity, then they would be entitled to remain in this action and participate.

4

rbrueggemann@hemmerlaw.com

*Counsel for Plaintiffs in Brown, et. al. v. Commonwealth, et. al.*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel for Defendants and Plaintiffs in the consolidated *Herbert* case, this 11th day of July, 2013, via the Court's CM/ECF system.

_____/s/Christopher Wiest_____

5