IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:13-CV-68-WOB-GFVT-DJB |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| **MARTIN HERBERT,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:13-CV-25-WOB-GFVT-DJB |
| | : | |
| v. | : | |
| | : | |
| **KENTUCKY STATE BOARD OF ELECTIONS,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFFS IN CASE NO. 13-CV-68-WOB-GFVT-DJB TO AMEND COMPLAINT AND/OR JOIN DEFENDANTS PURSUANT TO FRCP 15, 19, 21, and/or 25**

FRCP 15(a)(2) provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In determining whether to grant a motion to amend: "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 458-59 (6th Cir. 2001). "Delay by itself is not sufficient reason to deny a motion to

1

amend." *Id.*  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.*

The amended Complaint, attached, recognizes the removal of parties already dismissed, merely adds parties already part of this consolidated action in Herbert, as well as excludes claims already withdrawn, there is no "lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision."[1]  All of the factors warranting amendment are present.

These parties may be necessary and indispensable, invoking FRCP 19, which provides that parties must be joined when, "in that person's absence, the court cannot accord complete relief among existing parties."

FRCP 21 provides that:  "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  Finally, FRCP 25 provides for substitution.

The addition of the members of the State Board of Elections, and their Executive Director, who are already parties in the Herbert case, causes no adverse prejudice to any party, and their addition, as Defendants in the *Brown* case, may be necessary to effect any Orders issued by the Court.

Plaintiffs therefore seek leave to Amend, and add such parties.

---

[1] Because the FRCP 41(a)(2) Motion to withdraw, as parties, Speaker Stumbo and President Stivers has not yet been ruled upon – and, furthermore, it is the desire of Plaintiffs to keep both as parties if they so choose and waive legislative immunity, they were left as party Defendants to the Amended Complaint.

2

Respectfully Submitted,


_____/s/Christopher D. Wiest_____
Christopher D. Wiest (KBA 90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
859/495-0803 (f)
513/257-1895 (c)
chriswiestlaw@yahoo.com

 /s/Richard A. Brueggemann
Richard A. Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

*Counsel for Plaintiffs in Brown, et. al. v. Commonwealth, et. al.*


**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon counsel for Defendants and Plaintiffs in the consolidated *Herbert* case, this 12th day of July, 2013, via the Court's CM/ECF system.


_____/s/Christopher Wiest_____