IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL

| | |
|---|---|
| **KENNY BROWN** | **:** Case No. 2:13-CV-68-WOB-GFVT-DJB |
| in his official capacity as the Boone County Clerk, and individually | **:** |
| 2950 Washington St | |
| Burlington, KY 41005 | **:** |
| **AND** | **:** |
| **STEVE ARLINGHAUS, individually** | **:** |
| 2549 Thirs Drive | |
| Villa Hills, KY 41017 | **:** |
| **AND** | **:** |
| **PHYLLIS SPARKS** | **:** |
| 1750 Beaver Road | |
| Walton, KY, 41094 | **:** |
| **AND** | **:** |
| **CATHY FLAIG** | **:** |
| 4072 Limaburg Road | |
| Hebron, KY, 41048 | **:** |
| **AND** | **:** |
| **BRETT GASPARD** | **:** |
| 640 Turfrider Ct. | |
| Walton, KY, 41094 | **:** |
| **AND** | **:** |
| **TERRY DONOGHUE** | **:** |
| 1619 Battery Circle | |
| Hebron, KY, 41048 | **:** |
| **AND** | **:** |
| **LAWRENCE ROBINSON** | **:** |
| 56 Spring Place | |
| Cold Spring, KY 41076 | **:** |
| **AND** | **:** |

1

| | |
|---|---|
| **KENNETH MOELLMAN** <br> 9117 Persimonn Grove Pk. <br> Alexandria, KY 41001 | : |
| **AND** | : |
| **GARTH KUHNHEIN** <br> 3084 Prestwicke Dr <br> Edgewood, KY 41017 | :    **PLAINTIFFS' AMENDED** <br>    **COMPLAINT; THREE JUDGE** |
| **AND** | :    **COURT REQUESTED UNDER** <br>    **28 USC § 2284** |
| **TIMOTHY J. JONES** <br> 3119 Hergott Drive <br> Edgewood, KY 41017 | : |
| **AND** | : |
| **BRANDON VOELKER** <br> 5 Jude Point <br> Cold Spring, KY 41076 | : |
| **AND** | : |
| **GARRY MOORE, individually** <br> 1496 Tuscan Court, Unit 212 <br> Florence, KY 41042 | : |
|      Plaintiffs | : |
| v. | : |
| **STEVE BESHEAR, GOVERNOR OF THE COMMONWEALTH OF KENTUCKY** <br>     in his official capacity <br> Serve: JACK CONWAY, Attorney General <br>        700 Capitol Avenue, Suite 118 <br>        Frankfort, Kentucky 40601 | : <br><br> : <br><br> : |
| **AND** | : |
| **ALLISON LUNDERGAN GRIMES** <br> **SECRETARY OF STATE OF THE COMMONWEALTH OF KENTUCKY** <br>     in her official capacity | : |

2

|  |  |
|---|---|
| **as Secretary of State and Chair of the State Board of Elections** | : |
| Serve: JACK CONWAY, Attorney General | : |
| 700 Capitol Avenue, Suite 118 | |
| Frankfort, Kentucky 40601 | : |
| **AND** | : |
| **GREG STUMBO, SPEAKER OF THE HOUSE OF REPRESENTATIVES (and the Kentucky House of Representatives)** | : |
| in his official capacity | : |
| Serve: JACK CONWAY, Attorney General | : |
| 700 Capitol Avenue, Suite 118 | |
| Frankfort, Kentucky 40601 | : |
| **AND** | : |
| **ROBERT STIVERS, PRESIDENT OF THE KENTUCKY SENATE (and the Kentucky Senate)** | : |
| in his official capacity | : |
| Serve: JACK CONWAY, Attorney General | : |
| 700 Capitol Avenue, Suite 118 | |
| Frankfort, Kentucky 40601 | : |
| **AND** | : |
| **THE KENTUCKY STATE BOARD OF ELECTIONS,** | : |
| Serve: JACK CONWAY, Attorney General | : |
| 700 Capitol Avenue, Suite 118 | |
| Frankfort, Kentucky 40601 | : |
| **AND** | : |
| **DAVID CROSS, MEMBER STATE BOARD OF ELECTIONS,** | : |
| in his official capacity | : |
| Serve: JACK CONWAY, Attorney General | : |
| 700 Capitol Avenue, Suite 118 | |
| Frankfort, Kentucky 40601 | : |
|  | : |
| **AND** | |
|  | : |
| **JOHN HAMPTON, MEMBER STATE BOARD** | |

**OF ELECTIONS,**
    **in his official capacity**          :
**Serve: JACK CONWAY, Attorney General**
    **700 Capitol Avenue, Suite 118**        :
    **Frankfort, Kentucky 40601**
                                         :

**AND**
                                             :

**STEPHEN HUFFMAN, MEMBER STATE**
**BOARD OF ELECTIONS,**          :
    **in his official capacity**
**Serve: JACK CONWAY, Attorney General**     :
    **700 Capitol Avenue, Suite 118**
    **Frankfort, Kentucky 40601**     :

**AND**          :

**DENISE MAY, MEMBER STATE BOARD**     :
**OF ELECTIONS,**
    **in her official capacity**          :
**Serve: JACK CONWAY, Attorney General**
    **700 Capitol Avenue, Suite 118**
    **Frankfort, Kentucky 40601**
                                         :

**AND**
                                             :

**GEORGE RUSSELL, MEMBER STATE**
**BOARD OF ELECTIONS,**          :
    **in his official capacity**
**Serve: JACK CONWAY, Attorney General**     :
    **700 Capitol Avenue, Suite 118**
    **Frankfort, Kentucky 40601**     :

**AND**          :

**ROY SIZEMORE, MEMBER STATE BOARD**     :
**OF ELECTIONS,**
    **in his official capacity**          :
**Serve: JACK CONWAY, Attorney General**
    **700 Capitol Avenue, Suite 118**     :
    **Frankfort, Kentucky 40601**
                                         :
**AND**
                                           :

**MARYELLEN ALLEN, EXECUTIVE**
**DIRECTOR, KENTUCKY STATE BOARD**     :

4

OF ELECTIONS, :
    in her official capacity
Serve: JACK CONWAY, Attorney General :
      700 Capitol Avenue, Suite 118
      Frankfort, Kentucky 40601
          :
AND
          :
KENTUCKY LEGISLATIVE RESEARCH
COMMISSION :
Serve: JACK CONWAY, Attorney General
      700 Capitol Avenue, Suite 118 :
      Frankfort, Kentucky 40601
          :
    **Defendants**
          :

Plaintiffs, by and through counsel, for their Amended Complaint, allege as follows:

## INTRODUCTION

1. This is an action involving intentional, purposeful violations by Defendants of the constitutional rights of the Plaintiffs, including a public official and many other Kentucky citizens related to the failure to conduct a constitutional redistricting following the 2010 Census data, resulting in a great number of districts being under-represented, well beyond the 10% permissible deviation, in the Kentucky House and Kentucky Senate, violating the "one person one vote" guaranteed by the Equal Protection Clause of the United States Constitution as determined by the United States Supreme Court in *Reynolds v. Simms*, 377 U.S. 533 (1964), as well as similar provisions in the Kentucky Constitution. Specifically, the failure to conduct constitutional redistricting represents a contrived effort on the part of certain incumbent legislators to hold their State House and State Senate seats and refuse to enact constitutional redistricting, despite ample opportunity to do so, to prevent adequate representation in Northern Kentucky, in light of a significant population shift within Kentucky towards, in particular, the Northern Kentucky area. This suit seeks injunctive and

5

declaratory relief under 42 U.S.C. § 1983, and attorney fees under 42 U.S.C. 1988 and 42 U.S.C. 1973l.

## PARTIES

2. At all relevant times herein, Plaintiff, Kenny Brown was a resident of Boone County, who resides at 1056 Hampshire Place, Florence, KY 41042, serves as the Boone County Clerk, and is a registered voter and elector in Kentucky. More specifically, Mr. Brown resides in the 66th Kentucky House District and the 11th Kentucky Senate District. Mr. Brown brings this suit in his official capacity, as Boone County Clerk, the chief elections officer for Boone County, which includes the 60th, 66th, and 69th House Districts, as well as the 11th Senate District. Mr. Brown also brings this suit in his individual and personal capacity as a voter and resident of Boone County and the 66th Kentucky House District and the 11th Kentucky Senate District. Mr. Brown voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

3. At all relevant times herein, Plaintiff, Steve Arlinghaus was a resident of Kenton County, who resides at 2549 Thirs Dr., Villa Hills, KY 41017, serves as the Kenton County Judge/Executive, and is a registered voter and elector in Kentucky. More specifically, Mr. Arlinghaus resides in the 63th Kentucky House District and the 23rd Kentucky Senate District. Mr. Arlinghaus brings this suit in his individual capacity as a voter and resident of Kenton County and the 63rd Kentucky House District and the 23rd Kentucky Senate District. Mr. Arlinghaus voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

4. At all relevant times herein, Plaintiff, Phyllis Sparks was a resident of Boone County, who resides at 1750 Beaver Road, Walton, KY 41094, intends to file as a candidate for Boone

County Commissioner, and is a registered voter and elector in Kentucky. More specifically, Mrs. Sparks resides in the 60th Kentucky House District and the 11th Kentucky Senate District. Mrs. Sparks brings this suit in her individual and personal capacity as a voter and resident of Boone County and the 60th Kentucky House District and the 11th Kentucky Senate District. Mrs. Sparks voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

5. At all relevant times herein, Plaintiff, Cathy Flaig was a resident of Boone County, who resides at 4072 Limaburg Road, Hebron, KY, 41048, was a Boone County Commissioner and a former candidate for Boone County Judge/Executive. Mrs. Flaig is a registered voter and elector in Kentucky, and more specifically resides in the 66th Kentucky House District and the 11th Kentucky Senate District. Mrs. Flaig ran in the 2012 Primary Election for the 66th Kentucky House District and might desire to run in a new district if or when created. Mrs. Flaig brings this suit in her individual and personal capacity as a voter and resident of Boone County and the 66th Kentucky House District and the 11th Kentucky Senate District. Mrs. Flaig voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

6. At all relevant times herein, Plaintiff, Brett Gaspard was a resident of Boone County, who resides at 640 Turfrider Ct., Walton, KY, 41094, and is a registered voter and elector in Kentucky. More specifically, Mr. Gaspard resides in the 69th Kentucky House District and the 11th Kentucky Senate District. Mr. Gaspard brings this suit in his individual and personal capacity as a voter and resident of Boone County and the 69th Kentucky House District and the 11th Kentucky Senate District. Mr. Gaspard voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

7. At all relevant times herein, Plaintiff, Terry Donoghue was a resident of Boone County, who resides at 1619 Battery Circle, Hebron, KY, 41048, and is a registered voter and elector in Kentucky, and more specifically resides in the 66th Kentucky House District and the 11th Kentucky Senate District. Mr. Donoghue brings this suit in his individual and personal capacity as a voter and resident of Boone County and the 66th Kentucky House District and the 11th Kentucky Senate District. Mr. Donoghue voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

8. At all relevant times herein, Plaintiff, Lawrence Robinson was a resident of Campbell County, who resides at 56 Spring Place, Cold Spring, KY 41076, and is a registered voter and elector in Kentucky, and more specifically resides in the 68th Kentucky House District and the 24th Kentucky Senate District. Mr. Robinson brings this suit in his individual and personal capacity as a voter and resident of Campbell County and the 68th Kentucky House District and the 24th Kentucky Senate District. Mr. Robinson voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

9. At all relevant times herein, Plaintiff, Garth Kuhnhein was a resident of Kenton County, who resides at 3084 Prestwicke Dr, Edgewood, KY 41017, and is a registered voter and elector in Kentucky, and more specifically resides in the 63rd Kentucky House District and the 23rd Kentucky Senate District. Mr. Kuhnhein brings this suit in his individual and personal capacity as a voter and resident of Kenton County and the 63rd Kentucky House District and the 23rd Kentucky Senate District. Mr. Kuhnhein voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

10. At all relevant times herein, Plaintiff, Timothy Jones was a resident of Kenton County, who resides at 3119 Hergott Drive, Edgewood, KY 41017, and is a registered voter and elector in

Kentucky, and more specifically resides in the 63rd Kentucky House District and the 23rd Kentucky Senate District. Mr. Jones brings this suit in his individual and personal capacity as a voter and resident of Kenton County and the 63rd Kentucky House District and the 23rd Kentucky Senate District. Mr. Jones voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

11. At all relevant times herein, Plaintiff, Ken Moellman was a resident of Campbell County, who resides at 9117 Persimonn Grove Pk., Alexandria, KY 41011, and is a registered voter and elector in Kentucky, and more specifically resides in the 78th Kentucky House District and the 24th Kentucky Senate District. Mr. Moellman brings this suit in his individual and personal capacity as a voter and resident of Kenton County and the 63rd Kentucky House District and the 23rd Kentucky Senate District. Mr. Moellman voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

12. At all relevant times herein, Plaintiff, Brandon Voelker was a resident of Campbell County, who resides at 5 Jude Point, Cold Spring, KY 41076, and is a registered voter and elector in Kentucky, and more specifically resides in the 68th Kentucky House District and the 24th Kentucky Senate District. Mr. Voelker brings this suit in his individual and personal capacity as a voter and resident of Kenton County and the 68th Kentucky House District and the 24th Kentucky Senate District. Mr. Voelker voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

13. At all relevant times herein, Plaintiff, Garry Moore was a resident of Boone County, who resides at 1496 Tuscan Court, Unit 212, Florence, KY 41042, serves as the Boone County Judge/Executive, and is a registered voter and elector in Kentucky. More specifically, Mr. Moore resides in the 60th Kentucky House District and the 11th Kentucky Senate District.

Mr. Moore brings this suit in his individual capacity as a voter and resident of Boone County and the 60th Kentucky House District and the 11th Kentucky Senate District. Mr. Moore voted in the 2012 primary and general elections and will vote in the 2014 primary and general elections.

14. Defendant Steve Beshear is and was at all relevant times herein the duly elected executive and Governor of the Commonwealth of Kentucky. Among other things, Defendant Beshear has the ability to call a special legislative session to take up redistricting under Section 80 of the Kentucky Constitution, and the ability to approve or veto legislative reapportionment under Section 88 of the Kentucky Constitution.

15. Defendant Allison Lundergan Grimes is and was at all relevant times herein the duly elected Kentucky Secretary of State, the Chairwoman of the Kentucky State Boar of Elections, responsible for administering and enforcing the election laws of the state, and is the Chief Elections Officer for the state, and is directed by state law, K.R.S. 5.005, to be named in any suit regarding redistricting.

16. Defendant Greg Stumbo is and was at all relevant times herein the duly elected Speaker of the House of Representatives, and in that capacity controls the business of the Kentucky House of Representatives; Speaker Stumbo is sued in his capacity as Speaker along with, and as the chief officer of the Kentucky House of Representatives; the Kentucky House of Representatives is sued in its capacity as a body politic, and co-equal branch of the Kentucky Legislature.

17. Defendant Robert Stivers is and was at all relevant times herein the duly elected President of the Kentucky Senate, and in that capacity controls the business of the Kentucky Senate; President Stivers is sued in his capacity as President of the Senate along with, and as the

10

Chief Officer of the Kentucky Senate; the Kentucky Senate is sued in its capacity as a body politic, and co-equal branch of the Kentucky Legislature.

18. Defendant Kentucky State Board of Elections is and was at all relevant times herein the Kentucky Agency, established by Kentucky Revised statutes, responsible for the administration of elections in Kentucky, and is responsible for, among other things, Kentucky's compliance with federal and state election law.

19. Defendants David Cross, John Hampton, Stephen Huffman, Denise May, George Russell, and Roy Sizemore, are Board Members of the Kentucky State Board of Elections, which is responsible for administering and enforcing the election laws of the state.

20. Defendant Kentucky Legislative Research Commission is and was at all relevant times herein the administrative and staffing arm of the Kentucky General Assembly, responsible for, among other things, providing support, data, and other assistance with legislation and redistricting.

## JURISDICTION AND VENUE

21. Subject matter jurisdiction over the claims and causes of action asserted by Plaintiffs in this case is conferred on this Court pursuant to 42 U.S.C. §1983, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

22. 28 U.S.C. § 2282(a) provides that a three judge panel must be appointed to hear this matter.

23. Venue in this district is proper pursuant to 28 U.S.C. §1391 and other applicable law.

24. Venue in this division is appropriate, since all of the deprivations of Plaintiffs' Constitutional Rights occurred in Boone, Kenton, and/or Campbell County, and future deprivations of Plaintiffs' Constitutional Rights are threatened to occur in this division.

## FACTS COMMON TO ALL CLAIMS

25. In 2000 and 2010, the United States Census Bureau conducted a census of the Commonwealth of Kentucky (the Commonwealth). In 2000, the Commonwealth's population was 4,041,769, and in 2010, the population had grown to 4,339,367. On March 17, 2011, Kentucky received its 2010 census data.

26. In addition to population growth, the Commonwealth's population shifted between 2000 and 2010 – away from rural areas, and towards the more urban and suburban areas of Louisville, Lexington, and Northern Kentucky.

27. The Commonwealth has 100 House of Representative Districts and 38 Kentucky Senate Districts.

28. Thus, after the 2010 census, the ideal population for a Kentucky House of Representative District is 43,394, and the ideal population for a Kentucky Senate District is 114,194.

29. The population of each Kentucky House District and Kentucky State Senate District, as currently drawn, was in force for the 2012 primary and general elections, held in May and November, 2012, respectively. Each district likewise contained the current deviations from the "ideal" population, and the deviation from the smallest districts.

30. Each district's populations, and their deviations from "ideal" and from the smallest districts are set forth more fully and attached and incorporated by reference as Exhibits A (Kentucky House) and B (Kentucky Senate), respectively.

31. The deviation from the ideal district for Kentucky House districts to the largest district is 42.70%; the deviation from the smallest district in population to the largest is 74.33%.

32. The deviation from the ideal district for the Kentucky Senate district to the largest district is 20.20%; the deviation from the smallest district to the largest district is 45.72%.

12

33. As respects Plaintiffs herein, certain of the Plaintiffs reside in Kentucky's 11th Senatorial District. That district has the largest population in the Commonwealth of Kentucky, of 137,257 persons, and deviates from the ideal district by a margin of 20.20%; the deviation from the smallest district is 45.72%.

34. Certain other Plaintiffs reside in Kentucky's 17th Senatorial District, with a population of 133,728, which deviates from the ideal district by a margin of 17.11%; the deviation from the smallest district is 41.97%.

35. Certain other Plaintiffs reside in Kentucky's 24th Senatorial District, with a population of 105,213, which deviates from the smallest district by 11.70%.

36. Certain other Plaintiffs reside in the 60th House District, with a population of 61,922, which deviates from the ideal district by a margin of 42.70%; the deviation from the smallest district is 74.33%.

37. Certain other Plaintiffs reside in the 63rd House District, with a population of 40,380, which deviates from the smallest district by a margin of 13.69%.

38. Certain other Plaintiffs reside in the 66th House District, with a population of 52,522, which deviates from the ideal district by a margin of 21.04%; the deviation from the smallest district is 47.87%.

39. Certain other Plaintiffs reside in the 68th House District, with a population of 42,414, which deviates from the smallest district by 19.41%.

40. Certain other Plaintiffs reside in the 69th House District, with a population of 43,827, which deviates from the smallest district by 23.39%.

41. Certain other Plaintiffs reside in the 70th House District, with a population of 40,326, which deviates from the smallest district by 13.53%.

42. In January, 2012, the General Assembly passed a redistricting plan – the plan for the Kentucky House of Representatives, which was the most egregious of the two houses, split 28 counties and 246 precincts, although only 22 counties under that plan had populations that exceed the roughly 43,000 people that each district must contain.

43. Suit was subsequently brought in the Franklin Circuit Court following the January, 2012 redistricting, which struck down the January, 2012 redistricting plan, ruling only on the unconstitutional (under the Kentucky Constitution) House plan, and striking down the Senate plan due to a lack of a severability clause in the legislation.

44. The Kentucky Supreme Court upheld the striking down of the January, 2012 redistricting plan on April 26, 2012, in *Legislative Research Comm'n v. Fischer*, 366 S.W.3d 905 (Ky 2012).

45. The Franklin Circuit Court stayed the implementation of the January, 2012 redistricting plan, forcing the earlier plan as set forth in K.R.S. 5.100, *et. seq.* and K.R.S. 5.200, *et. seq.* to remain in effect for the 2012 elections.  Thus, significant voter dilution occurred for the 2012 elections in contravention of the "one person one vote" principle of equal protection in the United States Constitution as determined by the United States Supreme Court in *Reynolds v. Simms*, 377 U.S. 533 (1964), as well as similar provisions in the Kentucky Constitution.

46. The 2013 legislative session ended, without redistricting having been passed.

47. Nevertheless, certain plans have been proposed, including a plan in the Kentucky House of Representatives that excludes the populations of prisoners within legislative districts – even though this population was included for purposes of Congressional redistricting.  The plan to exclude prison populations is in contravention of the U.S. and Kentucky Constitutions.

48. The 2014 legislative session will begin, pursuant to Kentucky Constitution § 36, the first Tuesday after the first Monday in January, 2014, which is January 14, 2014.

49. The filing deadline for candidates to file for legislative offices for the 2014 election is January 28, 2014.  K.R.S. 118.165; K.R.S. 118A.160.

50. Thus, a mere 14 days will pass between the start of the session and the filing deadline for candidates to file for legislative offices.

51. The earliest date a candidate can file for office for legislative offices is November 16, 2013. K.R.S. 118.125; K.R.S. 118.165; K.R.S. 118.315.

52. The general election day for 2014 is November 4, 2014.  A candidate filing for Kentucky House and Kentucky Senate must reside in their district for one year prior to the date of their election.  That means a candidate must reside in the district created as of November 4, 2013 in order to qualify as a candidate by the general election on November 4, 2014.  Ky. Const. § 32.  Thus, if redistricting does not occur prior to November 4, 2013, Plaintiffs will be harmed in that they might be drawn into a different district than where they intended to run and be denied the right to stand as a candidate.  Unless the districts are drawn prior to November 4, 2013, such persons will not have the opportunity to move into redrawn districts, if they so choose, to run against incumbent candidates.

53. Given the failure of the Kentucky General Assembly to pass a constitutional and lawful map in the 2011, 2012, or 2013 sessions, including allowing a primary and general election cycle to occur with an unconstitutional map in 2012, it is substantially certain that such condition will continue through November 4, 2013, and into and through the 2014 session without judicial intervention.

54. Furthermore, Plaintiffs will suffer a significant hardship if redistricting does not occur prior to the 2014 session – specifically, Plaintiffs cannot ascertain what the districts will be to potentially run for office in; furthermore, Plaintiff Brown cannot effectively plan to administer and prepare for a May, 2014, primary election if the district lines are not set before January, 2014.

55. Plaintiffs will suffer an even greater injury if constitutional redistricting does not occur in the 2014 session – with their votes *again* significantly diluted in violation of the Equal Protection Clause.

56. Finally, this Court's failure to act before the next election forces voters to vote in an election which may be constitutionally defective. Although a subsequent court may strike down the apportionment plan, there is no procedure for removing from office the officials elected under the defective plan. Thus, a delayed decision in such a case strike[s] at the heart of representative government.

## COUNT I – VIOLATION OF EQUAL PROTECTION (federal)

57. Plaintiffs hereby reincorporate the preceding paragraphs as if fully set forth herein.

58. Plaintiffs are citizens of the United States of America.

59. Plaintiffs have a clearly established right under the United States Constitution and its statutes to equal protection under the law, equal access to vote and equal right to vote and representation.

60. Defendants, using their respective offices and acting under color of state law, have deliberately failed to constitutionally redistrict, which has deprived Plaintiffs, who are citizens of the United States, of the Equal Protection of Laws, in violation of the Fourteenth Amendment of the U.S. Constitution, which rights are clearly established, and therefore

subjected themselves to liability under 42 U.S.C. § 1983, injunctive relief, and declaratory relief under 28 U.S.C. § 2201.

61. The Fourteenth Amendment of the U.S. Constitution provides, in relevant part, that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

62. Defendants abused the authority of their respective offices and, while acting under color of law and with knowledge of Plaintiffs' established rights, used their offices to violate their rights to equal protection under the law, equal access to vote and equal right to vote and representation. Equal protection of the laws includes protection from vote dilution, and requires that legislative districts be roughly equal under the U.S. Supreme Court decision in *Reynolds v. Simms*, 377 U.S. 533 (1964). More specifically, while deviations of less than 10% may be unconstitutional, under *Cox v. Larios*, 542 U.S. 947 (2004), deviations of greater than 10% create a *prima facie* discrimination case pursuant to *Brown v. Thomson*, 462 U.S. 835 (1983).

63. Plaintiffs therefore seek declaratory relief, and prospective injunctive relief, forcing Defendants to submit and utilize, or have the court draw and the Plaintiffs submit, if necessary, a constitutional map and constitutional districts prior to the November 16, 2013 early filing date and the November 4, 2013 residency deadline, to enjoin Defendants from utilizing the current, unconstitutional maps; as well as attorney fees under 42 U.S.C. § 1988 and 42 U.S.C. § 1973l(e).

**WHEREFORE**, Plaintiffs demand judgment as prayed for, including:

A. That a three judge panel under 28 U.S.C. § 2284 be established.

B. That this Court issue a declaration, under federal law, that the current maps, contained in K.R.S. 5.100, *et. seq.* and K.R.S. 5.200, *et. seq.* are unconstitutional;

C. That this Court award injunctive relief, prohibiting the use of current unconstitutional districts and maps, permit Defendants to submit and enact constitutional maps and legislative districts as soon as possible, or, in the absence or failure of such submittals and enactment, allowing Plaintiffs to propose a map and districts to the Court, and this Court draw and impose appropriate legislative districts for the 2014 Kentucky House and Senate primary and general elections and such additional elections until Defendants enact constitutional maps and legislative districts;

D. That Plaintiffs be awarded their costs in this action, including reasonable attorney fees; and

E. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chriswiestlaw@yahoo.com


/s/Rick Brueggemann_____
Rick Brueggemann (90619)
Hemmer DeFrank, PLLC
250 Grandview Dr.

18

                                                Fort Mitchell, KY 41017
                                                859/578-3855 (v)
                                                859/578-3869 (f)

                                                **Attorneys for Plaintiffs**