# DEFENDANT LRC'S EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | | |
|---|---|---|
| KENNY BROWN, *et al.*, | : | Case No. 13-CV-68-WOB-GFVT-DJB |
| Plaintiffs, | : | |
| | : | Judge William O. Bertelsman |
| v. | : | Judge Danny J. Boggs |
| COMMONWEALTH OF KENTUCKY, *et al.*, | : | Judge Gregory F. Van Tatenhove |
| Defendants. | : | |

| | | |
|---|---|---|
| MARTIN HERBERT, *et al.*, | : | Case No. 13-CV-25-WOB-GFVT-DJB |
| Plaintiffs, | : | Judge William O. Bertelsman |
| v. | : | Judge Danny J. Boggs |
| KENTUCKY STATE BOARD OF ELECTIONS, *et al.*, | : | Judge Gregory F. Van Tatenhove |
| Defendants. | : | |

## *BROWN* PLAINTIFFS RESPONSE TO DEFENDANT, ALISON LUNDERGAN GRIMES FIRST SET OF INTERROGATORIES DIRECTED TO THE *BROWN* PLAINTIFFS

Plaintiffs in *Kenny Brown, et. al. v. Commonwealth, et. al.*, Case No. 13-CV-68- WOB-GFVT-DJB by and through their respective Counsel, hereby respond to Defendant, Alison Lundergan Grimes First Set of Interrogatories Directed to the *Brown* Plaintiffs.

Plaintiffs' answers and responses are made subject to the following which are preserved wherever applicable, and are applied as general objections that are not waived:

1. All questions as to competency, relevancy, materiality, privilege, and admissibility of the answers and responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including the hearing of this action) and in any other action;

2. The right to object to the use of any such answer or response, or the subject matter thereof, on any ground in any further proceedings of this action (including the trial of this action) and in any other action;

3. The right at any time to revise, correct, add to, supplement, or clarify any of the answers and responses or objections contained herein and to provide information and produce evidence of any subsequently discovered facts; and

4. The right to assert additional privileges if warranted by new documents or evidence discovered at a later date.

## General Objections

1. Plaintiffs object to these discovery requests and all definitions and instructions provided by Defendant to the extent Defendant seeks to impose any duty upon Plaintiffs beyond those envisioned in the Federal Rules of Civil Procedure.

2. Plaintiffs object to those discovery requests and all definitions and instructions to the extent they may be deemed to seek disclosure of documents or information protected by the attorney-client privilege or work product doctrine.

3. Plaintiffs object to these discovery requests and all definitions and instructions to the extent they may be deemed to seek disclosure of the mental impressions or legal strategies of its attorneys, which are protected from disclosure by the work product doctrine.

4. Plaintiffs object to Defendant's interrogatories and document requests to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs object to Defendant's interrogatories to the extent they call for a narrative response.

6. Plaintiffs object to Defendant's interrogatories and document requests to the extent they seek information that is not limited to time periods relevant to this litigation.

7. Plaintiffs object to Defendant's interrogatories and document requests to the extent they call for information already known to, in the possession of, or otherwise available to the requesting party or its representatives.

8. Plaintiffs object to Defendant's interrogatories and document requests to the extent they seek information that is repetitive, internally or with regard to other discovery propounded by Plaintiffs.

9. Plaintiffs object to any interrogatory and document request that is moot, vague, ambiguous or unclear.

1. Please describe each fact and each document supporting, contradicting, or in any way relating to your allegation in numerical paragraph 62 of the Complaint that the Secretary of State has "deliberately failed to constitutionally redistrict."

RESPONSE: Objection. This interrogatory is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. Plaintiffs further object to the characterization in this interrogatory of paragraph 62 of the Complaint as if the allegations therein applied exclusively and specifically to the Secretary of State. Further objecting, this request is inappropriate for initial discovery as contemplated by the Court's scheduling order and is in violation of same, and is likewise inappropriate and irrelevant given Plaintiffs' previous voluntary withdrawal of their claims for money damages; furthermore, this Interrogatory calls for information that may be protected by the attorney-client and/or work product doctrine. Without waiving these objections and in the spirit of cooperation envisioned under the Civil Rules, without revealing information covered by the attorney-client and/or work product doctrine, Plaintiffs state as follows:

The Secretary of State, after the Commonwealth of Kentucky received March, 2011, 2010 Census data: (1) failed to propose maps that met the requirements of the United States and Kentucky Constitutions to the Kentucky General Assembly; (2) failed to declare or state to the Kentucky General Assembly that the 2012 redistricting was unconstitutional; (3) deliberately and willfully conducted the 2012 elections using unconstitutional maps in violation of the United States and Kentucky Constitutions; (4) conducted a special election in June, 2013, for a legislative house district that, in combination with other districts was constitutionally mal-apportioned; and (5) the Kentucky Secretary of State, as Chief Elections Officer, as provided in K.R.S. 117.015, is responsible, as a board member and chair, for the administration of the election laws of the state; in that capacity, the Kentucky Secretary of State should have, but failed to, vindicate the rights of Kentuckians to free and fair constitutional elections by seeking judicial relief following the receipt of the 2010 Census data, given the failure of the Kentucky General Assembly to pass constitutional redistricting maps.

2. Please describe each fact and each document supporting, contradicting, or in any way relating to your allegation in numerical paragraph 62 of the Complaint that the State Board of Elections has "deliberately failed to constitutionally redistrict."

RESPONSE: Objection. Plaintiffs incorporate their objections stated in their response to interrogatory No. 1 as if restated here verbatim. Plaintiffs further object to the characterization in this interrogatory of paragraph 62 of the Complaint as if the allegations therein applied exclusively and specifically to the State Board of Elections. Without waiving these objections or revealing information covered by the attorney-client and/or work product doctrine and in the spirit of cooperation envisioned under the Civil Rules, Plaintiffs state:

The State Board of Elections, and specifically its members, after the Commonwealth of Kentucky received March, 2011, 2010 Census data: (1) failed to propose maps that met the requirements of the United States and Kentucky Constitutions to the Kentucky General Assembly; (2) failed to declare or state to Kentucky General Assembly that the 2012 redistricting was unconstitutional; (3) deliberately and willfully conducted the 2012 elections using unconstitutional maps in violation of the United States and Kentucky Constitutions; (4) conducted a special election in June, 2013, for a legislative house district that, in combination with other districts was constitutionally mal-apportioned; and (5) the Kentucky State Board of Elections, as provided in K.R.S. 117.015, is responsible for the administration of the election laws of the state; and in that capacity, the Kentucky State Board of Elections should have, but failed to, vindicate the rights of Kentuckians to free and fair constitutional elections by seeking judicial relief following the receipt of the 2010 Census data, given the failure of the Kentucky General Assembly to pass constitutional redistricting maps.

3. Please describe each fact and each document supporting, contradicting, or in any way relating to your allegation in numerical paragraph 64 of the Complaint that the Secretary of State "abused the authority of [her] respective office[] and, while acting under color of law and with knowledge of Plaintiffs' established rights, used [her] office[] to violate their rights to equal protection under the law, equal access to vote and equal right to vote and representation."

RESPONSE: Objection. Plaintiffs incorporate their objections and answers stated in their response to interrogatory No. 1 as if restated here verbatim. Without waiving these objections, or revealing information covered by the attorney-client and/or work product doctrine and in the spirit cooperation envisioned under the Civil Rules, Plaintiffs further object to the characterization in this interrogatory of paragraph 64 of the Complaint as if the allegations therein applied exclusively and specifically to the Secretary of State:

See response to Interrogatory No. 1.

4. Please describe each fact and each document supporting, contradicting, or in any way relating to your allegation in numerical paragraph 64 of the Complaint that the State Board of Elections "abused the authority of [its] respective office[] and, while acting under color of law and with knowledge of Plaintiffs' established rights, used [its] office[] to violate their rights to equal protection under the law, equal access to vote and equal right to vote and representation."

RESPONSE: Plaintiffs incorporate their objections and answers stated in their response to interrogatory No. 2 as if restated here verbatim. Without waiving these objections or revealing information covered by the attorney-client and/or work product doctrine, and in the spirit cooperation envisioned under the Civil Rules, Plaintiffs further object to the characterization in this interrogatory of paragraph 64 of the Complaint as if the allegations therein applied exclusively and specifically to the Kentucky Board of Elections:

See response to Interrogatory No. 2.

5. Please enumerate any and all money damages that you claim in numerical paragraph 66 of the Complaint you continue to suffer as a result of the alleged constitutional violations that are the subject of this lawsuit.

RESPONSE: Objection. This interrogatory is overly broad, unduly burdensome, and not likely to lead to the discovery of relevant information. Further objecting, this interrogatory is inappropriate and irrelevant given Plaintiffs' withdrawal of their claims for money damages. Finally, this Interrogatory calls for information that is protected by the attorney-client and/or work product doctrine. Without waiving these objections and in the spirit of cooperation envisioned under the Civil Rules, Plaintiffs state that:

Plaintiffs no longer have a claim in this Action for money damages, but have retained their

claims for attorney fees. Answering further without waiving the foregoing objections, Plaintiffs

5

have suffered vote dilution, inadequate representation in their legislature, and damage as a result of having to undergo an election with unconstitutional boundaries, and confusion as to appropriate districts and voter data as a result of the unconstitutional districts drawn in 2011. Without waiving the foregoing objections and further answering, Northern Kentucky, where Plaintiffs live, receive only a fraction in value of the tax money paid to Frankfort in government services such as infrastructure improvements, services, schools and other areas, which fact only amplifies the damages caused by taxation without representation. The damages are capable of calculation by the amount of tax revenues Plaintiffs have paid to Frankfort since March, 2011, or a portion thereof, by an equal percentage of mal-apportionment suffered. Further answering and subject to the foregoing objections, Plaintiffs also have claims for attorney fees – which although not treated as damages but costs under 42 USC 1988 and 42 USC 1973l – those fees continue to increase every day, indeed the fees are escalating in part due to Plaintiffs having to propound discovery to Defendants to prove straightforward facts such as population data, or in responding to discovery requests that do not significantly advance the merits of the case to its conclusion.

**6. Please describe each fact and each document supporting, contradicting, or in any way relating to your allegation in numerical paragraph 71 of the Complaint that the Secretary of State "fail[ed] to conduct constitutional redistricting."**

**RESPONSE: Plaintiffs incorporate their objections and answers stated in their response to interrogatory No. 1 as if restated here verbatim. Plaintiffs further object to the characterization in this interrogatory of paragraph 71 of the Complaint as if the allegations therein applied exclusively and specifically to the Secretary of State. Without waiving these objections or revealing information covered by the attorney-client and/or work product doctrine:**

See response to Interrogatory No. 1.

**7. Please describe each fact and each document supporting, contradicting, or in any way relating to your allegation in numerical paragraph 71 of the Complaint that the State Board of Elections "fail[ed] to conduct constitutional redistricting."**

6

RESPONSE: Plaintiffs incorporate their objections and answers stated in their response to interrogatory No. 2 as if restated here verbatim. Plaintiffs further object to the characterization in this interrogatory of paragraph 71 of the Complaint as if the allegations therein applied exclusively and specifically to the Kentucky Board of Elections. Without waiving these objections or revealing information covered by the attorney-client and/or work product doctrine, and in the spirit cooperation envisioned under the Civil Rules:

See response to Interrogatory No. 2.

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Kenny Brown, declare and verify, under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2013.

_____
Kenny Brown, in his official and individual capacity

## SIGNATURE REGARDING OBJECTIONS

AS TO ALL OBJECTIONS:

_____
Christopher Wiest (~~0077931~~ 90725)

Respectfully Submitted,

/s/Christopher Wiest
Christopher D. Wiest (90725)
Chris Wiest, Atty at Law PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859-486-6850
513-257-1895 (v)
859-491-0803 (f)
chriswiestlaw@yahoo.com

7

/s/Richard A. Brueggemann
Richard A. Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

*Counsel for Plaintiffs in Brown, et. al. v. Commonwealth, et. al.*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel for Defendants and Plaintiffs in the consolidated *Herbert* case, this 9th day of July, 2013, via electronic mail and ordinary U.S. mail.

/s/Christopher Wiest