IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.*, | : | |
| Plaintiffs, | : | Case No. 2:13-CV-68-WOB-GFVT-DJB |
| v. | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.*, | : | |
| Defendants. | : | |
| **MARTIN HERBERT,** *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:13-CV-25-WOB-GFVT-DJB |
| v. | : | |
| **KENTUCKY STATE BOARD OF ELECTIONS,** *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO FRCP 41(a)(2) TO DISMISS THE KENTUCKY LEGISLATIVE RESEARCH COMMISSIONIN CASE NO. 13-CV-68-WOB-GFVT-DJB

Plaintiffs seek to dismiss the Kentucky Legislative Research Commission from this matter. The Court's decision to grant/deny Plaintiff's Rule 41 request hinges on "whether a 'without prejudice' dismissal would cause [Defendant's] to suffer plain legal prejudice." *Univ. Estates, Inc. v. City of Athens*, No. 2:09-cv-758, 2011 U.S. Dist. LEXIS 53414, at *4-*5 (S.D. Ohio May 18, 2011) (citing *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002), *Jones v. Lemke*, 178 F.3d 1294, [published in full-text format at 1999 U.S. App. LEXIS 2291], 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision), *Grover*, 33 F.3d at 718 (6th Cir.

1994)). In making this determination, the Court must consider four factors: (1) Defendant's effort and expense in preparation of trial; (2) any excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action; (3) the sufficiency of Plaintiff's explanation for the need of the dismissal; and (4) whether Defendant has filed a motion for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718). Courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues. *Lones v. S. Cent. Power Co.*, No. 04-883, 2005 U.S. Dist. LEXIS 46935, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005); *B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 352 (N.D. Ohio 1985); *Grover*, 33 F.3d at 718.

The Kentucky Legislative Research Commission, today, sought dismissal, in part, based on immunity, as to the 2012 Elections claims.  If that immunity applies to those claims, it applies across the Board.  The LRC is, apparently, not waiving its legislative immunity (though it could do so under K.R.S. 5.005).

Legislative immunity is an affirmative defense which can be waived or forfeited, and, unless raised, does not affect the power of a federal court to adjudicate. *See, e.g., Kingman Park Civic Ass'n v. Williams,* 358 U.S. App. D.C. 295, 348 F.3d 1033, 1039 (D.C. Cir. 2003) (mayor waived legislative immunity by expressly disavowing it in the district court); *Powell v. Ridge,* 247 F.3d 520, 531 (3d Cir. 2001) (Roth, J., concurring) ("legislative immunity may be waived");*Fraternal Order of Police v. City of Hobart,* 864 F.2d 551, 554 (7th Cir. 1988) (by failing to invoke legislative immunity in the district court, members of city counsel waived that defense). Indeed, sometimes legislators who are sued decide to forego legislative immunity and defend on the merits. *See, e.g., Martinez v. Bush,* 234 F. Supp. 2d 1275, 1278 (S.D. Fla. 2002) (three-judge court) (Florida redistricting case).

Given that posture, and LRC's reliance on legislative immunity, which Plaintiffs do not dispute, Plaintiffs are willing to dismiss it **completely** from this matter (including, without limitation, its ability to attempt to intervene at a later juncture).

Respectfully Submitted,

/s/Christopher D. Wiest
Christopher D. Wiest (KBA 90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
859/495-0803 (f)
513/257-1895 (c)
chriswiestlaw@yahoo.com

/s/Richard A. Brueggemann
Richard A. Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

*Counsel for Plaintiffs in Brown, et. al. v. Commonwealth, et. al.*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel for Defendants and Plaintiffs in the consolidated *Herbert* case, this 12th day of July, 2013, via the Court's CM/ECF system.

/s/Christopher Wiest

3