UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL

| | | |
|---|---|---|
| KENNY BROWN, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | *ELECTRONICALLY FILED* |
| v. | ) | |
| | ) | |
| THE COMMONWEALTH OF KENTUCKY, et al., | ) ) | Civil Action No. 2:13-cv-00068-WOB-GFVT-DJB |
| | ) | |
| Defendants | ) | |

**AND**

| | | |
|---|---|---|
| MARTIN HERBERT, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-CV-025-GFVT-WOB-DJB |
| | ) | |
| KENTUCKY STATE BOARD OF ELECTIONS, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT/CROSS-DEFENDANT STATE BOARD OF ELECTIONS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

In support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), Defendant/Cross-Defendant Kentucky State Board of Elections (the "State Board") respectfully states as follows:

The State Board is named as a Defendant in the Complaints in these consolidated cases and a cross-defendant in the Counterclaim and Crossclaim filed by Senate President Robert Stivers in the *Brown* case. There can be no genuine dispute that the State Board is an arm of the

Commonwealth of Kentucky. As such, it is immune from suit in Federal Court under the Eleventh Amendment of the United States Constitution and entitled to judgment as a matter of law.

## I.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(c), "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). Judgment on the pleadings is warranted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## II.    Undisputed Material Facts

Each claimant has acknowledged that the State Board of Elections is an agency of the Commonwealth. In their Complaint, the *Brown* Plaintiffs allege that the State Board is "the Kentucky Agency, established by Kentucky Revised Statutes, responsible for the administration of elections in Kentucky…." *Brown*, DE #1, ¶ 19. Similarly, the *Herbert* Plaintiffs allege in their Complaint that the State Board "is an independent governmental agency of the Commonwealth of Kentucky responsible for administering the state's election laws." *Herbert*, DE #1, ¶ 11. And Cross-Plaintiff Stivers alleges that the State Board is "the agency responsible for administering the election laws of the state…." *Brown*, DE #28, ¶ 13. Plaintiffs in both cases are proceeding

pursuant to 42 U.S.C. § 1983. *Brown*, DE #1, ¶¶ 1, 62; *Herbert*, DE #1, ¶ 1. Cross-Plaintiff filed his Crossclaim pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. The State Board of Elections is Entitled to Eleventh Amendment Immunity and Judgment as a Matter of Law

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., 11th Amend. The Eleventh Amendment constitutes a "bar to federal jurisdiction." *See In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003). It "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," including by its own citizens. *Thiokol Corp. v. Dept. of Treas.*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Hans v. Louisiana*, 134 U.S. 1 (1890)). "Thus private suits against states may proceed only if the state waives its sovereign immunity or if Congress, acting pursuant to a valid constitutional authority, abrogates the state's sovereign immunity." *Hood*, 319 F.3d at 760.

42 U.S.C. § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989). Neither the Commonwealth nor the State Board has waived its immunity. And the law is unequivocal that 42 U.S.C. § 1983 does not constitute a Congressional abrogation of Eleventh Amendment immunity. *Id.* at 66-70.

The exception to Eleventh Amendment immunity created by *Ex Parte Young* is not applicable to the claims against the State Board, an agency of the Commonwealth. That exception is limited to "actions against state officials sued in their official capacities for prospective injunctive or declaratory relief." *Thiokol*, 987 F.2d at 381; *see also Libertarian Party of Va. v. Va. State Bd. of Elections*, No. 1:10-cv-615, 2010 WL 3732012, at *5 (E.D. Va. Sept.

3

16, 2010) (Section 1983 suit against State Board of Elections seeking prospective injunctive relief barred by Eleventh Amendment); *Credico v. N.Y. State Bd. of Elections*, 751 F. Supp. 2d 417, 419-20 (E.D.N.Y. 2010) (State Board of Elections entitled to Eleventh Amendment immunity as to claims for declaratory and injunctive relief); *McRae v. Robeson County Bd. of Elections*, No. 7:08-CV-93-FL, 2010 WL 883013, at *2 (E.D.N.C. Mar. 8, 2010) (same); *Smith v. Boyle*, 959 F. Supp. 982, 986 (C.D. Ill. 1997) (claims against State Board of Elections for injunctive relief barred by Eleventh Amendment).[1]

Plaintiffs' and Cross-Plaintiff's additional reliance on 28 U.S.C. §§ 1331, 1343, 2201 and 2202 and 42 U.S.C. § 1988 also does not overcome the State Board's Eleventh Amendment immunity. The Sixth Circuit Court of Appeals has rejected arguments that 28 U.S.C. §§ 1331, 2001 and 2202 abrogate the states' Eleventh Amendment immunity. *Easterling v. Ohio*, No. 3:13-cv-024, 2013 WL 1664227, at *3 (S.D. Ohio Apr. 17, 2013) (Section 1331); *George-Khouri Family Ltd. P'ship v. Ohio Dept. of Liquor Control*, 2005 WL 1285677, at *2 (Declaratory Judgment Act). Nor do 28 U.S.C. § 1343 nor 42 U.S.C. § 1988 abrogate Eleventh Amendment immunity. *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 950 (9th Cir. 1983) (Section 1343); *Litz v. Univ. of Ky.*, No. 5:11-164, 2013 WL 2257697, at *4 (E.D. Ky. May 22, 2013) (Sections 1983 and 1988).

Because the State Board's Eleventh Amendment immunity has been neither waived nor Congressionally abrogated for purposes of Plaintiffs' and Cross-Plaintiff's claims herein, the claims and crossclaims against the State Board are barred and should be dismissed for lack of jurisdiction.

---

[1] The decision in *Richardson v. State Board of Elections* that the State Board of Elections was a proper defendant in an action for declaratory and injunctive relief, 697 F. Supp. 295, 296 (W.D. Ky. 1988), precedes *Thiokol* and is contrary to the well-established construction of the *Ex Parte Young* exception.

**IV.     Conclusion**

For the foregoing reasons, Defendant/Cross-Defendant State Board of Elections, by counsel, respectfully requests the Court dismiss the claims and crossclaims against it herein.

> Respectfully Submitted,
>
> /s/ Lynn Sowards Zellen_____
> Lynn Sowards Zellen
> Noel E. Caldwell
> Office of the Secretary of State
> 700 Capital Ave., Ste. 152
> Frankfort, KY 40601
> (502) 782-7407
> lynn.zellen@ky.gov
> *Counsel for Defendants Alison Lundergan Grimes, Kentucky State Board of Elections, and State Board of Elections Members*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed this 12th day of July, 2013. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system. All other parties will be served via hand delivery or U.S. Mail.

> /s/ Lynn Sowards Zellen_____
> Lynn Sowards Zellen