UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.* | : | **ELECTRONICALLY FILED** |
| | : | |
| Plaintiffs | : | **CASE NO. 2:13-cv-00068** |
| V. | : | |
| | : | |
| **COMMONWEALTH OF KENTUCKY,** *et al.* | : | |
| | : | |
| Defendants | : | |
| **MARTIN HERBERT,** *et al* | : | |
| Plaintiffs | : | |
| v. | : | Case No. 3:13cv00025 |
| **KENTUCKY STATE BOARD OF ELECTIONS,** *et al* | : | |
| | : | |

## SPEAKER'S REPLY IN SUPPORT OF MOTION TO DISMISS

Comes the Cross-Claim Defendant, Speaker Stumbo, by counsel and in support of his Motion to Dismiss the vague, premature and improper demand for declaratory relief by President Stivers, states as follows:

### I. THERE IS NO CASE OR CONTROVERSY PERMITTING DECLARATORY JUDGMENT

President Stivers spends the bulk of his memo discussing the parties' use or lack of a use of an "adjusted population base." See, e.g., Response, pp. 2-7. While President Stivers refused to tell this Court during oral argument whether or not he intended to use some adjusted data (as Stivers admits, at p. 6 of the Response), during discovery the parties unanimously stated that the publically available redistricting Census data utilized by both House and Senate in the Maptitude program would be the data relied upon by all. Maps drawn and proposed during the upcoming Extraordinary Session will rely on that data. No present controversy exists over which data to use and no adjusted population base requires any court determination. Quite simply, there is no case or controversy permitting a declaratory judgment.

President Stivers' assertion, at p. 11 of the Response, that this matter is ripe for adjudication, is unsupported by the facts in this case. While this Court has stated that it is prepared to assist in the drawing of maps should the General Assembly not do so (Memorandum Opinion and Order of June 27, 2013, at p. 8), that statement does not suggest that this Court will hazard guesses about future hypotheticals nor render opinions based on mere conjecture.

Recognizing the weakness of his request for speculative relief , President Stivers demands, in the alternative, that this Court enter summary judgment in his favor on a hypothetical where some allegedly improper data is used to draw some imaginary map at some future date. Response, p. 12. That demand, as with the demand for declaratory relief, must be denied. This Court must find that any demand for summary judgment is premature and cannot be adjudicated.

### II. THE CROSS CLAIM DOES NOT ALLOW DECLARATORY RELIEF

President Stivers contends that because the parties do not presently have an agreed upon map (as noted by this Court in its Opinion referencing the upcoming legislative session at which such maps will be formally proposed), declaratory judgment should issue. President Stivers seems unclear as to what exactly this Court could issue declaratory relief upon, as there is no current redistricting proposal from the Senate at all, despite the rapid approach of the Extraordinary Session.

Surely the present Cross Claim is not merely interposed for delay, but it is difficult to see how it aids in resolution of any germane issue. Prompt production of a proposed plan from the Senate, on the other hand, would apprise all parties of the population data the Senate deems appropriate, and will allow the House to follow suit. The path forward is clear.

President Stivers next proceeds to fully review the five factors a Federal court must find before issuing declaratory judgment. Speaker Stumbo will address each in turn, and show that none permit an adjudication at this point:

### A. Declaratory judgment could not settle the "controversy"

At present there is no justiciable controversy. The parties agree on the relevant data and the Governor has called an Extraordinary Session for August 19th. President Stivers agreed with the request by the Speaker and the Governor that the parties comply with three requirements: (i) that the proposed maps use consistent data; (ii) that the maps split the fewest number of counties; and (iii) that the maps not exceed the + or – 5% deviation. Until maps are drawn, no failure to abide by those terms can be shown or claimed. President Stivers cites no law permitting this Court to guess what supposed errors may exist in a future map. Under such circumstances, there is no controversy capable of declaratory relief.

### B. The Demand for Relief Serves No Lawful Purpose

President Stivers tries to argue, without any citation to data so showing, that there may be an improper population base on which legislative districts are formed. Response, p. 9. There is no merit to that claim. The parties are using the Census data in Maptitude, which is standard across the nation.

### C. No Case is Presented

The law requires denial of a demand for declaratory relief where there is no actual case or controversy. President Stivers is attempting to create a legal issue capable of present adjudication where there is none. Both this Court and the parties agree that redistricting will take place in a little more than a month, using the Maptitude system and data.

### D. Improper invasion of this state court matter would create friction

Contrary to President Stivers' assertion at p. 9 of the Response, the potential for friction between Federal and state interests is painfully clear. The Cross Claim asks that this Honorable Tribunal issue an Order to a state legislature preparing to sit in Extraordinary Session. While it is unclear what such an Order could say, it would obviously raise grave issues of comity.

This Court may wish to note that guidance has already been offered recently by the Supreme Court of Kentucky regarding redistricting procedures. It is appropriate and sufficient to allow the parties to perform their upcoming duty under the existing law. This Honorable Court has no reason to make further prospective rulings on as yet non-existent concerns.

### E. There is a current "remedy" being used by all parties

President Stivers argues that he has no "better" remedy than demanding that the Court make rulings on hypothetical future concerns. Response, p. 10. That demand is inconsistent

with the law.  The better remedy, of course, is for the Senate to propose a plan so the House may follow suit, and promptly resolve this matter in Extraordinary Session.

The Speaker asks that this Honorable Court again recognize that resolution of this matter is most appropriate in the state legislature. The Court should issue clear guidance to President Stivers in this regard.

## CONCLUSION

As the Courts note, "there is ... nothing automatic or obligatory about the assumption of `jurisdiction' by a federal court' to review or rule on a motion for declaratory judgment.  Such action should only be taken where the demand for relief is appropriate and the controversy is genuine.  *Bituminous Cas. Corp. v. Combs Contracting Inc*., 236 F.Supp.2d 737, 743 (E.D. Ky., 2002).  In this case, no reason exists requiring such a ruling, as noted herein.  The demand for declaratory relief, and for any other form of judgment in favor of President Stivers, must be denied as unripe, premature, and otherwise unauthorized by law.

Respectfully submitted,

/s/  Anna Stewart Whites_____

**ANNA STEWART WHITES**

600 E. Main Street

Frankfort KY 40601

 (502) 352-2373/FAX 352-6860

AnnaWhites@aol.com


**PIERCE WHITES**

Office of the Speaker

Capitol Building, Rm. 309

Frankfort KY 40601

(502) 564-3366

pierce.whites@LRC.KY.GOV

**CERTIFICATE OF SERVICE**

    I hereby certify that on July, 15th, 2013, a copy of the foregoing Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                    s/Anna Stewart Whites_____