UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al., | ELECTRONICALLY FILED |
| Plaintiffs, | Civil No. 2:13-cv-00068 |
| v. | DJB-GFVT-WOB |
| THE COMMONWEALTH OF KENTUCKY, et al., | |
| Defendants. | |
| MARTIN HERBERT, et al. | |
| Plaintiffs, | Civil No. 3:13-cv-00025 |
| v. | DJB-GFVT-WOB |
| KENTUCKY STATE BOARD OF ELECTIONS, et al., | |
| Defendants. | |

**DEFENDANT LEGISLATIVE RESEARCH COMMISSION'S MEMORANDUM IN RESPONSE TO BROWN PLAINTIFFS' MOTION TO DISMISS THE LEGISLATIVE RESEARCH COMMISSION**

The Kentucky Legislative Research Commission ("LRC") comes and states in Response to Brown Plaintiffs' Motion to Dismiss the Legislative Research Commission (Record No. 69):

As stated in the LRC's Motion to Dismiss (Record No. 68) any dismissal should be ***with prejudice***, including any claims for attorneys fees, for all the reasons set forth in LRC's previously filed Motion to Dismiss, filed July 12, 2013. The previously filed Motion to Dismiss, Memorandum in Support, and Exhibits (Record No. 68) are incorporated herein by reference. Additionally, the LRC does not agree that it should be dismissed completely as a party, even if

1

the first half of this case's issues are dismissed under the bifurcated approach taken by this court, as there are fundamental issues of legislative independence that may need to be raised.

As the Eastern District of Kentucky has pointed out:

> The "purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." Bridgeport Music, Inc. v. Universal–MCA Music Publ'g, Inc., 583 F.3d 948, 953 (6th Cir. 2009)

Garland v. Brewer, CIV.A. 3:11-25-DCR, 2012 WL 3306525 (E.D. Ky. Feb. 28, 2012).  In Garland, the court said that the time and expense to the Defendants, and also the intention of the Plaintiffs to dismiss and then bring a suit in state court, would prejudice the Defendants if the claims were dismissed without prejudice. Since the case involved a certainty of "another suit in another forum," this would be unfair.  Garland v. Brewer, CIV.A. 3:11-25-DCR, 2012 WL 3306525 (E.D. Ky. Feb. 28, 2012).  The court held that "this attempt at defeating the Court's jurisdiction over this matter is unfair to the defendant and impermissible." Id.

Additionally, in the case cited by Plaintiffs, the court stated that if a clear question of law is about to be disposed of by the Court on legal grounds the "district court abused its discretion in dismissing the lawsuits without prejudice."  Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). Where the Defendant has cited a clear bar to the case, such as statute of limitations, the Defendant suffers clear legal prejudice by a dismissal without prejudice on those grounds:

> At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice. See Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir.1984) ("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, perhaps this time to lose."); see also Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 987 (5th Cir.1989) (loss of absolute legal defense, here statute of limitations, plain legal prejudice); Ikospentakis, 915 F.2d at 176 (loss of forum non conveniens defense plain legal prejudice).

Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 719 (6th Cir. 1994). Courts will not dismiss without prejudice if the "plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. …where the plaintiff's motive in seeking a dismissal without prejudice is to avoid the defendant's statute of limitations defense." Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 987 (5th Cir. 1989).

Plaintiffs' assertion that a "without prejudice" dismissal would not cause the LRC to suffer plain legal prejudice is not true.  As LRC has asserted in its Motion to Dismiss, the law clearly dictates a resulting dismissal.  LRC has already expended significant time, effort, and expense in responding to the lawsuit, and in preparation for an eventual trial.  The LRC has had to incur expenses in answering the complaint, attending the scheduling conference, responding to discovery requests, and filing a motion to dismiss and response to Plaintiffs' summary judgment motion.  LRC has expended significant time researching and responding to complex legal issues. Additionally, LRC has had the added burden of both having to respond to such a lawsuit, while also attempting to undertake legislative duties of the upcoming special session regarding redistricting.  If the LRC's motion to dismiss is granted on the merits, the LRC may wish to seek reimbursement of such costs by filing a motion for attorneys fees and costs, and any other legal remedies against Plaintiffs.   Again, in a public law issue of this nature, brought by Plaintiffs, it would not make any sense to dismiss the claims with the knowledge that they will perhaps rise again, and this would be a poor use of the court's resources.

The purpose of Plaintiffs' motion is to avoid res judicata, and it is quite clear that they still assert several claims in their amended complaint that involve the legislature, resolution of which may impact on the ability of the LRC and the legislature as a whole to act.  A dismissal without prejudice would enable them to continue such claims ad infinitum, and this would be prejudicial

to the LRC and the legislature as a whole, interjecting additional uncertainty into the redistricting process for the future. As stated in the Motion to Dismiss, it is not fair to subject the legislative process to "whipsawing" from federal to state court. It is probable that the Plaintiffs, as in Garland, are seeking to file another lawsuit in state court. It would be plain legal prejudice and be completely unfair for the Court to permit them to forum shop in this manner, and a dismissal with prejudice is only fair, and is required by the law on the issues.

Additionally, there are significant issues of legislative independence and federalism presented by this lawsuit that would be threatened if not brought to this Court's attention, but which divest this Court of jurisdiction at this time. LRC has worked diligently to bring these issues to the court's attention. Without waiving any applicable privilege or immunity available to it, the LRC wishes to remain in this action for the present time for the limited purpose of bringing these matters to the Court's attention. Therefore, the LRC does not waive any applicable privilege or immunity herein. See Jones v. Gould, 149 F. 153, 159 (6th Cir. 1906); Tenney v. Brandhove, 341 U.S. 367 (1951).

Respectfully submitted:

s/Laura H. Hendrix\_\_\_
Laura H. Hendrix
General Counsel
Legislative Research Commission
State Capitol, Room 104
Frankfort, Kentucky 40601
Telephone: (502) 564-8100
Fax: (502) 564-6543
Email: Laura.Hendrix@lrc.ky.gov
Attorney for Legislative Research Commission

## CERTIFICATE OF SERVICE

      I hereby certify that on July 25, 2013, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail. Parties may access this filing through the Court's electronic filing system.

                                          s/Laura H. Hendrix
                                          Laura H. Hendrix