# DEFENDANT LRC'S EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

FRANKFORT

THE HONORABLE CHARLES B. UPTON, Etc.     PLAINTIFF

VS     JUDGMENT     NO. 364

THE HONORABLE LELIA F. BEGLEY, ET AL     DEFENDANTS

* * * * * *

In conformity with the order of this Court heretofore entered herein on January 5, 1971, and in conformity with the Findings of Fact and Conclusions of Law this date filed herein; and the Court being advised;

IT IS NOW THEREFORE ORDERED AND ADJUDGED HEREIN AS FOLLOWS:

(1) The pleadings, stipulations and exhibits show that a malapportionment exists in the 100 Representative and 38 Senatorial seats of the Kentucky General Assembly, and that said malapportionment cannot be remedied in harmony with Section No. 33 of the Kentucky Constitution.

(2) Section No. 33 of the Kentucky Constitution contravenes the Fourteenth Amendment to the Constitution of the United States to the following extent and the following portions thereof are declared unconstitutional:

    That portion of the first sentence of said Constitutional provision which reads as follows:

        "Without dividing any county";

and

    That portion of the last sentence of said Constitutional provision which reads as follows:

        "No part of a county shall be added to another county to make a district."

(3) The demand of the plaintiff's complaint and

amended complaint is sustained to the extent hereinbefore indicated; the Intervening Answer is dismissed; and the Defendants' Answer is dismissed.

This the 13th day of January, 1971.

BERNARD T. MOYNAHAN, JR.
Bernard T. Moynahan, Jr., Judge

A True Copy Attest:

Davis T. McGarvey, Clerk
U. S. District Court
By Harry C Anderson
D. C.

NOTICE IS HEREBY GIVEN OF THE ENTRY OF THIS ORDER OR JUDGMENT
ON 1-13-71
DAVIS T. McGARVEY, CLERK
BY: Harry C Anderson   D.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

FRANKFORT

Filed 1-13-71

| | | |
|---|---|---|
| THE HONORABLE CHARLES B. UPTON, Etc. | | PLAINTIFF |
| VS | FINDINGS OF FACT and CONCLUSIONS OF LAW | NO. 364 |
| THE HONORABLE LELIA P. BEGLEY, Et Al | | DEFENDANTS |

* * * * * *

The Court being advised makes the following Findings of Fact and draws the following Conclusions of Law herein:

FINDINGS OF FACT

(1) The plaintiff is a resident of Whitley County, Kentucky, and is a voter in the Commonwealth of Kentucky. Plaintiff has standing to sue in this action individually as a representative of the class of persons who are registered and qualified voters in the Commonwealth of Kentucky who are entitled to vote for members of the General Assembly of Kentucky.

(2) The primary election for all members of the House of Representatives of the General Assembly of Kentucky, and one-half of the members of the Senate of said General Assembly will be held in May of 1971 pursuant to Kentucky law.

(3) The population figures of the 1970 Census for Kentucky reveal that the mean population figure for districts of the Senate is 83,166 and for districts of the House of Representatives is 31,603.

(4) The population figures of the 1970 Census for Kentucky reveal that the districts of the Senate vary from 56.47 percent of the "mean" population figure for Senate districts to 154.70 per cent of such mean figure. The Census figures show a variance of from 54.98 per cent to 138.05

per cent of the "mean" population figure for House districts.

(5) Some districts of the Senate and House, in the present apportionment plan are made up of only one county. Examples of such districts are:

| | |
|---|---|
| Senate District 11 | (Campbell County) |
| Senate District 24 | (Kenton County) |
| Senate District 31 | (Pike County) |
| House District 2 | (Graves County) |
| House District 10 | (Hopkins County) |
| House District 11 | (Henderson County) |
| House District 23 | (Barren County) |
| House District 51 | (Madison County) |
| House District 57 | (Franklin County) |
| House District 76 | (Greenup County) |
| House District 83 | (Pulaski County) |
| House District 84 | (Whitley County) |
| House District 85 | (Laurel County) |
| House District 86 | (Knox County) |
| House District 87 | (Bell County) |
| House District 91 | (Letcher County) |
| House District 92 | (Perry County) |

(6) The population figures of the 1970 Census reveal that of the districts of the House and Senate which are composed of only one county, the following districts have an excess of population over the mean population figure in the percentages shown:

| | | |
|---|---|---|
| Senate District 11 | (Campbell County) | 5.99% |
| Senate District 24 | (Kenton County) | 54.7 % |
| House District 57 | (Franklin County) | 3.63% |
| House District 76 | (Greenup County) | 4.30% |
| House District 83 | (Pulaski County) | 9.30% |
| House District 11 | (Henderson County) | 11.70% |
| House District 10 | (Hopkins County) | 17.36% |
| House District 51 | (Madison County) | 38.05% |

(7) Section 33 of the Kentucky Constitution prohibited the first General Assembly, in providing for Senate and House Districts, from "dividing any county". The same section of the Kentucky Constitution requires that, in reapportioning the General Assembly, "no part of a county shall be added to another county to make a district, and the counties forming a district shall be contiguous".

## CONCLUSIONS OF LAW

(1) The Court has jurisdiction of this action under Sections 1343 and 2201 of Title 28, and Sections 1983 and 1988 of Title 42, of the United States Code.

(2) The Equal Protection Clause of the Fourteenth Amendment to the Constitution requires that a state make an honest and good faith effort to construct districts in both houses of its legislature, as nearly as equal population as is practicable. The overriding objective of any reapportionment plan must be substantial equality of population among the various districts, so that the vote of any citizen is approximately equal in weight to that of any other citizen in the state, but mathematical exactness is not a constitutional requirement. Reynolds v. Sims, 377 U.S. 533, 84 Sup. Ct. 1362 (1964).

(3) The General Assembly of Kentucky as it is presently constituted is malapportioned, and the population variances of the districts of both the House of Representatives and the Senate do not conform to the requirements of either the Kentucky Constitution nor the Fourteenth Amendment to the Constitution of the United States. Section 33, Kentucky Constitution, Reynolds v. Sims, supra; Swann v. Adams, 385 U. S. 440, 87 Sup. Ct. 569 (1967); Skolnick v. Illinois State Electoral Board, 307 F. Supp. 691 (N. D. Ill. 1969).

(4) The General Assembly of Kentucky, both under the Constitution of the United States and the Kentucky Constitution must be reapportioned within a reasonable period of time using as a basis the population figures resulting from the 1970 Census

(5) Minor deviations or variations from a pure population standard in reapportioning a state legislature are justifiable if effectuated under a rational state policy. A state may legitimately consider a reapportionment plan which maintains the integrity of various political subdivisions and provides for compact districts of contiguous territory. But population must always be the controlling consideration in apportionment of seats in a legislature, and cannot be submerged to other principles, including a policy of preserving geographical boundaries in composing legislative districts. Reynolds v. Sims, supra; Swann v. Adams, supra.

(6) The degree of equality of population in Senate and House Districts required by the Fourteenth Amendment to the Constitution of the United States could not be accomplished by any reapportionment plan which did not violate the prohibition against dividing counties in making legislative districts found in Section 33 of the Kentucky Constitution. Swann v. Adams, supra; Skolnick v. Illinois State Electoral Board, supra.

(7) Although Courts should attempt to accomodate relief in reapportionment cases to the apportionment provisions of state constitutions insofar as possible, where there exists an unavoidable conflict between the Federal Constitution and a state constitution, the Supremacy clause of the Federal Constitution controls, and those provisions of a state constitution which conflict with the requirements of the Federal Constitution are invalid insofar as they interfere with the application of the provisions of the Federal Constitution. Reynolds v. Sims, supra; Sudekum v. Hayes, 414 F.2d 41 (6th Cir. 1969)

(8) Section #33 of the Kentucky Constitution contravenes the 14th Amendment to the Constitution of the United States to the following extent and the following portions thereof are declared unconstitutional:

>   That portion of the first sentence of said Constitutional provision which reads as follows:
>
>   "Without dividing any county";

and

>   That portion of the last sentence of said Constitutional provision which reads as follows:
>
>   "No part of a county shall be added to another county to make a district."

A Judgment will this date be entered in conformity herewith.

This the 13th day of January, 1971.