UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL

| | |
|---|---|
| KENNY BROWN, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | *ELECTRONICALLY FILED* |
| v. ) | |
| ) | |
| THE COMMONWEALTH OF ) | Civil Action No. 2:13-cv-00068-WOB-GFVT-DJB |
| KENTUCKY, et al., ) | |
| ) | |
| Defendants ) | |

**AND**

| | |
|---|---|
| MARTIN HERBERT, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 3:13-CV-025-GFVT-WOB-DJB |
| ) | |
| KENTUCKY STATE BOARD ) | |
| OF ELECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

### DEFENDANTS' RESPONSE TO *BROWN* PLAINTIFFS' MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2) (DE ##64, 69)

Pursuant to the Court's Scheduling Order (DE #49) setting the response time for dispositive motions herein, Defendants Alison Lundergan Grimes, in her official capacity as

Secretary of State, and The Kentucky State Board of Elections ("Defendants")[1], by counsel, submit this Response to the *Brown* Plaintiffs' Motions Pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss certain of the claims and defendants herein (DE ## 64, 69).[2]

## I.   INTRODUCTION

The *Brown* Plaintiffs have filed two motions pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss claims and defendants originally identified in their Complaint herein. In DE #64, the *Brown* Plaintiffs seek to dismiss their claims (a) for money damages, (b) pursuant to the Kentucky Constitution, and (c) against Defendants Robert Stivers and Greg Stumbo. In DE #69, the *Brown* Plaintiffs seek to dismiss their claims against Defendant Kentucky Legislative Research Commission ("LRC"). Defendants do not oppose Plaintiffs' Rule 41(a)(2) motions but submit this response for the Court's consideration in the interest of ensuring the orderly administration of elections and resolving these matters as expeditiously and efficiently as possible.

## II.   DISCUSSION

### A.   Motion to Dismiss Money Damages and State Law Claims

Defendants have no objection to the *Brown* Plaintiffs' motion to dismiss their claims for money damages and pursuant to the Kentucky Constitution. *See* DE #64-1, at 2-3. The *Brown* Plaintiffs previously indicated on the record their willingness to dismiss these claims, and the

---

[1] The *Brown* Plaintiffs, Defendant/Crossclaim Defendant Robert Stivers, and Defendants have filed a Joint Motion to substitute Alison Lundergan Grimes (in her official capacity as Chairwoman of the State Board of Elections), the Board Members of the State Board of Elections (in their official capacities), and the Executive Director of the State Board of Elections (in her official capacity) for the Kentucky State Board of Elections as defendants in the *Brown* case. DE #77.

[2] In the event the Court does not grant the Joint Motion to Substitute (DE #77) and deny as moot the *Brown* Plaintiffs' Motion to Amend Complaint (DE #66), Defendants adopt this Response as their Response to the Motion to Amend.

Court has acknowledged that the *Brown* Plaintiffs' have "withdrawn their claim for damages based on past constitutional violations." *See* DE #38, at 3; DE #48, at 3 n.1.

### B. Motions to Dismiss Defendants Stivers, Stumbo and LRC

While Defendants are constitutionally and statutorily charged with administering elections in accordance with the laws enacted by the General Assembly, they lack constitutional or statutory authority to redraw the districts pursuant to which those elections are to be conducted. Defendants therefore suggest it may be prudent to retain Defendants Robert Stivers, Greg Stumbo and LRC (the "Legislative Defendants") to ensure this matter can be resolved fully, fairly and expediently.

The legislative power in Kentucky is vested in the General Assembly. Ky. Const. § 29; *see also* Ky. Const. §§ 27, 28 (legislative, executive and judicial powers confined to separate branches of government). And as this Court has recognized, "[t]he Kentucky General Assembly has the primary responsibility for apportioning legislative districts in the Commonwealth of Kentucky." DE #48, at 4 (citing Ky. Const. § 33; *Growe v. Emison*, 507 U.S. 25, 34 (1993)). *See also Brown* Complaint (DE #1), at ¶ 44 (alleging General Assembly passed redistricting plan in January 2012); ¶ 55 (attributing to General Assembly failure to pass constitutional redistricting legislation in 2011, 2012, or 2013). As a result, the Legislative Defendants are directly interested in the subject matter of this litigation and may be necessary parties to the extent any relief ordered by the Court might require their participation.

Moreover, both the *Brown* Plaintiffs and the Court have suggested previously that the General Assembly's participation is desirable in the process of establishing new legislative districts. For example, the *Brown* Plaintiffs stated they would "prefer for Defendants to perform their duty by … properly enacting constitutional maps" and suggested that the Court impose a

3

deadline for the General Assembly to redistrict. DE #38, at 6-8; *see also* DE #1, at Prayer for Relief, ¶ D (referencing enactment of constitutional redistricting legislation). The Court's Scheduling Order expressly defers to the Extraordinary Legislative Session scheduled to begin on August 19, 2013. DE #49, at 3. And the Court has ordered the parties to file "final statements on contentions regarding plans passed [by the General Assembly] during the Extraordinary Legislative Session…." *Id.* at 3.

Because Defendants have no authority to draft or determine the constitutionality of redistricting legislation, they have not taken a position on the validity of any particular redistricting plan. Instead, members of the legislative branch, *e.g.*, the Legislative Defendants, would be the proper parties to address the Court with respect to any redistricting plan(s) enacted by the General Assembly or proposed to the Court.

Defendants therefore respectfully suggest that if the Court anticipates compelling any action by or otherwise seeking participation from the Legislative Defendants in connection with these proceedings, their dismissal at this time may be premature.

Respectfully Submitted,

/s/ Lynn Sowards Zellen_____
Lynn Sowards Zellen
Noel E. Caldwell
Office of the Secretary of State
700 Capital Ave., Ste. 152
Frankfort, KY 40601
(502) 782-7407
lynn.zellen@ky.gov

TACHAU MEEK PLC
Jonathan T. Salomon
3600 National City Tower
101 S. Fifth Street
Louisville, KY 40202-3120
(502) 238-9900
jsalomon@tachaulaw.com

4

*Counsel for Defendants Alison Lundergan Grimes and Kentucky State Board of Elections*

### CERTIFICATE OF SERVICE

 I hereby certify that the foregoing was electronically filed this 25th day of July, 2013. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system. All other parties will be served via hand delivery or U.S. Mail.

        /s/ Lynn Sowards Zellen
        Lynn Sowards Zellen