UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al., | ELECTRONICALLY FILED |
| Plaintiffs, | Civil No. 2:13-cv-00068 |
| v. | DJB-GFVT-WOB |
| THE COMMONWEALTH OF KENTUCKY, et al., | |
| Defendants. | |
| MARTIN HERBERT, et al. | |
| Plaintiffs, | Civil No. 3:13-cv-00025 |
| v. | DJB-GFVT-WOB |
| KENTUCKY STATE BOARD OF ELECTIONS, et al., | |
| Defendants. | |

**DEFENDANT SPEAKER STUMBO'S RESPONSE TO BROWN PLAINTIFFS' MOTION TO DISMISS**

Comes the Defendant, Speaker Stumbo, by counsel, and in response to the Motion to Dismiss filed by Plaintiffs, (Document #64) states as follows:

Plaintiffs have moved to dismiss the Speaker under FRCP 41(a)(2) on the grounds that the Speaker has not waived legislative immunity in this case. CR 41(2) permits voluntary dismissal of an action after filing of dispositive pleadings only by court order and on such terms as the court considers proper. Despite that request, Plaintiffs cite caselaw admitting that

1

legislative immunity does not affect the power of the federal court to adjudicate. Memorandum in Support, p. 3, para. 3. The Sixth Circuit has held that "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Kern v. TXO Prod. Corp.,* 738 F2d 968, 970 (8th Cir. 1984). Plaintiffs' demand for a voluntary dismissal without prejudice would result in plain legal prejudice to a defendant when it would strip the defendant of the right to an absolute legal defense. See: *Phillips v. Illinois Cent. Gulf R.R.,* 874 F2d 984, 987 (5th Cir. 1989), holding that "loss of an absolute legal defense, here statute of limitations, [constitutes] plain legal prejudice".

In support of the request for dismissal, Plaintiffs make the blatantly false and ridiculous statement that the Speaker and the House of Representatives "are not involved with . . . the implementation of any new lines that may be drawn". Id. , p. 4. As the record in this case plainly illustrates, the House and Senate are the parties who will, in fact, be drawing the maps and enacting the law which will resolve the issues before this Court. This Court should stay any action pending the completion of the legislative session and the enactment of any law regarding redistricting.

While Plaintiffs may wish to leapfrog over that critical step in the process and move directly to some future where they can claim a right to seize the mapping duties from the elected representatives, that desire does not comport with this Court's orders or with the requirements of law. At a minimum, the parties must await the final maps or law and then seek specific review with stated grounds limiting that review in accordance with law. Any possible review can take place only after the scheduled legislative session, and proposing any specific review is certainly premature at this time. This Court has no jurisdiction to render a judgment over a hypothetical

future action. Eliminating the voice of the legislature and the electorate from the process by refusing to permit the redistricting under appropriate state guidelines would be an improper action by this body.

Any dismissal of counts or claims must be with prejudice. Plaintiffs' repeatedly state in their various motions to dismiss that they wish to avoid having to address the claims before this Court while maintaining the right to bring a state court suit on any and all of the issues that they have raised before this Court at a later date. As Plaintiffs are beginning to recognize, it is inappropriate to suggest that the Federal Court sit in review of a state legislative action without specific and well-grounded objections being pleaded. Even the case cited by Plaintiffs contains the express ruling by the court that if a clear question of state law is about to be disposed of by the Court on legal grounds, it is an abuse of discretion to "dismiss the lawsuits without prejudice." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The law mandates that any dismissal of the state court claims must be with prejudice.

This Court has recognized that the matters in this case are essentially state court matters and has agreed to permit the legislative process to continue. Any concerns or issues that arise during that process are matters of state law and should properly be addressed in a state law forum. The purpose of federal intervention should only be where there is no controlling state interest and duty. Failure to observe that narrow purpose creates severe separation of powers issues.

In the present case the parties are taking appropriate legislative action, as directed by the Governor. The Plaintiffs have no justiciable claim and both they and President Stivers have demanded merely conjectural relief based on a contention of hypothetical future misfeasance or non-feasance. Any ruling on relevant motions should be stayed until after the conclusion of the

3

legislative session, when the actual facts of this matter become apparent. At that time it is expected that any remaining issues will be simply state court concerns and that immediate remand will be appropriate.

For the foregoing reasons, the Speaker requests that this Court DENY the motion to dismiss the parties. The Speaker also asks that this Court DENY the motion to dismiss the state law claims without prejudice as this is a demand that would unfairly prejudice his right to relief. Lastly, the Speaker demands that this Court stay any further action until after the conclusion of the scheduled Extraordinary Session to allow the House and Senate to perform their duties in accordance with the will of the electorate, as contemplated by state and federal law.

Respectfully submitted,

s/Anna S. Whites/
_____
Anna Stewart Whites
600 East Main Street
Frankfort KY 40601
(502) 352-2373
AnnaWhites@aol.com

Pierce Whites
2374 Switzer Road
Frankfort KY 40601
(502) 564-3000
Pierce.Whites@lrc.ky.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2013, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and electronic mail. Parties may access this filing through the Court's electronic filing system.

s/Anna S. Whites/__
Anna Whites