UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN,** *et al.*, | ) | |
| Plaintiffs | ) Case No. 2:13-cv-00068- DJB-GFVT-WOB | |
| v. | ) | |
| **COMMONWEALTH OF KENTUCKY,** *et al.*, | ) | |
| Defendants. | ) | |
| and | ) | |
| **MARTIN HERBERT,** *et al.*, | ) | |
| Plaintiffs, | ) (Consolidated Action Case No. 2:13-cv-00025-DJB-GFVT-WOB) | |
| v. | ) | |
| **KENTUCKY STATE BOARD OF ELECTIONS,** *et al.*, | ) | |

**RESPONSE OF SENATE PRESIDENT ROBERT STIVERS
TO THE PLAINTIFFS' MOTION TO DISMISS
<u>COUNTERCLAIMS OF SENATE PRESIDENT ROBERT STIVERS</u>**

Comes Defendant, Senate President Robert Stivers ("Senate President Stivers"), by counsel, and for his response to the Plaintiffs' Motion to Dismiss Counterclaims of Senate President Stivers submits the following response in opposition.

1

## I.     BACKGROUND

On June 10, 2013, Senate President Stivers filed an answer to the underlying complaint and a counterclaim/cross-claim for declaratory relief. [Doc. 32]. On July 11, 2013, the Plaintiffs in Case No. 2:13-CV-68-WOB-GFVT-DJB (the "Brown" Plaintiff's) filed a motion to dismiss Senate President Stivers' counterclaims seeking declaratory judgment to "resolve questions regarding the constitutionality of redrawing state legislative districts using an adjusted population base whereby certain federal prisoners are subtracted from the numbers reported by the United States Census Bureau for the 2010 Census."  [Doc. 63].

In the counterclaim/cross-claim, Senate President Stivers recounted the redistricting legislative history from the 2012 and 2013 General Assembly sessions, as well as the resulting 2012 litigation in state court following passage of 2012 HB 1. This legislative history included passage of a House redistricting plan by the House of Representatives on the twenty-fifth day of a thirty-day 2013 legislative session which utilized a population base that did not include the federal prison population in the Kentucky population base. As noted in the counterclaim/cross-claim, this new population base differed from the population base used for all prior redistricting plans, including the 2012 congressional redistricting plan that became law without legal challenge.

Because of this unprecedented and constitutionally significant variable being introduced to the redistricting equation, and seeking to take action legislatively in a manner that will conform to constitutional requirements, Senate President Stivers is seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Specifically, Senate President Stivers seeks a declaratory judgment resolving the issue of whether the use of the "adjusted" population base that removes federal prisoners from the population count, as done in 2013 HB 2 of the 2013

Regular Session of the General Assembly, complies with the requirements of the Constitutions of the United States of America and Kentucky. The Brown Plaintiffs make two primary arguments in their motion to dismiss: 1) the matter of whether an adjusted population base may be used for redistricting is a question that is not ripe for declaratory relief, and 2) the matter of whether an adjusted population base may be used for redistricting calls for an advisory opinion.

## II.    ARGUMENT

### 1.    THIS MATTER IS RIPE FOR DECLARATORY RELIEF.

While the Brown Plaintiffs argues that this matter is not ripe for declaratory relief, it would be appropriate to again quote from page 8 of the Court's June 27, 2013 Memorandum Opinion and Order:

> [T]ime is short for all. By November 4, 2013, the Kentucky Constitution requires that citizens of the Commonwealth must reside in the district in which they seek to run for election. Allowing that date to pass constrains the choices of these Plaintiffs and allows districts to be drawn punitively. In short, though the Plaintiffs do not seek and the Court does not intend to provide relief that obstructs the legislature, actions must be taken now to prepare for the possibility that the state institutions will be unable to fulfill their duty in a timely manner.

The ripeness of this matter has been fully enumerated by this Court. The Court, through its Scheduling Order, has given the parties its instructions to simultaneously prepare for the extraordinary session, and, additionally, prepare for a trial following the session to, presumably, determine the constitutionally of any enacted legislation.

Senate President Stivers' counterclaim/cross- claim for declaratory relief is in keeping with the urgency of the Court's Order to resolve this controversy, in a constitutionally sound fashion, prior to November 4, 2013. Indeed, the counterclaim/cross-claim expresses the immediacy of the situation in a manner similar to the Court: "In the interest of legislative and judicial efficiency, and in consideration of the importance and time sensitive nature of the issue,

it is appropriate for this Court to address by way of declaratory relief whether it is constitutionally acceptable to redistrict using the adjusted population base proposed by the House of Representatives." *Id*. at ¶ 38. When contemplating the issue of ripeness, it is again noted that Plaintiffs in the underlying action challenged the constitutionality of the adjusted population base in their Petition. Plaintiffs' Complaint at ¶ 49. The fact that the Plaintiffs' Complaint challenges the constitutionality of the adjusted population base rebuts the notion that this question is hypothetical or academic.

> **2. THE ISSUE OF THE CONSTITUTIONALITY OF AN ADJUSTED POPULATION BASIS IS AN INTEGRAL PART OF THE INSTANT CONTROVERSY, AND THEREFORE A MOTION FOR DECLARATORY JUDGEMENT IS NOT A REQUEST FOR AN ADVISORY OPINION.**

The entire crux of this litigation is the alleged failure of the Kentucky General Assembly to pass constitutional redistricting maps and what must and will be done to ensure that constitutional maps are enacted prior to the upcoming legislative elections. In the 2013 Regular Legislative Session, a House redistricting plan was passed by the House of Representatives on the twenty-fifth day of a thirty-day legislative session which utilized a population base that did not include the federal prison population in the Kentucky population base. This Court specifically noted that the map passed by the House of Representatives raised significant constitutional issues. On page 7 of the June 27, 2013 Memorandum Opinion and Order which denied Speaker Stumbo's motion to stay the proceedings [Doc. 48], this Court noted the following:

> [T]he Kentucky General Assembly has already once failed to pass constitutional legislative maps. *See Fischer*, 366 S.W.3d at 908. After this failure, the legislature unsuccessfully addressed redistricting in the following 2013 session. ***A map passed the House of Representatives, but as confirmed by both the Plaintiffs and some Defendants, this map has generated nearly as many constitutional questions as it answered.*** At the hearing, between assurances that a redistricting plan would pass, the

> representatives of each legislative chamber raised competing concerns over the House map. (emphasis added)

It follows, then, that a question about the constitutionality of a redistricting map that has passed a chamber of the General Assembly is an integral part of the discussion regarding what is required to deem a redistricting plan constitutional.

Senate President Stivers' Motion for Declaratory Relief more than meets the criteria that has been set out by the Sixth Circuit for when a court should consider a motion for declaratory relief. The Court in *Nationwide Mutual Fire Ins. Co. v. Creech*, 431 F.Supp.2d 710, 712-713 (E.D. Ky., 2006), citing *Scottsdale Ins. Co. v. Roumph*, 221 F.3d 964 (6th Cir., 2000), stated that:

> District courts should consider the following five factors in deciding whether to exercise jurisdiction over a declaratory judgment action:
>
> (1) whether the judgment would settle the controversy;
>
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";
>
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> (5) whether there is an alternative remedy that is better or more effective.

The factors will be addressed, in order, below.

### A. Whether the Judgment Would Settle the Controversy.

In the instant case, a decision on the constitutionality of the population base used in 2013 HB 2 would give the General Assembly and the Governor critical resolution of one of the most important issues of establishing constitutional legislative redistricting maps as they prepare for the August Extraordinary session. This new potential population base changes the constitutional

equation, and adds a new variable that puts additional pressure on the parties, who are working under a tight scheduling order imposed by the Court. In light of this fact, it would appear to behoove the Brown Plaintiff's to join Senate President Stivers' action for declaratory relief, rather than oppose it.

  **B. Whether the Declaratory Judgment Action Would Serve a Useful Purpose in Clarifying the Legal Relations at Issue.**

There is no need in the instant case to "clarify legal relationships" *per se*, but the urgency to have a constitutionally sound population base on which to implement state legislative district maps is very real.

  **C. Whether the Declaratory Remedy is Being Used Merely for the Purpose of "Procedural Fencing" or "To Provide an Arena for a Race for *Res Judicata*".**

It is the Plaintiffs in the underlying action that chose the forum of federal court, and the venue of the Eastern District of Kentucky. In his Counterclaim/Cross Claim for declaratory relief, Senate President Stivers did not choose the court or the venue. There was no improper "race to the courthouse" or "forum shopping" in the motion for declaratory relief.

  **D. Whether the Use of a Declaratory Action Would Increase the Friction Between Our Federal and State Courts and Improperly Encroach on State Jurisdiction.**

There is no allegation (and no indication at the present time) that the declaratory action would increase any "friction" between state and federal courts, or improperly encroach upon state jurisdiction. As this Court is aware, the Kentucky Supreme Court in *LRC v. Fischer*, 366 S.W.3d 905 (Ky. 2012) (hereinafter, "*Fischer IV*") ruled that 2012 HB 1, signed into law by the Governor on January 20, 2012, was unconstitutional, and required that the 2002 redistricting plan remain in effect for the 2012 elections. The ruling in *Fischer IV* is final and there are no outstanding issues pending before the Kentucky Supreme Court.

The Plaintiffs in the instant action filed suit alleging that the General Assembly has failed to pass constitutional legislative district maps in the 2011, 2012, and 2013 sessions following the 2010 decennial census. The issues before this Court are not identical to those in *Fischer IV,* as the Plaintiffs do not simply allege that the 2012 maps are unconstitutional. There are also no actions against the General Assembly and the Governor regarding state redistricting pending in any state courts of the Commonwealth.

This Court, in the June 21, 2013 scheduling conference, unequivocally expressed its intention that the Commonwealth of Kentucky would have constitutionally sound state legislative districts prior to the November 4, 2013, residency deadlines for candidates running for office in a particular district. The Court's June 27, 2013 Scheduling Order, with its many expedited deadlines, is designed to accomplish that goal. There are no actions pending in state court, and no state court is thus encroached upon.

### E. Whether There is an Alternative Remedy That is Better or More Effective.

There is no "better" remedy available to Senate President Stivers. The redistricting controversy is fully before the federal three-judge panel, and there is no more efficient or effective means for this issue to be resolved.

### III. CONCLUSION

For the forgoing reasons, Senate President Stivers respectfully requests the Court to overrule the Brown Plaintiff's Motion to Dismiss Senate President Stivers' Counterclaim for Declaratory Relief.

Dated: July 26, 2013                        Respectfully submitted,

/s/ Stanton L. Cave
_____
Stanton L. Cave, Esq.
LAW OFFICE OF STAN CAVE
P.O. Box 910457
Lexington, KY  40591-0457
Telephone:  (859) 309-3000
Facsimile:   (859) 309-3001
Email:  stan.cave@insightbb.com

*Special General Counsel to Robert Stivers in his Official Capacity as President of the Kentucky Senate*

/s/ Jessica A. Burke
_____
Jessica A. Burke, Esq.
Deputy General Counsel
Kentucky Senate
Office of the President
Room 265 Capitol Annex
Frankfort, Kentucky 40601
Telephone:     (502) 564-3120
Email: jessica.burke@lrc.ky.gov

*Deputy General Counsel to Robert Stivers in his Official Capacity as President of the Kentucky Senate*

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 26, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      /s/ *Jessica A. Burke*
_____
Jessica A. Burke, Esq.
Deputy General Counsel
Kentucky Senate
Office of the President
Room 265 Capitol Annex
Frankfort, Kentucky 40601
Telephone:    (502) 564-3120
Email: jessica.burke@lrc.ky.gov