UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL


KENNY BROWN, et al.,            )
                               )
Plaintiffs                     )
                               )    *ELECTRONICALLY FILED*
v.                             )
                               )
THE COMMONWEALTH OF            )    Civil Action No. 2:13-cv-00068-WOB-GFVT-DJB
KENTUCKY, et al.,              )
                               )
Defendants                     )


**AND**


MARTIN HERBERT, et al.         )
                               )
Plaintiffs                     )
                               )
v.                             )    Civil Action No. 3:13-CV-025-GFVT-WOB-DJB
                               )
KENTUCKY STATE BOARD           )
OF ELECTIONS, et al.,          )
                               )
Defendants                     )


## DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION FOR SUMMARY JUDGMENT (DE #67)

Pursuant to the Court's Scheduling Order (DE #49) setting the response time for
dispositive motions herein, Defendants Alison Lundergan Grimes (in her official capacity as
Secretary of State, Chief Election Official for the Commonwealth of Kentucky, and Chair of the
Kentucky State Board of Elections) (the "Secretary"); The Kentucky State Board of Elections
("State Board"); David Cross, John W. Hampton, Stephen Huffman, Denise May, George
Russell, and Roy Sizemore (in their official capacities as Board Members, Kentucky State Board

of Elections) (the "Board Members"); and Maryellen Allen (in her official capacity as Executive Director, Kentucky State Board of Elections) (the "Executive Director") (collectively, "Defendants"),[1] by counsel, submit this Response to Plaintiffs' Joint Motion for Summary Judgment (DE #67).

## I.    INTRODUCTION

Plaintiffs' Motion seeks (1) a declaratory judgment that the Kentucky state legislative districts that were enacted by the General Assembly in 2002 are constitutionally mal-apportioned, and (2) a permanent injunction barring Defendants from using those districts to administer any future elections. DE #67-1, at 1-2. As the chief election official of the Commonwealth, the Secretary seeks only to uphold her sworn oath to "support the Constitution of the United States and the Constitution of this Commonwealth of Kentucky" and to "faithfully execute, to the best of [her] ability, the office of Secretary of State according to law." Ky. Const. § 228. Similarly, the State Board, Board Members and Executive Director seek to meet their statutory mandate to "administer the election laws of the state …." KRS 117.015(1). Accordingly, Defendants take no position as to whether Kentucky's current Senate and House districts are mal-apportioned.

---

[1] This Response is made on behalf of (a) Defendants Alison Lundergan Grimes (in her official capacity as Secretary of State and Chief Election Official for the Commonwealth of Kentucky) and the Kentucky State Board of Elections in *Brown v. Commonwealth*, Civil Action No. 2:13-CV-0068-WOB-GFVT-DJB; and (b) Defendants Alison Lundergan Grimes (in her official capacity as Secretary of State and Chair of the State Board of Elections), the Board Members (in their official capacities), and Maryellen Allen (in her official capacity as Executive Director of the Kentucky State Board of Elections), in *Herbert v. Kentucky State Board of Elections*, Civil Action No. 3:13-CV-GFVT-WOB-DJB. The *Brown* Plaintiffs, Defendant/Crossclaim Defendant Robert Stivers, and Defendants have filed a Joint Motion to substitute Alison Lundergan Grimes (in her official capacity as Chairwoman of the State Board of Elections), the Board Members the Executive Director for the State Board as defendants in the *Brown* case. DE #77.

However, the public has an important interest in orderly elections, and the Court's resolution of Plaintiffs' Motion may affect Defendants' ability to administer timely elections in accordance with Kentucky law. Defendants therefore object to the imposition of a blanket permanent injunction barring the use of the current legislative districts in any future elections.

## II.    DISCUSSION

The extraordinary relief of a permanent injunction is appropriate only where the plaintiff establishes "success on the merits, irreparable harm, a balance of harms weighing in favor of the prevailing party, and public interest weighing in favor of the injunction." *Baker v. Meko*, Civil Action No. 08-CV-119-HRW, 2008 WL 4889614, at *7 (E.D. Ky. Nov. 12, 2008) (quoting *McCuiston v. Hoffa*, 351 F. Supp. 2d 682, 689 (E.D. Mich. 2005) (quoting 42 Am. Jur. 2d Injunctions § 14)).

A blanket injunction barring further use of the current legislative districts could hinder Defendants' ability to administer future elections, including potential special legislative elections and the 2014 Primary Election. Accordingly, the strong public interest in the orderly administration of elections weighs against the permanent injunction sought by Plaintiffs. *See Dean v. Leake*, 550 F. Supp. 2d 594, 605-06 (E.D. N.C. 1998) (public interest in orderly election militated against preliminary injunction); *Legislative Research Comm'n v. Fischer*, 366 S.W.3d 905, 919 (Ky. 2012) (recognizing interest in ensuring orderly process of elections); *see also Reynolds v. Sims*, 377 U.S. 533, 579 (1964) (population deviations may be justified by "legitimate considerations incident to the effectuation of a rational state policy").

### A.    Practical and Statutory Considerations With Respect to Special Elections

Defendants are not aware of any current vacancies in the Kentucky General Assembly that would require a special election. However, if one arises before redistricting is accomplished,

3

the injunction sought by Plaintiffs would impact the duties of Defendants, as well as the Governor, General Assembly, local election officials and potential candidates.

Pursuant to KRS 118.730, vacancies in the Kentucky Senate or House of Representatives are filled by special election. The special election is scheduled by a writ issued by either the Governor or the presiding officer of the chamber in which the vacancy occurs, depending on whether the General Assembly is in session. KRS 118.730(1). The writ must be forwarded to the sheriff in each county in which the election is to be held at least 56 days before the special election. KRS 118.740(1).[2] Thus, in order for any special elections that may arise pending enactment of a new redistricting plan to be orderly and timely held, the districts pursuant to which they are conducted must be known at least 56 days in advance so that the counties whose sheriffs must be sent notice can be identified.

**B.    Practical and Statutory Considerations With Respect to the May 2014 Primary Election**

The Court and parties clearly recognize that, given certain upcoming procedural deadlines related to the May 2014 Primary Election, time is of the essence. Indeed, the Court's Scheduling Order contemplates that these consolidated cases will be resolved prior to November 4, 2013, in order to give potential candidates sufficient time before the 2014 regular elections to establish residency in a particular district. DE #49, at 2. Nonetheless, Defendants are mindful that delays are possible and remain focused on meeting each of the statutory prerequisites to the May 20, 2014, Primary Election, which include:

---

[2] In addition, candidates in special elections for the General Assembly must file their petitions and certificates of nomination at least 49 days before the election, and the Secretary must immediately certify them to the proper county clerks. KRS 118.770.

4

- November 6, 2013 – First date on which signatures may be affixed on candidate filing forms and on which candidates may file for an office on the ballot in 2014. KRS 118.125(2); KRS 118.165(1).[3]

- January 28, 2014 – Deadline for candidates who must run in primary to file nomination papers. KRS 118.165(1).

- February 10, 2014 – Date on which Secretary of State is to certify candidates' names to county clerks. KRS 118.215(1)(a).

- March 31, 2014 – Deadline for county clerks to print ballots for the primary election. KRS 117.085(5) (50 days before election).

- April 4, 2014 – Deadline by which ballots must be mailed to absent uniformed services and overseas voters. (The offices of United States Senator and United States Representative will also appear on the 2014 primary ballot.) Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 ("MOVE Act") (45 days before election).

- May 20, 2014 – Date of primary elections for nomination of candidates to be voted for at the regular November election. KRS 118.025(3).

Considering this timeline for administration of the May 2014 Primary Election in accordance with Kentucky law, it is crucial that legislative districts be established no later than January 28, 2014 – the deadline by which candidates must file nomination papers in order to appear on the primary ballot – or that the deadline (and potentially subsequent deadlines) be extended.  And confusion could arise even if new districts are established before the filing deadline but after candidates begin filing on November 6, 2013. For example, if the district in which a candidate resides changes based upon redistricting, the candidate would have to re-file in the newly drawn district.

---

[3] Defendants suggest that, in the event the legislative districts change after November 6, 2013, but before the candidate filing deadline, the Court waive the statutory $200 filing fee for any legislative candidate who filed and paid the filing fee prior to the change and must withdraw and re-file thereafter. *See* KRS 118.255.

### III.    CONCLUSION

If a blanket permanent injunction barring the use of the current boundaries in future elections is entered before new legislative districts are in place, the ability of Defendants (and local election officials) to timely administer any intervening elections – including any special elections or the May 2014 Primary Election – could be impaired.  By way of example, confusion could arise regarding applicable deadlines, whether any elections held pending the establishment of new districts should be conducted at-large, and whether all elections should be suspended pending the establishment of new districts.  Such uncertainty would be contrary to the public's strong interest in orderly elections.  Accordingly, entry of a permanent injunction is inappropriate.

In order to ensure the continued orderly administration of elections in Kentucky, Defendants respectfully request the Court deny Plaintiffs' request for a blanket injunction barring the use of the current legislative districts in future elections.  In the event that the Court enjoins future use of the current legislative districts, Defendants further request that it do so in a manner that will protect the public's interest in timely and orderly elections.

Respectfully Submitted,

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen
Noel E. Caldwell
Office of the Secretary of State
700 Capital Ave., Ste. 152
Frankfort, KY 40601
(502) 782-7407
lynn.zellen@ky.gov

TACHAU MEEK PLC
Jonathan T. Salomon
3600 National City Tower
101 S. Fifth Street
Louisville, KY 40202-3120

(502) 238-9900
jsalomon@tachaulaw.com

*Counsel for Defendants Alison Lundergan
Grimes, Kentucky State Board of Elections,
and State Board of Elections Members*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed this 26th day of July, 2013. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system. All other parties will be served via hand delivery or U.S. Mail.

/s/ Lynn Sowards Zellen_____
Lynn Sowards Zellen