IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | | |
|---|---|---|
| **KENNY BROWN**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:13-CV-68-WOB-GFVT-DJB |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF KENTUCKY**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| **MARTIN HERBERT**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:13-CV-25-WOB-GFVT-DJB |
| | : | |
| v. | : | |
| | : | |
| **KENTUCKY STATE BOARD OF ELECTIONS**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM IN RESPONSE OF THE *BROWN* PLAINTIFFS TO THE KENTUCKY STATE BOARD OF ELECTIONS MOTION FOR JUDGMENT ON THE PLEADINGS IN CASE NO. 13-CV-68-WOB-GFVT-DJB**

The *Brown* Plaintiffs believe that the State Board of Elections' Motion for Judgment on the Pleadings is now moot, given the parties agreed dismissal of the Kentucky State Board of Elections, and substitution of the individual board members, and the Executive Director of the Kentucky State Board of Elections, in their official capacities, in the place of the Kentucky State Board of Elections. (*See* Doc. # 77). The Motion thus should be dismissed as moot and the Joint Motion for Dismissal/Substitution should be granted. To the extent further response is required,

1

the *Brown* Plaintiffs believe that there are no grounds, other than the agreed Joint Motion, to dismiss the Kentucky State Board of Elections.

    A.  <u>The Commonwealth of Kentucky Waived Immunity for the State Board of Elections</u>

Eleventh Amendment immunity can be waived.  It can be waived by a statute which permits suit against the state in federal court.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 110 S. Ct. 1868; 109 L. Ed. 2d 264 (1990).  And it can be waived by the litigation actions of the state.  *Lapides v. Bd. of Regents,* 535 U.S. 613, 152 L. Ed. 2d 806, 122 S. Ct. 1640 (2002).  "A state can waive an Eleventh Amendment immunity defense through a voluntary appearance in litigation against it in federal court." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 131 F.3d 353, 365 (3d Cir.1997) aff'd, 527 U.S. 666, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999).  Generally, waiver of sovereign immunity through litigation conduct only happens when the state "voluntarily invokes" federal court jurisdiction.  *Gunter v. Atlantic C. L. R. Co.*, 200 U.S. 273, 284, 26 S. Ct. 252, 50 L. Ed. 477 (1906) (stating that "where a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment")).

KY Const. § 231 provides that "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth."  This permissive language provides the General Assembly the ability to waive Eleventh Amendment immunity.

K.R.S. 5.005 provides, in relevant part, that "The Secretary of State **shall be named** as a defendant **in any action** challenging the constitutionality of any legislative district created by this chapter."  K.R.S. 117.005 provides for the State Board of Elections.  And that section provides that "[t]he Secretary of State shall serve as the chairman of the state board and the chief

2

election official for the Commonwealth." Thus, the requirement to join the Secretary of State in K.R.S. 5.005 necessarily included a requirement to likewise join the Board as an entity. And, because the statutory text included "in any action" it necessarily waived Eleventh Amendment immunity on behalf of the Board, insofar as actions are concerned that challenge "the constitutionality of any legislative district created by this chapter," K.R.S. 5.005, which is clearly the case for this action.

   B. The Ex Parte Young Exception Applies

Under *Ex parte Young*, 209 U.S. 123 (1908), suit is allowed for declaratory and injunctive relief, but not money damages, despite Eleventh Amendment immunity. *Ex Parte Young* does not apply to suits against the states directly, which retain Eleventh Amendment immunity. But, in *Ex Parte Young*, the U.S. Supreme Court noted that a suit against the Railroad Commission was not the same as a suit against the state. *Id.* at 155.

The same result was reached by the United States District Court for the Western District of Kentucky in *Richardson v. State Board of Elections*, 697 F. Supp.295 (1988), where the Court concluded that "this action is appropriate against the defendant, the State Board of Elections." *Id.* at 296.

Defendant, the Kentucky State Board of Elections provides that *Thiokol Corp. v. Department of Treasury, Revenue Div.*, 987 F.2d 376 (6th Cir. 1993) limits the *Ex Parte Young* exception – but in that case the Sixth Circuit acknowledged the existence of the *Ex Parte Young* exception, and then turned to the issue of explicit waiver of immunity in an altogether different context, and specifically did not determine or involve the question of prospective declaratory or injunctive relief against individual official capacity defendants or a state department.

*Richardson* has not been overruled, criticized, or abolished. It stands for the limited

3

proposition that declaratory relief and prospective injunctive relief against the State Board of Elections is appropriate under the *Ex Parte Young* exception. 697 F. Supp.295. The State Board of Elections' Motion should, therefore, be denied.

C. <u>The Brown Plaintiffs should be permitted to add the members of the Board of Elections and the Executive Director as parties.</u>

Finally, as was agreed to in the Joint Motion, the *Brown* Plaintiffs should be permitted to add (or substitute if this Court is inclined to grant the Motion of the Board of Elections) the members of the Board of Elections and its Executive Director, as sought in their motion. The same result was deemed appropriate in *Richardson*. 697 F. Supp.295.

D. <u>Conclusion</u>

The Joint Motion for Substitution/Dismissal (Doc. # 77) should be granted and the Motion for Judgment on the Pleadings be denied as moot. In the alternative, it should be denied for the reasons set forth herein.

> Respectfully submitted,
>
> <u>s/ Christopher D. Wiest</u>
> Christopher D. Wiest (KBA 90725)
> Chris Wiest, Atty at Law PLLC
> 25 Town Center Blvd, Suite 104
> Crestview Hills, KY 41017
> 859-486-6850
> 513-257-1895 (v)
> chriswiestlaw@yahoo.com
>
> Rick Brueggemann (90619)
> E. Jason Atkins (88044)
> Hemmer DeFrank, PLLC
> 250 Grandview Dr.
> Fort Mitchell, KY 41017
> 859/578-3855 (v)
> 859/578-3869 (f)
> rbrueggemann@hemmerlaw.com
>
> *Counsel for Brown Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on July 26, 2013, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this action.

                                                    s/ Christopher D. Wiest
                                                    *Counsel for the Brown Plaintiffs*