IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (AT COVINGTON)

| | | |
|---|---|---|
| KENNY BROWN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:13-CV-68-WOB-GFVT-DJB |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF KENTUCKY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MARTIN HERBERT, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:13-CV-25-WOB-GFVT-DJB |
| | : | |
| v. | : | |
| | : | |
| KENTUCKY STATE BOARD OF ELECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPLY IN SUPPORT PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS OF ROBERT STIVERS IN CASE NO. 13-CV-68-WOB-GFVT-DJB**

Senate President Robert Stivers avers that there is dispute between the Kentucky House and Senate. Plaintiffs do not doubt that there is dispute. Nor do Plaintiffs deny that the answers sought from this Court by President Stivers might help to resolve some of that dispute. Likewise, Plaintiffs have no argument that this matter must be resolved in an abbreviated timeframe, largely driven by the upcoming November deadlines (November 4, 2013 if the residency date is the deadline; November 6, 2013, if the start of the petitioning process is used, which is typically the benchmark for federal courts in redistricting cases). Plaintiffs do not

dispute that serious constitutional questions are raised by the use of an adjusted population map that excludes federal prisoners (including, incidentally, such prisoners that are Kentucky residents), while at the same time includes state prisoners who are not Kentucky residents, and includes out of state resident students or members of the military stationed in Kentucky. Nor do Plaintiffs dispute that there may be a controversy with regard to these issues that adjudication might help to solve. However, Plaintiffs' concurrence ends there.  An adjudication of this issue at the present time would be an advisory opinion and beyond the jurisdiction of this Court.

President Stivers is incorrect that Plaintiffs' Complaint challenged the constitutionality of the 2012 adjusted maps.  Plaintiffs' claims for relief did not seek a declaration or an injunction against the use of that specific adjusted population basis, although Plaintiffs may well deem it improper for a map to based upon such adjustment as was 2013 HB1.  Nevertheless, Plaintiffs know that the end product from the special legislative session may never use such maps. Therefore, Plaintiffs are not seeking an advisory opinion.  Plaintiffs seek a declaration that Kentucky currently does not have constitutional districts, that the one-person, one-vote standard will *continue* to be violated unless constitutional maps are enacted – or judicially imposed if necessary -- prior to November 2013.  President Stivers misses the primary point of Plaintiffs' action: to enjoin continuing violation of the constitution and compel constitutional maps be enacted before November 2013 for the upcoming elections.  More importantly, none of President Stivers' arguments address the grounds raised by Plaintiffs' in support of their Motion to Dismiss his Counterclaim and the Declaratory Judgment he seeks.

1. **The claim is not ripe under existing case law.**

President Stivers is correct that the lawsuit is ripe for adjudication. However, his Counterclaim and the relief he seeks is not.  There can be no reasonable question that allowing the status quo—that is, allowing the 2002 maps utilized in 2012 to continue in place—will again

result in unconstitutional maps being used in the 2014 elections. That constitutional violations occurred is not so much now the focus since that cannot be reasonably retroactively repaired, but the fact that the districts in 2012 and 2013 were unconstitutional remain obvious nonetheless. But, on the other hand, there is no map yet presented by the Kentucky General Assembly that purports to utilize the adjusted population base against which President Stivers complains. Therefore, that issue is not yet ripe.

Federal courts may not hear cases that are not ripe for review. *Reno v. Catholic Soc. Servs.,* 509 U.S. 43, 57-58, 113 S. Ct. 2485, 125 L. Ed. 2d 38 and n.18 (1993). When faced with questions of ripeness in the declaratory judgment context, the U.S. Supreme Court developed a test in *Abbott Laboratories* v. *Gardner,* 387 U.S. 136, 149, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967). The test contains two parts, fitness, *i.e.* whether a challenged government action is final and whether determination of the merits turns upon facts which may not yet be sufficiently developed; and hardship, a question which typically turns upon whether the challenged action creates a direct and immediate dilemma for the parties. *Id.* The problem here isn't the hardship prong – the problem here is the fitness prong. The challenged government action is not final and turns on facts which may not yet be developed – namely, whether or not the General Assembly will actual use an adjusted population basis when it finally enacts a map. In contrast, it has utilized the 2002 map in 2012 that violated the one-person, one-vote rule, it failed to adopt constitutional maps in 2012, 2013, and is approaching the November deadlines by which constitutional violations will again occur.

The "requirement that litigation be deferred until a controversy is 'ripe' for judicial resolution . . . seeks to 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect

3

the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Rapid Transit Advocates, Inc. v. Southern California Rapid Transit District*, 752 F.2d 373, 378 (9th Cir. 1985) (*quoting Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967)).

That is exactly the case here. Until a map is actually enacted with an adjusted population President Stivers is arguing only what might be. Plaintiffs press action to remedy existing constitutional mal-apportionment.

"[A] federal court normally ought not resolve issues 'involving contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996). That is certainly the case here – the use of an adjusted population map "may not occur as anticipated, or indeed may not occur at all." Curiously, President Stivers does not show—or even state—that Kentucky House Speaker Stumbo, or the caucus he leads, intends to continue using such an adjusted population basis.

Fundamentally, there is no guarantee at this juncture that the Kentucky General Assembly would pass maps having an adjusted population basis. Indeed, even if the House would seek to do so as President Stivers insists, the Senate is already well poised to correct it. The Senate is a distinct and powerful portion of the General Assembly and must assent to the map before it can become law. The fact that the Kentucky Senate did not concur with 2013 HB 2 demonstrates this fact. It also demonstrates the tenuous nature of this prospect at this juncture. There is a dispute if—and only if—the Kentucky House and Kentucky Senate agree to the use of these maps. Any such dispute will be in the context of a concrete enacted redistricting bill, which would then allow all parties, and this Court, to measure the enactment against constitutional standards. For instance, we do not know at this juncture whether such a

4

hypothetical bill would exclude, in addition to federal prisoners, out of state students and military whose home of record is outside the Commonwealth.  Likewise, it would be purely speculation to now question the exclusion of federal prisoners who are Kentucky residents, or the inclusion of state prisoners who are not.  We do not yet know if persons who are similarly situated will be treated differently, without any rational basis to justify such disparate treatment.  These are questions about matters that may or may not come to pass.  Therefore, at this juncture, the matter is simply not ripe.  *See, also, Texas v. United States*, 523 U.S. 296, 118 S. Ct. 1257; 140 L. Ed. 2d 406 (1998) (matter not ripe in Voting Rights Act case where there were questions about whether or not the event complained about would ever come to pass).

**2. The claim involves a request for an advisory opinion.**

Federal courts are not authorized to render advice to persons contemplating litigation or acts that may lead to litigation. They cannot for example advise Congress on the constitutionality of proposed legislation. See, e.g., *Muskrat v. United States*, 219 U.S. 346, 55 L. Ed. 246, 31 S. Ct. 250 (1911); *United States v. Fruehauf*, 365 U.S. 146, 157, 5 L. Ed. 2d 476, 81 S. Ct. 547 (1961); *Illinois ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 941-42 (7th Cir. 1983).

If the federal courts are prohibited from advising Congress on questions involving proposed legislation, they must certainly be prohibited from advising the Kentucky General Assembly on matters involving proposed legislation before that body—the very action President Stivers brings his counter-claims upon.  An order declaring the current districts unconstitutional and enjoining the continued use of such districts is required.  But weighing in on a speculation about how prisoners, military and students will be treated is not, at least not yet.

Plaintiffs do not doubt that there is a dispute between the Kentucky Senate and the Kentucky House; in fact, there may be a number of disputes between the Kentucky Senate and

5

the Kentucky House. Plaintiffs do not doubt that a ruling by this Court might eventually be needed to settle a dispute related to an adjusted population basis.[1] Because President Stivers' claims for declaratory relief are not ripe, he seeks merely an advisory opinion. For this reason, his Counterclaim should be dismissed. However, Plaintiffs are amenable to that dismissal being without prejudice.

### 3. Conclusion

Because, President Stivers is seeking an advisory opinion in the form of declaratory relief that is not within the jurisdiction of this Court, Plaintiffs respectfully request that his Counterclaim be dismissed.

Respectfully Submitted,

/s/Christopher D. Wiest
Christopher D. Wiest (KBA 90725)
Chris Wiest, AAL, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
859/495-0803 (f)
513/257-1895 (c)
chriswiestlaw@yahoo.com

/s/Richard A. Brueggemann
Richard A. Brueggemann (90619)
E. Jason Atkins (88044)
Hemmer DeFrank, PLLC
250 Grandview Dr.
Fort Mitchell, KY 41017
859/578-3855 (v)
859/578-3869 (f)
rbrueggemann@hemmerlaw.com

*Counsel for Plaintiffs in Brown, et.*

---

[1] Again, it is notable that 2013 HB 1 is not being challenged – it never became law. And, if Plaintiffs were to challenge 2013 HB 1, the challenge to the adjusted population basis would be one of approximately twelve different constitutional issues with that bill. But that bill never became law, and it may never become law.

6

*al. v. Commonwealth, et. al.*

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon counsel for Defendants and Plaintiffs in the consolidated *Herbert* case, this 1st day of August, 2013, via the Court's CM/ECF system.

    /s/Christopher Wiest