UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al.,** ) ) ) ) | ) | **ELECTRONICALLY FILED** |
| Plaintiffs, ) | | Civil No. 2:13-cv-00068 |
| v. ) | | DJB-GFVT-WOB |
| ) | | |
| **THE COMMONWEALTH OF KENTUCKY, et al.,** ) ) | | |
| ) | | |
| Defendants. ) | | |
| **MARTIN HERBERT, et al.** ) ) ) | | |
| ) | | |
| Plaintiffs, ) | | Civil No. 3:13-cv-00025 |
| v. ) | | DJB-GFVT-WOB |
| ) | | |
| **KENTUCKY STATE BOARD OF ELECTIONS, et al.,** ) ) ) | | |
| Defendants. ) | | |

**DEFENDANT SPEAKER STUMBO'S MOTION FOR STAY**

Comes the Defendant, Kentucky Speaker of the House of Representatives Greg Stumbo, pursuant to FRCP 62, and requests that this Honorable Tribunal stay the judgment contained in the Court's Order of August 16, 2013, (R. 97), due to its unwarranted and impermissible effect upon the ordinary and customary procedures of the Kentucky General Assembly, which convenes at noon tomorrow in Extraordinary Session.

The requested stay would hold in abeyance enforcement of the Court's Order until after the ninety (90) day period required for an enacted law to become effective in the regular course of legislative proceedings. Such a stay should remain in place during the Court's determination

1

of the Speaker's Motion to Alter, Amend or Vacate, R. 98, and not be dissolved until after the effective date of any legislative action.

>   FRCP 62 provides:
>
>   [T]the court may stay the execution of a judgment--or any proceedings to enforce it-- pending disposition of any of the following motions:
>   ....
>   (3) under Rule 59 for a new trial or to alter or amend a judgment; or
>   (4) under Rule 60 for relief from a judgment or order.

Id. Movant has sought relief under both FRCP 59 and FRCP 60. (R. 98). For this reason, a stay is permitted as a matter of law and such relief should be granted by this Court.

Movant would show this Honorable Tribunal that a serious, though no doubt unintended, error of law has occurred herein due to the Court's entry of an Order having the practical effect of interfering with the orderly disposition of the Kentucky General Assembly's pending legislative business, as is fully set out in Speaker Stumbo's earlier motion and attachments. (R. 98).

It is both prudent and necessary for this Court to enter the requested stay, in the event that the Speaker's requested relief is not granted forthwith. Granting the stay would allow this Court to permit responsive briefing by other parties or an emergency hearing by the Court. Movant regrets the need for such expedited action, but the late entry of the Court's Order (R 97) permits no other option.

In the event that the requested relief in this motion and in the earlier Motion to Alter, Amend or Vacate (R 98) are denied, Movant will be forced to initiate an emergency appeal to the United States Supreme Court to preserve the core integrity of state legislative functions, under the authority of 28 USCA Section 1253. In this event, the Court will be again asked to enter a stay.

Case: 2:13-cv-00068-WOB-GFVT-DJB   Doc #: 99   Filed: 08/18/13   Page: 3 of 4 - Page ID#: 1696

Speaker Stumbo will request modification of the current injunction under FRCP 62 should an emergency appeal be necessary. FRCP 62 provides for modification of an Order as follows:

> (c) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
> (1) by that court sitting in open session; or
> (2) by the assent of all its judges, as evidenced by their signatures.

Id.

Notice is given of the intended plan of action in order that this Honorable Tribunal may be prepared to act expeditiously. As the Court is well aware, the Kentucky General Assembly is scheduled to meet in Extraordinary Session in only a few hours, and the current Order already presents grave impediments to the normal and expected smooth functioning of that process, as is more fully set out in the Speaker's pending Motion (R.98)

A prompt ruling taking into account the existing timetable is respectfully requested. Prompt action may allow normal pre-session planning to at last commence in the brief remaining time, free of the uncertainty and disruption caused by entry of the Order.

It is therefore requested that the attached Order be immediately issued.

Respectfully submitted,

/s/ Anna Stewart Whites
**ANNA STEWART WHITES**
600 E. Main Street
Frankfort KY 40601
(502) 352-2373/FAX 352-6860
AnnaWhites@aol.com

3

                        **PIERCE WHITES**
                        Office of the Speaker
                        Capitol Building, Rm. 309
                        Frankfort KY 40601
                        (502) 564-3366
                        pierce.whites@LRC.KY.GOV

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 18, 2013 a copy of the foregoing Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                          s/Anna Stewart Whites_____