UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **KENNY BROWN**, individually and in his official capacity as the Boone County Clerk, et al., | ) ) ) ) | **ELECTRONICALLY FILED** |
| Plaintiffs, | ) | Civil No. 2:13-cv-00068 |
| v. | ) ) | DJB-GFVT-WOB |
| **THE COMMONWEALTH OF KENTUCKY**, et al., | ) ) ) | |
| Defendants. | ) | |
| **MARTIN HERBERT**, et al. | ) ) ) ) | |
| Plaintiffs, | ) | Civil No. 3:13-cv-00025 |
| v. | ) ) ) ) | DJB-GFVT-WOB |
| **KENTUCKY STATE BOARD OF ELECTIONS**, et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT SPEAKER STUMBO'S SUPPLEMENTAL MOTION TO AMEND THE COURT'S ORDER OF AUGUST 16, 2013 AND AUGUST 19, 2013**

Comes Speaker Stumbo, by counsel, and for his response to the Court's Order of August 19, 2013, would show this Honorable Tribunal that the relief requested by the Speaker must be expanded to ensure that the 2002 redistricting lines stay in effect for any special election occurring prior to the regularly scheduled 2014 elections. The Speaker had previously requested only that such lines be kept in place for the pendency of the "gap" in coverage between passage and effective date of any new redistricting plan.

1

This action is required because Kentucky law has long found it necessary that any special election must be conducted specifically for the remainder of the unexpired term of that office, and in the same geographic boundaries of that office, as they existed at the time of the original election. See: *Brumleve v Ruth,* 302 Ky. 813, 195 SW2d 777 (1946). Any special election which may occur prior to the 2014 elections therefore must necessarily be run in the existing 2002 district lines. This would be an election to fill an *unexpired term*, which has a well defined legal meaning. The controlling law states:

> [F]rom the beginning the construction of Section 152 has been that it places a limitation not only as to time but as to territory. The regular election must be in territory of the same boundary, or contain the entire district or unit of government to which the office being filled belongs.

*Brumleve v. Ruth*, 195 SW2d, at 780.

The Kentucky Constitution also requires this accommodation:

> Ky Const § 152 Vacancies; when filled by appointment, when by election; who to fill:
>
> Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows:
> …. if any part of the term remains unexpired, the office shall be filled by election until the regular time for the election of officers to fill said offices.

Any election to fill an unexpired term "must be in territory of the same boundary," as *Brumleve, supra.*, teaches. In addition, The Kentucky Attorney General has relied upon this well established law to advise the public of this requirement. Numerous opinions of the Attorney General hold that the election must **"embrac[e] the area in which the vacancy has occurred in order for said vacancy to be filled."** Ky. OAG 77-701 (Ky.A.G.), 1977 WL 28201. *See also*: 1982

Ky. Op. Atty. Gen. 2-298 and 1978-1979 Ky. Op. Atty. Gen. 2-593, holding identically.

The reason for this commonsense rule is evident. Voters would actually be disenfranchised if the new district lines were used, since this election is for the voters of the old district. If the new district lines were used, some voters may in effect have two representatives, and some may have none. This is not an occurrence that should be mandated by a Federal Court, impinging as it does upon the most fundamental of citizen's rights.

For this reason, the Speaker asks that this Honorable Court maintain the viability of Kentucky's existing redistricting law only insofar as necessary to ensure that future elections are not disrupted. It should be borne in mind that a vacancy can occur for a wide variety of reasons, from simple resignation to death or disability. It would be imprudent to ignore this reality.

Respectfully submitted,

/s/  Anna Stewart Whites
**ANNA STEWART WHITES**
600 E. Main Street
Frankfort KY 40601
 (502) 352-2373/FAX 352-6860
AnnaWhites@aol.com

**PIERCE WHITES**
Office of the Speaker
Capitol Building, Rm. 309
Frankfort KY 40601
(502) 564-3366
pierce.whites@LRC.KY.GOV

## CERTIFICATE OF SERVICE

    I hereby certify that on August 19, 2013 a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                   s/Anna Stewart Whites\_\_\_