UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 13-cv-68 DJB-GFVT-WOB |
| V. | ) ) | |
| KENTUCKY LEGISLATIVE RESEARCH COMMISSION, et al., | ) ) ) | |
| Defendants. _____ | ) ) ) | |
| MARTIN HERBERT, et al., | ) ) | |
| Plaintiffs, | ) ) | Civil No. 13-cv-25 DJB-GFVT-WOB |
| V. | ) ) | |
| KENTUCKY STATE BOARD OF ELECTIONS, et al., | ) ) ) ) | **ORDER** |
| Defendants. _____ | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before:  BOGGS, *Circuit Judge*; VAN TATENHOVE, *District Judge*; and BERTELSMAN, *Senior District Judge*.

PER CURIAM.  Greg Stumbo, Speaker of the Kentucky House of Representatives petitions this court pursuant to Federal Rules of Civil Procedure 59 and 60 to amend the August 16, 2013 Order that granted the Plaintiffs' motion for summary judgment and thereby declared the 2002 state-legislative electoral districts unconstitutional and permanently enjoined them from

being used in any future election. The Speaker's motion highlights the conflict of two competing principles: (1) the general principle that an election to a vacancy that is created in the middle of an elected term should be held on the same lines as were used to elect the person whose resignation or death has created the vacancy; and (2) the principle that districting lines that are unconstitutional, or part of an unconstitutional plan, should not be used for further elections. Close examination of the state law at issue, however, reveals that the court's prior Order has not created the dire circumstances and complications that the Speaker suggests.

The Speaker relies on *Brumleve v. Ruth*, 195 S.W.2d 777 (Ky. 1946), to support the superiority of the first principle over the second under the Kentucky Constitution. However, *Brumleve* dealt with § 152 of the Kentucky Constitution, which controls, *inter alia*, whether a *temporary appointment* to a vacancy (a non-state-legislative vacancy) in an office whose term does not expire at the next annual election must be filled via special election at that time. The quoted language from *Brumleve* simply indicates that a special election should only be held to replace an individual temporarily appointed to fill a vacancy when there will be an election in the exact geographic district to which the appointee's office belongs during the next annual election cycle; otherwise, the appointee remains in office until the term of office normally expires. Since legislative officers cannot be appointed and may only be replaced by special election, as also stated in § 152 of the Kentucky Constitution, *Brumleve's* discussion of when a special election must be held to replace appointees is completely inapposite. The Kentucky OAG opinions that Stumbo cites are similarly off point.

However, the Kentucky Supreme Court does directly address this issue in *State Bd. of Elections v. Fischer*, 910 S.W.2d 245, 246 (Ky. 1995) (*Fischer III*). When the 1991 redistricting

was held unconstitutional by the Kentucky Supreme Court, and its use forbidden after the 1994 elections, the State Supreme Court would not allow a vacancy occurring in August 1995 to be filled using the old lines, even though it meant that there would be no direct representation for that numbered district, or the people living within it, for some period of time.[1]  Therefore, in considering the two principles raised by Speaker Stumbo's motion, the Kentucky Supreme Court found that, as a matter of state law, it was more important to ensure that special elections were conducted in a constitutional manner than pursuant to the identical geographic territory.  As the court's prior Order is consistent with this precept of Kentucky law, there is no clear error or manifest injustice that would merit granting the Speakers' motions to amend.

It is true that when there is an imminent election or some complex matter of state election law is at issue, the court is endowed with equitable powers, under *Reynolds v. Sims*, to take remedial actions for the purpose of avoiding "disruption of the election process." 377 U.S. 533, 585, 84 S. Ct. 1362, 1394, 12 L. Ed. 2d 506 (1964).  However, as previously stated, the court's order has not run afoul of any state election law.[2]  In addition, there is no imminent special election at hand to either bring the aforementioned principles into actual conflict or prompt the courts to craft an equitable remedy.  Accordingly, it is hereby **ORDERED** that Defendant Speaker Stumbo's Motions to Amend [R. 98, R. 104] are **DENIED**; and his Motion to Stay [R. 99] is **DENIED** as moot.

---

[1] Though Speaker Stumbo makes much of the several-million-dollar at-large special election that would result if the 2002 districts are not reinstated, the court is not convinced that *Fischer III* would require that such an election to be conducted under these circumstances.

[2] Nor has the court somehow coopted legislative procedures to require that an emergency clause be inserted into the legislation.  Speaker Stumbo has presented no persuasive argument that the court's order necessitated the inclusion of an emergency clause.