**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | | |
|---|---|---|
| **KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al.,** | ) ) ) ) | **ELECTRONICALLY FILED** |
| Plaintiffs, | ) | Civil No. 2:13-cv-00068 |
| v. | ) ) | DJB-GFVT-WOB |
| **THE COMMONWEALTH OF KENTUCKY, et al.,** | ) ) ) ) | |
| Defendants. | ) | |
| **MARTIN HERBERT, et al.** | ) ) ) ) | |
| Plaintiffs, | ) | Civil No. 3:13-cv-00025 |
| v. | ) ) ) | DJB-GFVT-WOB |
| **KENTUCKY STATE BOARD OF ELECTIONS, et al.,** | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT SPEAKER STUMBO'S RESPONSE TO JOINT MOTION TO ENTER FINAL JUDGMENT**

Plaintiffs have moved jointly to have the Court enter a proposed final judgment on the substantive issues as the Plaintiffs' see those. Motion to Enter Final Judgment, RE. 110, p. 1. Plaintiffs assert that there are no more remaining substantive issues, and state that they accept the redistricting maps passed into law during the recent Extraordinary Session, and will offer no challenge to same. Id., p. 2. Plaintiffs ask that the Court incorporate its Order of August 16, 2013, (RE 97) including injunctive and declaratory relief contained therein, in the Final Order.

Id., p. 3. Paragraph 2 of the Proposed Order states that the Court entered declaratory and injunctive relief with regard to use of the 2002 maps.

This request is nothing more than an attempt to bolster a weak claim for attorney fees in this case. During the initial hearing on the matter, Counsel for Speaker Stumbo made plain that the 2002 maps were unconstitutional for use in any future general election. In the written Response to President Stiver's demand for declaratory relief, Speaker Stumbo again confirmed that no party was using or attempting to rely on the 2002 maps for any future general election. The Governor called a Special Session specifically to permit the legislature to create new maps so that the prior maps would not be used again. New maps were created and passed into law. The General Assembly even included an emergency clause in the new law to reflect that the 2002 lines were not to be used again, even for a Special Election. This language was inserted to avoid the expense and disruption of a possible statewide election necessitated in the event of a Special Election where no redistricting lines were extant, following the Court's rejection of a request for a modification of the August 16th Order. The Order therefore has no future application, and should not form part of the final judgment herein.

Plaintiffs expressly state, both in their Motion and in para. 1 of the Proposed Order, that they accept the new maps and will not continue legal objections thereto. Plaintiffs seem to argue that the General Assembly's map is somehow directly attributable to this suit, yet Plaintiffs did not affect the outcome of the redistricting process in any appreciable manner. In the present case, the map enacted by the General Assembly was not the map requested by the Plaintiffs or any party. The General Assembly performed its duty and created a new and distinct map without any involvement or support by the Plaintiffs.

In *Watkins v. Fordyce*, 807 F.Supp. 406 (S.D. Miss. 1992), the Court reviewed a similar claim for fees by the plaintiffs in a redistricting action. In that case, the Court stated that in order to be held a prevailing party, "a plaintiff must establish two elements: (1) that the goal of the law suit was achieved, and (2) that the suit itself caused the defendant to remedy the discrimination." Id, at 411. In that case, the plaintiffs prevailed because the maps created gave them the relief they had demanded and was not merely the appropriate action of the legislative body. Courts find that a prevailing party "must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation," *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782 (1999), so that "there is a resolution of the dispute which changes the legal relationship between [plaintiffs] and defendant[s]." That is not the case herein.

Under the VRA, 42 U.S.C. § 1973l(e), and the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b), a district court has discretion to award reasonable attorney's fees to a "prevailing party only where that party meets the standard imposed by law. In *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dept. of Health & Human Resources,* 532 U.S. 598, 605 (2001), the Court affirmed that judicial imprimatur is required for prevailing party status. Prior to *Buckhannon,* courts applied the catalyst theory to determine prevailing-party status. *Id.* at 686-87. Under that theory, "plaintiffs were considered prevailing parties even if their cases settled or became moot, so long as the lawsuit itself was a substantial factor or significant catalyst that caused the defendants to voluntarily change their behavior to the result plaintiffs desired". *Id.* at 687. The Supreme Court rejected the catalyst theory in *Buckhannon,* holding it improperly allowed "an award where there is no judicially sanctioned change in the legal relationship of the parties". *Buckhannon*, 532 U.S. at 605. The Court held a prevailing party is one who has

obtained some form of judicially-sanctioned relief *materially* altering the legal relationship between the parties, such as a judgment on the merits or a consent decree. *Id.* at 604.

Thus the law requires that for prevailing-party status: plaintiff must obtain judicially-sanctioned relief, such as a judgment on the merits or a consent decree; the relief must materially alter the legal relationship between the parties; and the relief granted must modify defendant's behavior in a way directly benefitting plaintiff at the time the relief was granted. See: *Dearmore v. City of Garland,* 519 F.3d 517, 521 (5th Cir. 2008). A defendant's *voluntary change in conduct,* although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change". *Buckhannon*, 532 U.S. at 605 (emphasis added).

For these reasons, Defendant Stumbo asks that this Honorable Tribunal not make the August 16th Order a part of the final judgment, but instead simply dismiss this action with prejudice, as there remain no issues subject to judicial decision.

Respectfully submitted,

/s/  Anna Stewart Whites_____
**ANNA STEWART WHITES**
600 E. Main Street
Frankfort KY 40601
 (502) 352-2373/FAX 352-6860
AnnaWhites@aol.com

**PIERCE WHITES**
Office of the Speaker
Capitol Building, Rm. 309

Frankfort KY 40601
(502) 564-3366
pierce.whites@LRC.KY.GOV


**CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2013 a copy of the foregoing Response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                  s/Anna Stewart Whites_____