UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al.,** <br> Plaintiffs, <br> v. <br><br> **THE COMMONWEALTH OF KENTUCKY, et al.,** <br><br> Defendants. | Civil No. 2:13-cv-00068 <br> DJB-GFVT-WOB |
| **MARTIN HERBERT, et al.** <br><br> Plaintiffs, <br> v. <br><br> **KENTUCKY STATE BOARD OF ELECTIONS, et al.,** <br><br> Defendants. | Civil No. 3:13-cv-00025 <br> DJB-GFVT-WOB |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Kentucky Legislative Research Commission ("LRC"), respectfully moves this Honorable Court to dismiss the Plaintiffs' claims for lack of subject matter jurisdiction and respectfully submit the following **MEMORANDUM OF LAW** in support of their **MOTION TO DISMISS**. Fed. R. Civ. P. 12.

Federal courts, as courts of limited jurisdiction, must have a constitutional or statutory basis for exercising that jurisdiction. Gross v. Hougland, 712 F.2d 1034, 1036 (6th Cir. 1983).

1

Federal courts thus have an independent obligation to decide whether they have subject-matter jurisdiction, and if none exists, the case must be dismissed under Rule 12(b)(1). Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432, 435 (6th Cir. 2006).

Article III of the U.S. Constitution confers judicial power on the Federal Courts only in "cases and controversies" and persons seeking to invoke the federal jurisdiction must allege an actual case or controversy. Allen v. Wright, 468 U.S. 737, 750 (1984). "'Under Article III of the Constitution, [federal court] jurisdiction extends only to actual cases and controversies. [Federal courts] have no power to adjudicate disputes which are moot.'" McPherson v. Michigan High School Athletic Ass'n, Inc., 119 F.3d 453, 458 (6th Cir. 1997) (quoting from Crane v. Indiana High Sch. Athletic Ass'n, 975 F.2d 1315, 1318 (7th Cir. 1992)). The mootness inquiry must be made at every stage of a case . . . ." Id.

In the present case, the Plaintiffs' claims are completely based on the Commonwealth of Kentucky's adherence to the legislative district lines enacted by the Kentucky General Assembly in 2002. However, the Kentucky General Assembly was called into extraordinary session on August 19, 2013, by the Governor of the Commonwealth of Kentucky. During the First Extraordinary Session, the Kentucky General Assembly enacted new legislative district lines for the Kentucky Senate and Kentucky House of Representatives on August 23, 2013, in House Bill 1. See *Legislative Record*, 2013 First Extraordinary Session, HB 1, available at: http://www.lrc.ky.gov/record/13SS/HB1.htm . On the same day, the Governor, Steven L. Beshear, signed House Bill 1, and because of an emergency clause in Section 143 of the bill, the new legislative districts became effective immediately. Id. Thus, during the 2013 First Extraordinary Session, the 2002 legislative district lines were repealed and replaced and are no

2

longer part of the Kentucky Revised Statutes.  See Acts 2013 (1st Ex. Sess.), ch. 1, available at: http://www.lrc.ky.gov/statrev/tables/13ss/actsmas.pdf.

The legislative district lines enacted in Acts 2013 (1st Ex. Sess.), ch. 1 meet all of the requirements of the United States Constitution, the Kentucky Constitution, and any other applicable law.  The Plaintiffs have acknowledged as much in their Motion to Enter Final Judgment, where they assert that they do not offer any objections to the legislative districts enacted during the 2013 First Extraordinary Session, that there are no unresolved substantive legal issues between the parties, and that they will not seek any other relief from the Court regarding the new legislative districts.  See Motion to Enter Final Judgment, RE. 110, p. 2. Because of the new legislative district lines, and because the Plaintiffs have asserted they no longer seek any relief from the Court, all of the Plaintiffs' claims are now moot and there is no live case or controversy for this Court to adjudicate.  Therefore, the Court has lost subject matter jurisdiction and the Plaintiffs' claims must be dismissed as moot.

For the foregoing reasons, the LRC's Motion to Dismiss should be granted, and the Plaintiffs should be entitled to no further relief herein.

Respectfully submitted:

s/Laura H. Hendrix_____
Laura H. Hendrix
General Counsel
Legislative Research Commission
State Capitol Annex, Room 104
Frankfort, Kentucky 40601
Telephone:  (502) 564-8100
Fax: (502) 564-6543
Email: Laura.Hendrix@lrc.ky.gov
Attorney for Legislative Research Commission

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2013, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                      s/Laura H. Hendrix_____
                                      Laura H. Hendrix