**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF KY, *et al.*, <br><br> Defendants. | Case No. 2:13cv00068 <br><br> **Electronically filed** |
| MARTIN HERBERT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KENTUCKY STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Case No. 3:13cv00025 |

**PROPOSED ORDER**

The *Brown* Plaintiffs and the *Herbert* Plaintiffs (collectively "Plaintiffs") having moved for entry of a final judgment in the above-styled consolidated actions and the Court being sufficiently advised, it is hereby ordered, adjudged, and decreed as follows:

1. There remain no unresolved substantive legal issues between the parties in these consolidated actions regarding Kentucky's recently-adopted (and presently operative) House and Senate legislative maps. Therefore, Plaintiffs' Joint Motion for Entry of a Final Judgment is hereby **GRANTED**.

2. The *Brown* Plaintiffs and the *Herbert* Plaintiffs (collectively "Plaintiffs") brought these actions seeking declaratory and injunctive relief relating to their claims that Kentucky's 2002 legislative districts violated the Fourteenth Amendment's Equal Protection Clause. The Court previously found, on August 16, 2013, that Plaintiffs were entitled to judgment as a matter of law that the 2002 maps did, in fact, violate the Fourteenth Amendment. Further, the Court granted Plaintiffs their requested declaratory relief finding the 2002 maps unconstitutional as well as their requested injunctive relief barring the official capacity defendants from administering further Kentucky elections pursuant to those mal-apportioned and unconstitutional maps.

3. Plaintiffs have now indicated that they are not raising any legal claims for the Court's consideration regarding Kentucky's recently-adopted (and presently operative) House and Senate legislative maps. [DE#110].

4. The LRC has moved to dismiss this suit for mootness. [DE#115].

5. Senate President Robert Stivers has filed a statement regarding the constitutionality of the Senate maps. [DE#116].

**IT IS ORDERED** that the LRC's Motion to Dismiss [DE#115] for mootness is denied; there remains legally significant consequences to leaving the previously granted injunction in place for special elections and the matter of the 2002 lines was already adjudicated.

**IT IS FURTHER ORDERED** that this Order constitutes the final judgment in the above-styled consolidated actions, and that it specifically incorporates the findings of fact, conclusions of law, and orders for declaratory and injunctive relief contained in the Court's August 16, 2013 Memorandum Order and Opinion. [DE #97.] This is a final judgment and there is no just cause for delay under FRCP 54(b).  Parties shall file any application for fees or costs

under FRCP 54(b) and L.R. 54.4, or stipulations addressing fees and costs, within 30 days of this entry or within such time as may be permitted by the Court.

**IT IS FURTHER ORDERED** that, with Speaker Stumbo having raised the issue and Plaintiffs having responded, this Court determines that for purposes of 42 U.S.C. 1988 and/or 42 U.S.C. 1973l(e), Plaintiffs in both the *Brown* and *Herbert* matters are prevailing parties in this matter and may, consistent with the timing requirements set forth in this Court's local rules, make application for an award of such fees against Defendants.

**IT IS FINALLY ORDERED** that, absent a party present to challenge the recently enacted 2013 SS HB1, there is no adversity of interests sufficient to adjudicate any such challenge at this time, and that such claims can be adjudicated, based on the facts and circumstances present at the time any party may raise such claims, and this Court need not react to the filing by President Stivers [DE#116].

**IT IS SO ORDERED**