UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, et al., | ELECTRONICALLY FILED |
| Plaintiffs, | Civil No. 2:13-cv-00068 |
| v. | DJB-GFVT-WOB |
| THE COMMONWEALTH OF KENTUCKY, et al., | |
| Defendants. | |
| MARTIN HERBERT, et al. | |
| Plaintiffs, | Civil No. 3:13-cv-00025 |
| v. | DJB-GFVT-WOB |
| KENTUCKY STATE BOARD OF ELECTIONS, et al., | |
| Defendants. | |

**DEFENDANT SPEAKER STUMBO'S REPONSE TO THE PLAINTIFFS' JOINT MOTION**

Comes Defendant, Kentucky Speaker of the House Greg Stumbo, by counsel, and for his Response to the *Plaintiffs Combined Joint Motion* (R. 118), would show the Court as follows:

The Plaintiffs oppose a simple dismissal of this action, arguing that "the injunction would be dissolved, giving Defendant's free rein to proceed with their announced intention to return to the 2002 district lines in the event of a special election." This is plainly an impossibility. The Plaintiffs professed fears cannot come to pass because the redistricting bill was made

1

immediately effective, so that it would conclusively determine the boundaries of ANY future election. The law expressly provides:

> Section 143.   Whereas **the districts established by this Act shall be effective for all elections held after the date of enactment of this Act**, and because certain statutory and other deadlines impact elections held after the date of enactment of this Act, an emergency is declared to exist, and this Act takes effect upon its passage and approval by the Governor or upon its otherwise becoming law.

HB1, Section 143, emphasis supplied.

Obviously, the relief demanded by the Plaintiffs cannot be granted because they have utterly failed to recognize an elemental fact: The 2002 lines can never be used again **as a matter of law**. This Court's Order of August 16, 2013 (R. 97) is moot because state law now incorporates the relevant portions of relief that would otherwise have been provided by the Order. Indeed, it was this Court's refusal to grant the Speaker's requested relief (allowing use of the 2002 lines in any special election) that effectively mandated inclusion of Section 143 in the redistricting law. It is astonishing that Plaintiffs would now suggest otherwise to this Tribunal.

The **only theory** advanced by Plaintiffs in seeking to prolong this litigation is explicitly barred by the very legislation at issue. Plaintiffs should be directed to immediately retract this sham pleading, and certainly should not seek any attorney fees for time spent drafting it, in light of the complete lack of factual support for the claimed concerns. It defies logic that the Plaintiffs could spend pages arguing to this Court that Defendants may take action expressly prohibited by the very law at issue.  Because use of the 2002 lines is forbidden by HB 1, the Plaintiffs cannot have any reasonable belief that this will come to pass under any circumstances. The pleading is both a waste of the parties' time and the Court's review duties.

Plaintiffs cannot reasonably claim to be ignorant of HB 1's provisions. In fact, the Speaker's prior filing explicitly discussed this very point, and alerted this Court and all parties that the new district lines were made immediately effective for all future elections, stating:

> **The General Assembly even included an emergency clause in the new law to reflect that the 2002 lines were not to be used again, even for a Special Election.** This language was inserted to avoid the expense and disruption of a possible statewide election necessitated in the event of a Special Election where no redistricting lines were extant, following the Court's rejection of a request for a modification of the August 16th Order. The Order therefore has no future application, and should not form part of the final judgment herein.

*Speaker's Response to Joint Motion to Enter Final Judgment*, (R 114), at p.2, (emphasis supplied.) It is difficult to imagine how Plaintiffs could overlook such a major issue, especially when it is the lead argument in a short memo they just received recently.

This Court should not be detained long by Plaintiffs' mistake. Section 143 is precisely what renders the Order of August 16th, 2013 moot. The Order has no effect because the law has incorporated its holding. Obviously, this makes it "absolutely clear" that the 2002 lines will never again be used, and so satisfies the standard Plaintiffs themselves have set. (See footnote 6, p. 12, *Plaintiffs' Combined Reply*). Thus, under Plaintiffs' own analysis, this Court lacks the jurisdiction to enter the requested judgment.

Plaintiffs allege that "there remains a credible threat that, absent a final judgment incorporating the permanent injunction barring further use of the 2002 maps, that any special elections will be conducted [under] 2002 lines." *Combined Joint Motion*, at p. 10. This assertion should be forcefully rejected by the Court, in recognition of the controlling law expressly resolving this issue. The Court should recognize that the Order of August 16th is moot, and that this action should be dismissed with prejudice.

3

        Respectfully submitted,


        /s/  Anna Stewart Whites_____
        **ANNA STEWART WHITES**
        600 E. Main Street
        Frankfort KY 40601
        (502) 352-2373/FAX 352-6860
        AnnaWhites@aol.com

        **PIERCE WHITES**
        Office of the Speaker
        Capitol Building, Rm. 309
        Frankfort KY 40601
        (502) 564-3366
        pierce.whites@LRC.KY.GOV


## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013 a copy of the foregoing motion was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.


        s/Anna Stewart Whites_____