UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

KENNY BROWN, individually          )
And in his official capacity       )
as the Boone County Clerk,         )
et al.,                            )
                                   )
      Plaintiffs,                 )          Civil No. 13-cv-68
                                   )          DJB-GFVT-WOB
V.                                 )
                                   )
KENTUCKY LEGISLATIVE               )
RESEARCH COMMISSION, et            )
al.,                               )
                                   )
      Defendants.                 )
_____    )
                                   )
MARTIN HERBERT, et al.             )
                                   )
      Plaintiffs,                 )          Civil No. 13-cv-25
                                   )          DJB-GFVT-WOB
V.                                 )
                                   )
KENTUCKY STATE BOARD OF            )              **ORDER**
ELECTIONS, et al.,                 )
                                   )
      Defendants.                 )
_____    )

\*\*\* \*\*\* \*\*\* \*\*\*

Before: BOGGS, *Circuit Judge*, VAN TATENHOVE, *District Judge*; and BERTELSMAN, *Senior District Judge*.

This matter is before the Court on various motions as well as the parties' statements regarding the constitutionality of the newly-redrawn Kentucky House and Senate voting districts.

Synthesizing the substance of these filings, several issues are before the Court. First, plaintiffs jointly have moved the Court to enter a final judgment incorporating the Court's August 16, 2013 Memorandum Opinion and Order (Doc. 97), in which the Court declared unconstitutional the 2002 state legislative electoral districts and permanently enjoined the Kentucky Secretary of State and Board of Elections from employing those maps in future elections. (Doc. 110). Defendants have opposed this motion. (Docs. 114, 119, 120, 121, 123, 124).

Second, although not presented as a motion, defendant Stivers has filed a statement of contention asserting that the Senatorial District Plan in House Bill 1 is constitutional under both federal and Kentucky law. (Docs. 116, 125). Plaintiffs take no position on this issue and, in agreement with defendant Stumbo, assert that this Court should not reach this question because it presents no live controversy and would require an impermissible advisory opinion. (Docs. 118, 122).

The Court has reviewed these matters thoroughly and concludes that oral argument is unnecessary.

## *Discussion*

### A.  <u>Mootness</u>

Defendants Stumbo, the Legislative Research Commission, Stivers, and Beshear argue that the issue of the constitutionality of the 2002 plan is moot because the General Assembly repealed it by enacting HB 1.

It is well-established law, however, that abandoning an unconstitutional course of action does not render a case seeking relief from that action moot.  The reason for this rule is that a defendant could abandon such an action only to resume it after the case is dismissed.  *See* 1A C.J.S. *Actions* § 83 (2013); 13C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.5 (3d ed. 2013).  *See also Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 583 (6th Cir. 2012) (noting that the defendant bears "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur") (citation and internal quotation marks omitted).

Another way of putting this is to describe such action as "capable of repetition, yet evading review."  *See, e.g., Libertarian Party of Mich. v. Johnson*, 714 F.3d 929, 931-32 (6th Cir. 2013) (holding challenge to election law not

moot), *petition for cert. filed*, (U.S. Sept. 30, 2013) (No. 13-421).

The history of redistricting in Kentucky shows the necessity of continuing this injunction in effect. A redistricting plan was enacted in 2010 to replace the 2002 plan, only to be declared unconstitutional by the Kentucky Supreme Court, which resulted in the 2002 plan being revived. *See Memorandum Opinion & Order*, Doc. 97 (extensively reviewing the history of redistricting in Kentucky).

Therefore, plaintiffs' joint motion to enter a final judgment reaffirming that the 2002 redistricting legislation is unconstitutional will be granted.

**B.   Constitutionality of 2013 Plan (HB 1)**

As the record herein reflects, after the General Assembly enacted HB 1, none of the parties to this action filed objections to it. Under the schedule enacted by this Court, no further action was required.

However, this also means that the Court has no authority to declare HB 1 constitutional. The Court agrees with plaintiffs' and Speaker Stumbo's contention that any such declaration on this record would be an advisory opinion, since no party has chosen to litigate HB 1's constitutionality. (Docs. 118, 122). Indeed, this Court

4

has been provided with no evidence, either for or against the constitutionality of H.B. 1. An official version of the Act, including maps and accompanying population and social data, has not been filed in the record.

The fact that the parties in this case have chosen not to proceed does not mean that others may not attack the constitutionality of HB 1 in a future lawsuit in either federal or state court.[1] None of the present parties have chosen to litigate such issues, however, and this Court has no jurisdiction to rule on them at this time because there is no case or controversy before it.

### *Conclusion*

On August 16, 2013, this Court filed a Memorandum Opinion and Order (Doc. 97) granting a Permanent Injunction against further use of the 2002 legislative districts. We hereby reaffirm that injunction and order as follows:

**IT IS ORDERED** that:

(1) Defendant Stumbo's motion to dismiss (Doc. 35), plaintiffs' motion to dismiss counterclaims (Doc. 63), and defendant Stivers's motion for status conference (Doc. 113) be, and are hereby, **DENIED AS MOOT**;

(2) Plaintiffs' motions to dismiss certain claims and parties (Docs. 64, 69) be, and are hereby, **GRANTED**;

---

[1] *See Larios v. Cox*, 300 F. Supp.2d 1320, 1344 (N.D. Ga.), *aff'd*, 542 U.S. 947 (2004).

5

(3) The LRC's motion to dismiss (Doc. 115) be, and is hereby, **DENIED**;

(4) Plaintiffs' joint motion to enter final judgment (Doc. 110) be, and is hereby, **GRANTED**;

(5) Pursuant to Fed. R. Civ. P. 58, a separate injunction will be entered concurrently herewith; and

(6) Any motions for attorneys' fees shall be filed **within thirty (30) days of entry of this Order**.  *See* Local Rule 54.4.


This 31st day of October, 2013.