UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **KENNY BROWN**, *et al.*, | ) |
| Plaintiffs | ) Case No. 2:13-cv-00068-WOB-GFVT-DJB |
| v. | ) |
| **COMMONWEALTH OF KENTUCKY**, *et al.*, | ) |
| Defendants. | ) |
| and | ) |
| **MARTIN HERBERT**, *et al.*, | ) |
| Plaintiffs, | ) (Consolidated Action Case No. 3:13-cv-00025-DJB-GFVT-WOB) |
| v. | ) |
| **KENTUCKY STATE BOARD OF ELECTIONS**, *et al.*, | ) |

**DEFENDANT, SENATE PRESIDENT ROBERT STIVERS',
RESPONSE TO THE BROWN PLAINTIFFS' MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND COSTS [DOC. 129] AND THE HEBERT PLAINTIFFS'
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS [DOC. 131]**

Comes defendant, Senate President Robert Stivers in his official capacity ("Senator Stivers"), by counsel, and tenders hereby his response to the *Brown* Plaintiffs' Motion for an Award of Attorneys' Fees and Costs [Doc 129] and the *Hebert* Plaintiffs' Motion for an Award of Attorneys' Fees and Costs [Doc. 131].

1

## I. INTRODUCTION

The plaintiffs are not "prevailing parties" against Senator Stivers. As such, they are not entitled to an award of attorneys' fees, costs or expenses against him. Only the *Brown* plaintiffs named Senator Stivers in his official capacity as President of the Kentucky Senate in the action, styled *Kenny Brown, et al., v. Commonwealth of Kentucky et al.*, Case No. 2:13-cv-00068-DJB-GFVT-WOB. Senator Stivers was not named at all in the other action, styled *Martin Hebert et al. v. State Board of Elections, et al.*, Case No. 3:13-cv-00025-DJB-GFVT-WOB. In the Order consolidating, the Court acknowledged the difference in the identities of the parties, but consolidated the cases because of the "judicial economy to be advanced by consolidating the matters for discovery and all other matters, including trial." Order, June 27, 2013 [Doc. 47]. By Order, entered October 31, 2013 [Doc 127], Senator Stivers was dismissed as a party altogether. [Doc. 64]. It is axiomatic that a plaintiff cannot be a prevailing party against another who is not named and/or against whom a claim is dismissed. To this end, neither the *Brown* nor the *Hebert* plaintiffs cite any authority in support of an award of attorneys' fees against a presiding officer of a legislative body who (i) is not named by one and is named only in an official capacity by the other, (ii) has been voluntarily dismissed as a party from the proceeding altogether, (iii) has sovereign immunity, and (iv) is/was admittedly not involved in the enforcement or implementation of any legislative districting plan. In apparent recognition of this, neither motion seeks an apportionment of an award of attorneys' fees and expenses directly against Senator Stivers. It is therefore doubtful that Senator Stivers is required to tender a response to the motions; however, as a precaution, he responds hereby and asserts that neither the *Brown* nor the *Hebert* plaintiffs are entitled to an award of costs, expenses or attorneys fees against him.

## II.    ARGUMENTS

### A.    The Plaintiffs are not "prevailing parties" against Senator Stivers.

The various fee shifting statutes and the long established case law limit recoveries of attorneys fees and costs to "prevailing parties".[1] The United States Supreme Court has instructed that: "[A]t a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. [citations omitted] Beyond this absolute limitation, a technical victory may be so insignificant, and may be so near the situations addressed in *Hewitt* and *Rhodes*, as to be insufficient to support prevailing party status." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). Thus, to be a "prevailing party", a plaintiff must receive some relief on his claim against a defendant which is beyond a mere technicality. In this case, the plaintiffs did not receive relief on a claim against Senator Stivers, technically or otherwise. Indeed, the *Hebert* plaintiffs did not name Senator Stivers as a party to their action and the *Brown* plaintiffs successfully caused him to be dismissed from their lawsuit by motion filed before the General Assembly was convened in an extraordinary session. This should end the question of an award against Senator Stivers favorable to Senator Stivers.

If not, some courts have suggested that the chronology of events leading to the resolution of the dispute be considered to determine prevailing party status. *Metropolitan Pittsburgh Crusade for Voters, v. City of Pittsburgh Pennsylvania*, 964 F.2d 244, 245 (3rd Cir 1992); *Morrison v. Aloob*, 672 F.2d 669, 672 (3rd Cir. 1980); *Posada v. Lamb*, 716 F.2d 1066, 1072

---

[1] The prevailing party rule has been applied under 42 U.S.C §§ 1983 and 1988 in actions to enforce civil rights statutes, including the Voting Rights Act and voting rights protected in the 14th and 15th amendments to the Constitution of the United States. *Brooks v. Georgia State Bd. of Elections,* 997 F.2d 857, 860-61 (11th Cir.1993).

(5th Cir. 1983). The chronology also shows that the plaintiffs are not prevailing parties against Senator Stivers. The issues relative to the plaintiffs current complaints began prior to the filing of the cases in this Court and first ripened in the Kentucky State Courts. The 2012 HB 1 redistricting maps were challenged in the Franklin Circuit Court as being in violation of Section 33 of the Kentucky Constitution. On February 7, 2012, a temporary injunction was issued by the Franklin Circuit Court enjoining the Kentucky Secretary of State and the Kentucky State Board of Elections from implementing the House and Senate districts set forth in 2012 HB 1. The Franklin Circuit Court ordered that the elections for the 2012 House and Senate elections be conducted using the legislative district boundaries in effect in 2002 prior to the enactment of 2012 HB 1. The appeal which followed was transferred directly to the Kentucky Supreme Court. On February 24, 2012, the Kentucky Supreme Court affirmed the lower court's decision reiterating that the injunction remain in place and ruling that "the orderly process of the 2012 elections requires the 2002 redistricting plan remain in effect, as ordered by the trial court." On April 26, 2012, the Kentucky Supreme Court published its opinion in *LRC v. Fischer*, 366 S.W.3d 905 (Ky. 2012) (hereinafter, "*Fischer IV*"). Senator Stivers was not president of the Senate during the 2012 regular session of the General Assembly when the 2012 redistricting plan was adopted. Senator Stivers was not President of the Senate when the 2002 redistricting plan was adopted. Senator Stivers did not enforce or implement the 2002 legislative maps in the 2012 elections. That action was directed by the Franklin Circuit Court and the Kentucky Supreme Court via the injunction directed to the Kentucky Secretary of State and the Kentucky State Board of Elections.

Now, with regard to the present cases, Senator Stivers is not a party to the *Hebert* action. On July 11, 2013, the *Brown* plaintiffs moved to dismiss Senator Stivers from their case and, in

so doing, admitted that "Neither President Stivers nor Speaker Stumbo have waived their legislative immunity . . . " and that "[N]either President Stivers (or the Kentucky Senate) nor Speaker Stumbo (or the Kentucky House of Representatives), unlike all of the other Defendants in this matter, are involved with the enforcement of the current maps or the enforcement or implementation of any new lines that may be drawn." *Brown* plaintiffs' memorandum in support of motion to voluntarily dismiss, p. 3-4 [Doc. 64-1] (hereinafter "*Brown* Motion to Dismiss at p. ___").

On August 19, 2013, the General Assembly convened its first extraordinary session of 2013 by proclamation of the Governor of Kentucky. On August 23, 2013, new redistricting plans for the Kentucky Senate and the House of Representatives were passed. On October 31, 2013, an Order was entered granting the *Brown* plaintiffs' motion to dismiss Senator Stivers as a party in the proceeding. [Doc. 127]. Based on this chronology, the *Hebert* plaintiffs cannot be said to have prevailed against a party they did not sue and, the *Brown* plaintiffs cannot be said to have prevailed against Senator Stivers who they successfully caused to be dismissed from the action as having sovereign immunity and not being involved in the implementation or enforcement of the legislative districts. The *Brown* plaintiffs' characterization of Senator Stivers' involvement is corroborated by the foregoing chronology.

Senator Stivers' opposition to the *Brown* plaintiffs' motion to dismiss does not suggest a different conclusion. Senator Stivers opposed the dismissal motion based on (i) a concern for claim-splitting, (ii) the possibility that the Court may consider a subsequent challenge to the newly drawn districts, (iii) the possibility that the plaintiffs would tender their own maps, and (iv) a concern that adjusted census data may be used which excluded prison inmate populations. In any of such events, Senator Stivers wanted a seat at the table to address any new issues which

may arise. Such a posture was entirely reasonable under the circumstances. As it turned out, none of Senator Stivers' concerns came to fruition and thus were not addressed. The only issue before the Court was the constitutionality and enforceability of the 2002 districting plans (after the 2012 plans were declared unconstitutional by the Kentucky Supreme Court in *Fischer IV, supra*), which, as described above, Senator Stivers was powerless to enforce or implement, or, moreover, change without the concurrence of a majority of the members of the Senate and House of Representatives after being convened in session. Thus, neither of the plaintiffs can say that their civil complaints brought about any action or inaction by Senator Stivers in his official capacity as President of the Senate which he alone was constitutionally empowered to address.

The injunction is not a basis for claiming that the plaintiffs obtained relief against Senator Stivers. First, the injunction was entered on October 31, 2013, after the Order dismissing Senator Stivers from the case, albeit on the same day. [Doc. 128]. Thus, it was determined that Senator Stivers was not required to be a party to the action. More significant, however, is the fact that even though the injunction made reference to Senator Stivers, Senator Stivers was without constitutional power to act in the manner enjoined in the first place, such as enforcement or implementation of any legislative districting maps . . . whether new or old. In other words, the plaintiffs cannot claim that the relationship among the parties was changed as a result of Senator Stivers being enjoined from doing that which he was not doing and could not constitutionally do in the first place.

To the extent the plaintiffs are asserting that the 2013 action by the General Assembly was *indirectly* brought about by their lawsuits, the United States Supreme Court has rejected the "catalyst theory" as a basis of awarding attorney's fees in the absence of judicially sanctioned change in the parties' legal relationships. *Buckhannon Board & Care Home, Inc., et al., v. West*

*Virginia Department of Health and Human Resources, et al.*, 532 U.S. 598 (2001). Writing for the majority of the *Buckhannon* Court, Chief Justice Rehnquist stated:

> Now that the issue is squarely presented, it behooves us to reconcile the plain language of the statues with our prior *holdings*. We have only awarded attorney's fees where the plaintiff has received a judgment on the merits, *see, e.g., Farrar, supra*, at 112, or obtained a court-ordered consent decree, *Maher, supra*, at 129-130 -- we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict, *see Hanrahan*, 446 U.S., at 759, or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by "judicial relief," *Hewitt, supra,* at 760 (emphasis added). Never have we awarded attorneys' fees for a nonjudicial "alteration of actual circumstances." *Post*, at 633 (dissenting opinion). While urging an expansion of our precedents on this front, the dissenters would simultaneously abrogate the "merit" requirement of our prior cases and award attorney's fees where the plaintiff's claim "was at least colorable" and "not . . . groundless." *Post*, at 627 (internal quotation marks and citation omitted). We cannot agree that the term "prevailing party" authorizes federal courts to award attorneys' fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the "sought-after destination" without obtaining any judicial relief. *Post*, at 634 (internal quotation marks and citation omitted)."

*Buckhannon* at 605-606. In *Statewide Reapportionment Advisory Committee v. Beasley*, 99 F.3d 134, 136 (4th Cir. 1996), the Fourth Circuit Court of Appeals "rejected a broad catalyst theory for awarding attorneys fees to litigants simply because their position in litigation was vindicated by an external process or sequence of events outside of the litigation." In this case, the actual *change in the relationship* was brought about by *nonjudicial* action resulting from the passage of new legislative districting plans on August 23, 2013, at the conclusion of the August 2013 first extraordinary session of the General Assembly. The plaintiffs did not submit proposed legislative district maps. In other words, new legislative district lines were not judicially redrawn. The General Assembly did that *legislatively* after being called into session. Therefore, the absence of a judicial change in the relationship of the parties prevents the plaintiffs from being "prevailing parties" as required by the United States Supreme Court and the Circuit Court's of Appeal.

### B.   Senator Stivers, named only in his official capacity, is entitled to sovereign immunity.

The plaintiffs are not prevailing parties for yet another reason. Legislators exercising legislative functions are absolutely immune from monetary damages, including awards of attorneys' fees. *Tenney v. Brandhove*, 341 U.S. 367 (1951); *Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975).  Consistent with this, the Sixth Circuit recognized that absolute immunity extends to "legislators and their aides when performing acts of a legislative nature." *Cullinan v. Abramson,* 128 F.3d 301, 308 (6th Cir. 1997), citing *Gravel v. United States,* 408 U.S. 606 (1972). No act is more purely *legislative* in nature than voting on bills/resolutions. In this case, the only involvement of Senator Stivers is in his official capacity as a member of and President of the Kentucky Senate where his official action was the casting of a legislative vote(s). Thus, even if the plaintiffs actions brought about a change in the relationships, the plaintiffs cannot be "prevailing parties" against another party who has sovereign immunity from being sued for actions taken in their official capacity. Even if the plaintiffs could somehow be prevailing parties, because Senator Stivers acted in and was sued in his official legislative capacity, legislative/sovereign immunity bars any recovery of monetary damages, including costs, expenses and attorneys' fees, against him.  The United States Supreme Court has held that attorneys fees cannot be awarded on the basis of legislative acts:

> We are unable to agree that attorney's fees should have been awarded for the reasons relied on by the District Court. Although the Virginia Court and its chief justice were subject to suit in their direct enforcement role, they were immune in their legislative roles. Yet the District Court's award of attorney's fees in this case was premised on acts or omissions for which appellants enjoyed absolute legislative immunity. This was error.

*Supreme Court of Virginia v. Consumers Union of U. S., Inc.,* 446 U.S. 719, 737-38 (1980). Even where the actions were performed by non-legislative entities such as the courts, the

*Consumers Union* Court refused to order attorneys fees to be paid, as it is error to award attorney fees based on acts for which the defendants have absolute legislative immunity. *Id*. at 738-39.

Senator Stivers asserted sovereign immunity as an affirmative defense in his answer; but, even if he had not, legislative immunity is not waived even if not asserted. Legislative immunity is a function of federal common law immunity that protects the legislative acts, regardless of who performs them. *Scott v. Taylor*, 405 F.3d 1251, 1253-54 (11th Cir. 2005), *citing Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 732 (1980). Additionally, participation in litigation, including submission of information to the court such as an affidavit, does not waive the legislative privilege or immunity. *Greenburg v. Collier*, 482 F. Supp. 200, 203 (E.D. Va. 1979). Courts may award attorney fees only "if it already had jurisdiction over a part of the award" *Tenn. Dep't of Human Servs. v. U.S. Dep't of Educ.*, 979 F.2d 1162, 1170 (6th Cir.1992). "[L]iability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant." *Kentucky v. Graham*, 473 U.S. 159, 164 (1985); *see also Collins v. Village of New Vienna,* 75 Fed. Appx. 486, 488 (6th Cir.2003); *Tucker v. City of Richmond, Ky.,* 388 F.3d 216, 223-24 (6th Cir. 2004). Thus, if immune from claims for monetary damages, a party is likewise immune for claims for attorney fees since the plaintiffs cannot be said to have prevailed against Senator Stivers.

**C. The Eleventh Amendment bars claims against Senator Stivers in his official capacity.**

As explained above, Senator Stivers considered it responsible to participate in the action before this Court upon the happening of certain contingent events . . . which, as it turns out, did not occur. He did not manifest a "clear intent to voluntarily submit its rights to judicial

9

determination by a federal court." *Hornberger v. Tennessee*, 782 F. Supp. 2d 561, 569 (M.D. Tenn. 2011). "[B]ecause the immunity issue 'sufficiently partakes of the nature of a jurisdictional bar,' *Edelman v. Jordan,* 415 U.S. at 678, it is an issue that may be raised at any time during the pendency of the case." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 131 F.3d 353, 365 (3d Cir. 1997) *aff'd*, 527 U.S. 666 (1999). As stated by a member of this panel:

> While '§ 1983 provides a federal forum to remedy many deprivations of civil liberties, ... it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits.' *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 66 (1989). Because KSP is a subdivision of the state, it is also protected by the Eleventh Amendment and Broskys' federal claims against Farris in his official capacity are dismissed.

*Brosky v. Farris*, CIV. 11-308-GFVT, 2012 WL 4601283 (E.D. Ky. Sept. 28, 2012). As also stated by the District Court for the Western District of Kentucky:

> Under the Eleventh Amendment to the United States Constitution, this court retains no jurisdiction over claims asserted directly against the Commonwealth or its instrumentalities for monetary remedies.

*Yoder v. University of Louisville*, 3:09-CV-00205, 2012 WL 1078819 (W.D. Ky. Mar. 30, 2012) *aff'd*, 12-5354, 2013 WL 1976515 (6th Cir. May 15, 2013). The Eleventh Amendment of the Constitution of the United States bars federal courts from hearing suits against the state, any state level department or agency. *Kentucky v. Graham*, 473 U.S. 159 (1985). As a sovereign state, the Commonwealth of Kentucky and its constituent entities have not waived sovereign immunity from the payment of costs and attorneys fees. To this end, Section 230 of the Kentucky Constitution provides in relevant part that: "No money shall be drawn from the State Treasury, except in pursuance of appropriations made by law . . . ." Consistent with this, KRS 453.010 makes that: "No judgment for costs shall be rendered against the Commonwealth in any action

prosecuted by or against the Commonwealth in its own right, unless specifically provided by statute . . . ."

### D.     Only reasonable attorneys' fees can be recovered.

If the Court decides to award fees against Senator Stivers, justice requires that the Court examine the time billed by the plaintiff's attorneys in responding to certain actions by the named defendants. In these regards, Senator Stivers filed no extraneous motions and requested no unnecessary hearings. Indeed, Senator Stivers did his best to be respectful of the Court, the plaintiffs and the resources being committed to these cases. Senator Stivers' filings sought participation, guidance, a status conference and attempted to transparently apprise the Court of the Kentucky Senate's actions in the 2013 first extraordinary session. The billings tendered by the plaintiffs as to matters they were required to respond to will speak for themselves. Certainly, Senator Stivers did not unnecessarily add to these expenses.

In addition, the plaintiffs' fees should be reduced as they generally appear not to be "reasonable". The Court should subtract duplicative or excessive hours. The billings appear duplicative regarding time spent conferring among the plaintiffs' counsel regarding status and strategy conferences. *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021-22 (N.D. Ohio 1997). Allowing duplication would defeat the alleged purpose of consolidating these actions for the purposes of avoiding such a result. Also, the hourly rate and hours billed are excessive in terms of the individual rates requested.[2]

---

[2] Senator Stivers has no budgeted fund from which an award may be paid.

11

### III. CONCLUSION

WHEREFORE, based on the foregoing, Senator Stivers respectfully requests that the plaintiffs' motion for an award of attorneys' fees against him be denied.

Dated: December 11, 2013.

                                              Respectfully submitted,

                                              */s/ Stanton L. Cave*

                                              Stanton L. Cave, Esq.
                                              LAW OFFICE OF STAN CAVE
                                              P.O. Box 910457
                                              Lexington, KY  40591-0457
                                              Telephone:  (859) 309-3000
                                              Facsimile:   (859) 309-3001
                                              Email:  stan.cave@insightbb.com

                                              *Special General Counsel to Robert Stivers in his Official Capacity as President of the Kentucky Senate*

### CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                              */s/ Stanton L. Cave, Esq.*

                                              *Special General Counsel to Robert Stivers in his Official Capacity as President of the Kentucky Senate*