UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL

KENNY BROWN, et al.,                )
                                    )
Plaintiffs                          )
                                    )
v.                                  )
                                    )
THE COMMONWEALTH OF                 )    Civil Action No. 2:13-cv-00068-WOB-GFVT-DJB
KENTUCKY, et al.,                   )
                                    )
Defendants                          )

**AND**

MARTIN HERBERT, et al.              )
                                    )
Plaintiffs                          )
                                    )
v.                                  )    Civil Action No. 3:13-CV-025-GFVT-WOB-DJB
                                    )
KENTUCKY STATE BOARD                )
OF ELECTIONS, et al.,               )
                                    )
Defendants                          )

## DEFENDANTS SECRETARY OF STATE AND STATE BOARD OF ELECTIONS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS

Defendants Secretary of State Alison Lundergan Grimes and the Kentucky State Board of Elections (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure 33, 34 and 36, hereby respond to the Requests for Admission, Interrogatories and Requests for Production of Documents (the "Discovery Requests") propounded jointly by Plaintiffs in *Brown, et al. v. Commonwealth, et al.*, Civil Action No. 2:13-CV-00068-WOB-GFVT-DJB, and *Herbert, et al. v. Kentucky State Board of Elections, et al.*, Civil Action No. 3:13-CV-25-GFVT-WOB-DJB.

Defendants object to Plaintiffs' "Instructions" and "Definitions" to the extent they purport to impose discovery obligations that differ from or exceed the discovery obligations imposed by the Federal Rules of Civil Procedure. Defendants object to the Discovery Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege, protection or immunity available to Defendants and to the extent they are overly broad, unduly burdensome, oppressive and/or seek information that is not reasonably calculated to lead to the discovery of admissible evidence. These general objections are made, to the extent applicable, in response to each Discovery Request as if set forth fully therein.

Defendants' Responses to Plaintiffs' Discovery Requests are based upon information and documentation available as of the date hereof, and Defendants reserve the right to supplement or amend their responses.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1.**    Admit that the 2010 Census data is the appropriate population count for purposes of Redistricting Kentucky's House and Senate legislative districts in advance of the 2014 elections.

**RESPONSE:** Objection. Request for Admission No. 1 calls for a legal conclusion.

**Request for Admission No. 2.**    Admit that Exhibit A, attached hereto, accurately represents each current Kentucky House District's population, as determined using the 2002 Plan, and population data from the 2010 Census.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 2.

2

**Request for Admission No. 3.**   Admit that Exhibit B, attached hereto, accurately represents each current Kentucky Senate District's population, as determined using the 2002 Plan and population data from the 2010 Census.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 3.

**Request for Admission No. 4.**   Admit that the 2010 Census data reflected a total population in Kentucky of 4,339,367.

**RESPONSE:** Defendants admit that, based upon information readily available to them, the 2010 Redistricting Census Data (Public Law 94-171) Summary for Kentucky reflected a total population in Kentucky of 4,339,367.

**Request for Admission No. 5.**   Admit that the population of an Ideal Kentucky House District, as determined by using the 2010 Census data, is 43,393.67.

**RESPONSE:** Defendants admit that, based upon information readily available to them, including the total population in Kentucky reflected by the 2010 Redistricting Census Data (Public Law 94-171) Summary, the population of an Ideal Kentucky House District, as defined by Plaintiffs in their Discovery Requests to Defendants, is 43,393.67.

**Request for Admission No. 6.**   Admit that the population of an Ideal Kentucky Senate District, as determined by using the 2010 Census data, is 114,193.8684.

**RESPONSE:** Defendants admit that, based upon information readily available to them, including the total population in Kentucky reflected by the 2010 Redistricting Census Data (Public Law 94-171) Summary, the population of an Ideal Kentucky Senate District, as defined by Plaintiffs in their Discovery Requests to Defendants, is 114,193.8684.

**Request for Admission No. 7.**    Admit that Exhibit C, attached hereto, accurately represents the population deviation of each current Kentucky House District (using the 2002 Plan the population data from the 2010 Census) from the Ideal Kentucky House District.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 7.

**Request for Admission No. 8.**    Admit that Exhibit C, attached hereto, accurately represents the population deviation of each current Kentucky House District (as determined using the 2002 Plan the population data from the 2010 Census) from the Kentucky House District that has the lowest population as determined using the 2002 Plan and the population data from the 2010 Census data.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 8.

**Request for Admission No. 9.**    Admit that Exhibit D, attached hereto, accurately represents the population deviation of each current Kentucky Senate District (as determined using the 2002 Plan and the population data from the 2010 Census) from the Ideal Kentucky Senate District.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 9.

**Request for Admission No. 10.**    Admit that Exhibit D, attached hereto, accurately represents the population deviation of each current Kentucky Senate District (as determined

using the 2002 Plan and the population data from the 2010 Census) from the Kentucky Senate District that has the lowest population as determined using the 2002 Plan and data from the 2010 Census data).

RESPONSE: After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 10.

Request for Admission No. 11.     Admit that the court, in *Fischer IV*, found the ideal House District to be 43,394, using the 2010 Census population data.

RESPONSE: Admit.

Request for Admission No. 12.     Admit that the court, in *Fischer IV*, found the Ideal Senate District to be 114,194, using the 2010 Census population data.

RESPONSE: Admit.

Request for Admission No. 13.     Admit that the Kentucky Legislative Research Commission, in *Fischer IV*, argued and determined that Kentucky House District 60, under the 2002 Plan, deviated from the Ideal Kentucky House District by 42.7%.

RESPONSE: Admit.

Request for Admission No. 14.     Admit that the Kentucky Legislative Research Commission, in *Fischer IV*, argued and determined that Kentucky Senate District 11, under the 2002 Plan, deviated from the Ideal Kentucky Senate District by 22.2%.

RESPONSE: Admit.

Request for Admission No. 15.     Admit that there exists more than a 10 percentage point population deviation between the Ideal Kentucky House District population and the current

5

Kentucky House District with the greatest population, as determined using the 2010 Census data and the 2002 Plan.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 15.

**Request for Admission No. 16.**    Admit that there exists more than 10 percentage point population deviation between the current Kentucky House District having the greatest population and the current Kentucky House District having the least population, as determined using the 2010 Census data and the 2002 Plan.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 16.

**Request for Admission No. 17.**    Admit that there exists more than a 10 percentage point population deviation between the Ideal Kentucky Senate District and the current Kentucky Senate District having the greatest population, as determined using the 2010 Census data and the 2002 Plan.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 17.

**Request for Admission No. 18.**    Admit that there exists more than a 10 percentage point population deviation between the current Kentucky Senate District with the greatest population and the current Kentucky Senate District with the least population, as determined using the 2010 Census data and the 2002 Plan.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 18.

**Request for Admission No. 19.**    Admit that an election for the members of the Kentucky Senate, using the 2002 Plan with the population data from the 2010 Census, would result in such election being conducted with a population deviation of more than 10 percentage points between the Kentucky Senate District having the greatest population and the Ideal Kentucky Senate District.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 19.

**Request for Admission No. 20.**    Admit that an election for the members of the Kentucky House of Representatives, using the 2002 Plan with the population data from the 2010 Census, would result in such election being conducted with a population deviation of more than 10 percentage points between the Kentucky House District having the greatest population and the Ideal Kentucky House District.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 20.

**Request for Admission No. 21.**    Admit that an election for the members of the Kentucky Senate, if conducted using the 2002 Plan with the population data from the 2010 Census, would result in such election being conducted with a population deviation of more than

10 percentage points between the Kentucky Senate District having the greatest population and the Kentucky Senate District having the lowest population.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 21.

**Request for Admission No. 22.**   Admit that an election for the members of the Kentucky House of Representatives, if conducted using the 2002 Plan with the population data from the 2010 Census, would result in such election being conducted with a population deviation of more than 10 percentage points between the Kentucky House District having the greatest population and the Kentucky House Districting having the lowest population.

**RESPONSE:** After having made reasonable inquiry, Defendants lack sufficient knowledge and/or readily obtainable information to admit or deny the allegation set forth in Request for Admission No. 22.

**Request for Admission No. 23.**   Admit that the 2012 elections conducted in Kentucky used the 2002 Plan.

**RESPONSE:** Admit.

**Request for Admission No. 24.**   Admit that any Redistricting which results in a population deviation greater than 10% between districts is *prima facie* unconstitutional.

**RESPONSE:** Objection. Request for Admission No. 24 calls for a legal conclusion.

**Request for Admission No. 25.**   Admit that the records you produced in response to all of Plaintiffs' Request for Production of Documents all meet the requirements of F.R.E. 803(8) as Public Records, in that they set forth the records of a public office relating to matters concerning which the public office had a legal duty to record or report, or set forth the office's

8

activities, and that neither the source of information nor other circumstances indicate a lack of trustworthiness.

**RESPONSE:** Objection. Request for Admission No. 25 calls for a legal conclusion.

**Request for Admission No. 26.**     Admit that the records you produced in response to all of Plaintiffs' Request for Production of Documents all meet the requirements of F.R.E. 803(6) as Records of a Regularly Conducted Activity, in that they are records made at or near the time by – or from information transmitted by – someone with knowledge; the records were kept in the course of regularly conducted activity of a business, organization, occupation, or calling; making the records were a regular practice of that activity; and neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

**RESPONSE:** Objection. Request for Admission No. 26 calls for a legal conclusion.

**Request for Admission No. 27.**     Admit the current House and Senate legislative districts were drawn and adopted using population data from the 2002 Census data.

**RESPONSE:** Admit.


## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1.** If your response to Request for Admission No. 1 was anything other than an unqualified admission, identify the population data that you assert to be the appropriate population count for purposes of Redistricting, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**    Objection. Request for Admission No. 1 and Interrogatory No. 1 call for a legal conclusion. Moreover, Defendants have neither the constitutional responsibility or authority

nor the information necessary to determine the appropriate population count for purposes of redistricting. *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 2.** If your response to Request for Admission No. 2 was anything other than an unqualified admission, identify the population count for each respective Kentucky House District using the 2002 Plan and population data from the 2010 Census, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**    Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population count for each respective Kentucky House District using the 2002 Plan and population data from the 2010 Census. *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 3.** If your response to Request for Admission No. 3 was anything other than an unqualified admission, identify the population count for each respective Kentucky Senate District using the 2002 Plan and population data from the 2010 Census, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**    Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population count for each respective Kentucky Senate District using the 2002 Plan and population data from the 2010 Census. *See,* e.g., Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 4.** If your response to Request for Admission No. 4 was anything other than an unqualified admission, identify the total population of the Commonwealth of

Kentucky as determined by the 2010 Census, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   See Response to Request for Admission No. 4.

**Interrogatory No. 5.** If your response to Request for Admission No. 5 was anything other than an unqualified admission, identify the population for an Ideal Kentucky House District using population data from the 2010 Census, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   See Response to Request for Admission No. 5.

**Interrogatory No. 6.** If your response to Request for Admission No. 6 was anything other than an unqualified admission, identify the population for an Ideal Kentucky Senate District using population data from the 2010 Census, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   See Response to Request for Admission No. 6.

**Interrogatory No. 7.** If your response to Request for Admission No. 7 was anything other than an unqualified admission, identify the population deviation of each respective Kentucky House District (using the 2002 Plan and population data from the 2010 Census) from the Ideal Kentucky House District, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation of each respective Kentucky House District (using the 2002 Plan and population data from the 2010 Census) from the Ideal Kentucky House District. *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

11

**Interrogatory No. 8.** If your response to Request for Admission No. 8 was anything other than an unqualified admission, identify the population deviation of each respective Kentucky House District (using the 2002 Plan and population data from the 2010 Census) from the Kentucky House District that would have the lowest population (using the 2002 Plan and population data from the 2010 Census), and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation of each respective Kentucky House District (using the 2002 Plan and population data from the 2010 Census) from the Kentucky House District that would have the lowest population (using the 2002 Plan and population data from the 2010 Census). *See, e.g.*, Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 9.** If your response to Request for Admission No. 9 was anything other than an unqualified admission, identify the population deviation of each respective Kentucky Senate District (using the 2002 Plan and population data from the 2010 Census) from the Ideal Kentucky Senate District, and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation of each respective Kentucky Senate District (using the 2002 Plan and population data from the 2010 Census) from the Ideal Kentucky Senate District. *See, e.g.*, Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

12

**Interrogatory No. 10.**     If your response to Request for Admission No. 10 was anything other than an unqualified admission, identify the population deviation of each respective Kentucky Senate District (using the 2002 Plan and population data from the 2010 Census) from the Kentucky Senate District that would have the lowest population (using the 2002 Plan and population data from the 2010 Census), and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation of each respective Kentucky Senate District (using the 2002 Plan and population data from the 2010 Census) from the Kentucky Senate District that would have the lowest population (using the 2002 Plan and population data from the 2010 Census). *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 11.**     If your response to Request for Admission No. 15 was anything other than an unqualified admission, identify the population deviation between the Ideal Kentucky House District and the Kentucky House District having the greatest population (using the population data of the 2010 Census and the 2002 Plan), and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation between the Ideal Kentucky House District and the Kentucky House District having the greatest population (using the population data of the 2010 Census and the 2002 Plan). *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

13

**Interrogatory No. 12.**    If your response to Request for Admission No. 16 was anything other than an unqualified admission, identify the population deviation between the Kentucky House District having the greatest population (using the population data of the 2010 Census and the 2002 Plan) and each of the other Kentucky House Districts (using the 2002 Plan and population data of the 2010 Census), and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**    Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation between the Kentucky House District having the greatest population (using the population data of the 2010 Census and the 2002 Plan) and each of the other Kentucky House Districts (using the 2002 Plan and population data of the 2010 Census). *See, e.g.*, Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 13.**    If your response to Request for Admission No. 17 was anything other than an unqualified admission, identify the population deviation between the Ideal Kentucky Senate District and the Kentucky Senate District having the greatest population (using the population of the 2010 Census and the 2002 Plan), and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**    Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation between the Ideal Kentucky Senate District and the Kentucky Senate District having the greatest population (using the population of the 2010 Census and the 2002 Plan). *See, e.g.*, Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

14

**Interrogatory No. 14.**     If your response to Request for Admission No. 18 was anything other than an unqualified admission, identify the population deviation from the Kentucky Senate District having the greatest population (using the population data of the 2010 Census and the 2002 Plan) to each of the Kentucky Senate Districts (using the 2002 Plan and population data of the 2010 Census), and identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   Objection. Defendants have neither the constitutional responsibility or authority nor the information necessary to determine the population deviation from the Kentucky Senate District having the greatest population (using the population data of the 2010 Census and the 2002 Plan) to each of the Kentucky Senate Districts (using the 2002 Plan and population data of the 2010 Census). *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 15.**     If your response to Request for Admission Nos. 19 or 20 is anything other than an unqualified admission, please (a) identify the greatest population deviation between districts that believe to be constitutionally proper in performing legislative redistricting; (b) state the basis, grounds or reasons for your denial or qualification; and (c) identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**   Objection. Interrogatory No. 15 calls for a legal conclusion. Moreover, Defendants have neither the constitutional responsibility or authority nor the information necessary to perform legislative redistricting. *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 16.**     If your response to Request for Admission Nos. 21 or 22 is anything other than an unqualified admission, please (a) identify the greatest population

deviation between districts that believe to be constitutionally proper in performing legislative redistricting; (b) state the basis, grounds or reasons for your denial or qualification; and (c) identify all documents that support and to which you referred in answering this Interrogatory.

**ANSWER:**    Objection. Interrogatory No. 16 calls for a legal conclusion. Moreover, Defendants have neither the constitutional responsibility or authority nor the information necessary to perform legislative redistricting. *See, e.g.,* Ky. Const. § 28 (legislative authority vested in General Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State).

**Interrogatory No. 17.**    If your response to Request for Admission No. 25 is anything other than an unqualified admission, please specifically identify (a) any records you produced that in response to any of Plaintiffs' Requests for Production of Documents that are not of a public office relating to matter concerning which the public office had a legal duty to record or report and (b) those records produced that you admit are of a public office relating to matters concerning which the public office had a legal duty to record or report.

**ANSWER:**    Objection. Interrogatory No. 17 calls for a legal conclusion.

**Interrogatory No. 17 [sic].**  If your response to Request for Admission No. 26 is anything other than an unqualified admission, please specifically identify (a) any records you produced that in response to Plaintiffs' Request for Production of Documents that are not made by appropriate officials having responsibility to make and keep that record as a regular practice of his or her office, and (b) those records produced that you admit were made by appropriate officials having responsibility to make and keep that record as a regular practice of his or her office.

**ANSWER:**    Objection. Second Interrogatory No. 17 calls for a legal conclusion.

**Interrogatory No. 18.**        Identify all documents you are aware of that may be relevant to any of your claims or defenses, or the claims or defenses made by any party in this Action, and for each document state what you believe to be its significance or relevance.

**ANSWER:**   Objection. Interrogatory No. 18 is vague, overly broad, and unduly burdensome and seeks information that may be protected from disclosure pursuant to the Attorney-Client Privilege and/or Work-Product Doctrine.

**Interrogatory No. 19.**        Identify any and all officials, representatives or employees employed by the Commonwealth of Kentucky or any of its agencies or instrumentalities, that are responsible for obtaining, reviewing and/or approving population data from the 2010 Census.

**ANSWER:**   Objection. Interrogatory No. 19 is vague, overly broad and unduly burdensome. Without waiving these objections, Defendants are without sufficient knowledge or information to answer Interrogatory No. 19.

**Interrogatory No. 20.**        Identify any and all officials, representatives or employees employed by the Commonwealth of Kentucky or any of its agencies or instrumentalities, that are responsible for certifying, reviewing and/or approving population data to be used or relied upon for purposes of Redistricting.

**ANSWER:**   Objection. Interrogatory No. 20 is vague, overly broad and unduly burdensome. Without waiving these objections, Defendants are without sufficient knowledge or information to answer Interrogatory No. 20.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all population data or evidence introduced or offered to be introduced into evidence in *Fischer IV*.

**RESPONSE:** Defendants did not introduce or offer to introduce into evidence in *Fischer IV* any population data or evidence.

2. Produce any and all documents or data received by Defendant (including any of Defendant's agents or employees) or the Commonwealth or any entity thereof, on March 17, 2011, related to the 2010 Census or data therefrom.

**RESPONSE:** Defendants are not aware of any documents responsive to Request for Production No. 2 in their possession, custody or control.

3. Provide a copy of any and all population data from the 2010 Census, in the possession, custody, or control of Defendant, at the legislative district, county and precinct level, as well as the Census Tract and Block level, and any additional data used by Defendant related to legislative reapportionment.

**RESPONSE:** See attached documents SOS SBE 1-11.[1] In addition, population data from the 2010 Census may be reflected in documents of record in the matters of *Fischer, et al., v. Grimes, et al.*, No. 12-CI-00109 (Franklin Circuit Court, Div. I), and *LRC v. Fischer, et al.*, Nos. 12-SC-000091-TG, 2012-SC-0000092-TG (Kentucky Supreme Court). Copies of documents of record in these matters that are in Defendants' possession, custody and control are maintained at The Office of the Kentucky Secretary of State, 700 Capital Ave., Ste. 152, Frankfort, KY, 40601, and will be made available for inspection and copying pursuant to Fed. R. Civ. P. 34(a) at a mutually agreeable time. Additional documents of record in the matters of *Fischer, et al., v. Grimes, et al.*, No. 12-CI-00109 (Franklin Circuit Court, Div. I), and *LRC v. Fischer, et al.*, Nos.

---

[1] SOS SBE 7-11 consists of a Certificate of Records & Attestation by the Legislative Research Commission and one of ten documents certified thereby. Defendants lack sufficient knowledge or information to determine whether the other nine documents reflect "population data from the 2010 Census." Those documents will nonetheless be made available for inspection and copying pursuant to Fed. R. Civ. P. 34(a) at a mutually agreeable time.

12-SC-000091-TG, 2012-SC-0000092-TG (Kentucky Supreme Court), may be available through

the respective courts.

As Defendants have neither the constitutional responsibility nor authority to perform

legislative redistricting, *see, e.g.,* Ky. Const. § 28 (legislative authority vested in General

Assembly); Ky. Const. § 33 (General Assembly shall redistrict the State), Defendants do not use

any data related to legislative reapportionment.

4.  Produce a copy of any and all documents, electronically stored information, or
    tangible things, identified in your Fed.R.Civ.P. 26(1)(A)(ii) disclosures.

**RESPONSE:** A copy of the letter identified in Defendants' Fed. R. Civ. P. 26(1)(A)(ii)

disclosures was attached to the disclosures. Copies of documents of record in the matters of

*Fischer, et al., v. Grimes, et al.,* No. 12-CI-00109 (Franklin Circuit Court, Div. I), and *LRC v.*

*Fischer, et al.,* Nos. 12-SC-000091-TG, 2012-SC-0000092-TG (Kentucky Supreme Court) that

are in Defendants' possession, custody and control are maintained at The Office of the Kentucky

Secretary of State, 700 Capital Ave., Ste. 152, Frankfort, KY, 40601, and will be made available

for inspection and copying pursuant to Fed. R. Civ. P. 34(a) at a mutually agreeable time.

Additional documents of record in the matters of *Fischer, et al., v. Grimes, et al.,* No. 12-CI-

00109 (Franklin Circuit Court, Div. I), and *LRC v. Fischer, et al.,* Nos. 12-SC-000091-TG, 2012-

SC-0000092-TG (Kentucky Supreme Court), may be available through the respective courts.

5.  Produce a copy of each and every document or communication by Defendant
    (including any of Defendant's agents or employees) that discusses the
    constitutionality of the use of the 2002 Plan, using data from the 2010 Census, which
    was created, transmitted, or otherwise generated from January 1, 2011 to December
    31, 2011.

**RESPONSE:** Objection. Request for Production of Documents No. 5 is overly broad,

unduly burdensome, and seeks information that is not reasonably calculated to lead to the

discovery of admissible evidence. Defendants further object to Request for Production of

Documents No. 5 to the extent it seeks documents that are protected from disclosure pursuant to the Attorney-Client Privilege and/or Work-Product Doctrine.

6.  Produce a copy of each and every document or communication by Defendant (including any of Defendant's agents or employees) that discusses the constitutionality of the use of the 2002 Plan, using data from the 2010 Census, which was created, transmitted, or otherwise generated from January 1, 2012 to December 31, 2012.

**RESPONSE:** Objection. Request for Production of Documents No. 6 is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request for Production of Documents No. 6 to the extent it seeks documents that are protected from disclosure pursuant to the Attorney-Client Privilege and/or Work-Product Doctrine.

Without waiving these objections, the constitutionality of the use of the 2002 Plan, using data from the 2012 Census, may be discussed in documents of record in the matters of *Fischer, et al., v. Grimes, et al.,* No. 12-CI-00109 (Franklin Circuit Court, Div. I), and *LRC v. Fischer, et al.,* Nos. 12-SC-000091-TG, 2012-SC-0000092-TG (Kentucky Supreme Court). Copies of documents of record in these matters that are in Defendants' possession, custody and control are maintained at The Office of the Kentucky Secretary of State, 700 Capital Ave., Ste. 152, Frankfort, KY, 40601, and will be made available for inspection and copying pursuant to Fed. R. Civ. P. 34(a) at a mutually agreeable time. Additional documents of record in the matters of *Fischer, et al., v. Grimes, et al.,* No. 12-CI-00109 (Franklin Circuit Court, Div. I), and *LRC v. Fischer, et al.,* Nos. 12-SC-000091-TG, 2012-SC-0000092-TG (Kentucky Supreme Court), may be available through the respective courts.

7.  Produce a copy of each and every document or communication by Defendant (including any of Defendant's agents or employees) that discusses the constitutionality of the use of the 2002 Plan, using data from the 2010 Census, which

was created, transmitted, or otherwise generated from January 1, 2013 to December 31, 2013.

**RESPONSE:** Objection. Request for Production of Documents No. 7 is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request for Production of Documents No. 7 to the extent it seeks documents that are protected from disclosure pursuant to the Attorney-Client Privilege and/or Work-Product Doctrine.

8. Produce all documents that you identified or reviewed, referred or consulted when answering any of the foregoing Requests for Production or Interrogatories.

**RESPONSE:** Objection. Request for Production of Documents No. 8 is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Request for Production of Documents No. 8 to the extent it seeks documents that are protected from disclosure pursuant to the Attorney-Client Privilege and/or Work-Product Doctrine.

9. Produce an official certified copy of the 2010 Census for the Commonwealth of Kentucky.

**RESPONSE:** Defendants do not have in their possession, custody or control a certified copy of the 2010 Census for the Commonwealth of Kentucky.

10. Produce any and all Documents, not otherwise produced in response to a previous request, which you intend to reference or utilize in moving for, or defending, an initial dispositive motion in this matter related to the use of the 2002 Plan.

**RESPONSE:** At this time, Defendants are not aware of any documents in their possession, custody or control, not otherwise produced or identified in response to a previous request, that Defendants intend to reference or utilize in moving for an initial dispositive motion in this matter related to the use of the 2002 Plan. However, discovery is ongoing, and dispositive motions have not yet been filed, and Defendants reserve their right to supplement and/or amend

21

this Response and to use additional documents in response to dispositive motions as necessary as this matter progresses.

## VERIFICATION

I, Lindsay Hughes Thurston, Assistant Secretary of State for the Commonwealth of Kentucky, have read the foregoing Responses to Plaintiffs' Discovery Requests and state that the statements contained therein are true and correct to the best of my knowledge or belief.

_Lindsay Hughes Thurston_
Lindsay Hughes Thurston

COMMONWEALTH OF KENTUCKY
COUNTY OF FRANKLIN

Subscribed and sworn to before me this 9 day of July, 2013, by Lindsay Hughes Thurston.

My commission expires: 5/11/14

_Wanda Bennett_
Notary Public    ID  448027

23

## **VERIFICATION**

I, Maryellen B. Allen, Executive Director of the Kentucky State Board of Elections, have read the foregoing Responses to Plaintiffs' Discovery Requests and state that the statements contained therein are true and correct to the best of my knowledge or belief.


_____
Maryellen B. Allen

COMMONWEALTH OF KENTUCKY
COUNTY OF FRANKLIN

Subscribed and sworn to before me this 9 day of July, 2013, by Maryellen B. Allen.

My commission expires: 5/4/14


_____
Notary Public ID #418027

24

Respectfully Submitted,

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen
Noel E. Caldwell
Office of the Secretary of State
700 Capital Ave., Ste. 152
Frankfort, KY 40601
(502) 782-7407
lynn.zellen@ky.gov
*Counsel for Defendants Alison Lundergan*
*Grimes, Kentucky State Board of Elections,*
*and State Board of Elections Members*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record in these consolidated cases this 9th day of July, 2013, via electronic mail and U.S. mail or hand delivery.

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen

PrecinctPopReg2010

| VTD | ccCounty_I | VTDID | Name2 | Population | TOT REG |
|---|---|---|---|---|---|
| 21005F101 | Anderson | F101 | Hickory Grove | 915 | 987 |
| 21011C102 | Bath | C102 | Salt Lick No. 2 | 889 | 902 |
| 21015B115 | Boone | B115 | Glenview | 803 | 1000 |
| 21021E102 | Boyle | E102 | Ss. Peter&Paul Catholic C | 722 | 761 |
| 21025C105 | Breathitt | C105 | Hays·Branch | 157 | 475 |
| 21029D113 | Bullitt | D113 | Beech Grove #17b | 597 | 668 |
| 21043D104 | Carter | D104 | Pleasant Valley | 569 | 615 |
| 21059B105 | Daviess | B105 | North Bridge-Fisher | 180 | 192 |
| 21067B181 | Fayette | B181 | Taborlake | 961 | 974 |
| 21067C199 | Fayette | C199 | Woodfield | 198 | 532 |
| 21067C234 | Fayette | C234 | Cassidy | 0 | 1 |
| 21071A102 | Floyd | A102 | Endicott/Buffalo | 38 | 209 |
| 21071A116 | Floyd | A116 | Cliff | 1061 | 1103 |
| 21071B104 | Floyd | B104 | Garrett/Rock Fork | 503 | 659 |
| 21071C101 | Floyd | C101 | Martin | 413 | 718 |
| 21071C109 | Floyd | C109 | Melvin | 372 | 566 |
| 21071C111 | Floyd | C111 | Arkansas | 188 | 441 |
| 21071D110 | Floyd | D110 | Head of Mud | 194 | 402 |
| 21075D103 | Fulton | D103 | Watson's | 231 | 244 |
| 21087A102 | Green | A102 | South Greensburg | 450 | 533 |
| 21087C102 | Green | C102 | Exie | 682 | 695 |
| 21089A103 | Greenup | A103 | Worthington #1 | 481 | 641 |
| 21089A112 | Greenup | A112 | Flatwoods # 6 | 1188 | 1362 |
| 21089C108 | Greenup | C108 | Kenwood | 746 | 822 |
| 21095A109 | Harlan | A109 | New Baxter | 369 | 457 |
| 21099C104 | Hart | C104 | High School | 248 | 278 |
| 21099D102 | Hart | D102 | Linwood | 231 | 390 |
| 21101A116 | Henderson | A116 | South Wolf Hills | 520 | 771 |
| 21111G142 | Jefferson | G142 | Precinct 142 34 District | 680 | 703 |
| 21111G159 | Jefferson | G159 | Precinct 159 34 District | 763 | 814 |
| 21111H151 | Jefferson | H151 | Precinct 151 35 District | 4 | 5 |
| 21111I138 | Jefferson | I138 | Precinct 138 37 District | 27 | 31 |
| 21111L110 | Jefferson | L110 | Precinct 110 41 District | 114 | 514 |
| 21111N130 | Jefferson | N130 | Precinct 130 43 District | 1269 | 1299 |
| 21115A101 | Johnson | A101 | Upper Ward | 493 | 583 |
| 21115A106 | Johnson | A106 | Hager Hill | 868 | 933 |
| 21115A109 | Johnson | A109 | East Point | 159 | 230 |
| 21117A126 | Kenton | A126 | Ludlow #1 | 958 | 1122 |
| 21117C102 | Kenton | C102 | Crescent Springs #2 | 1042 | 1099 |
| 21119A106 | Knott | A106 | Garner | 349 | 422 |
| 21119A108 | Knott | A108 | Leburn | 285 | 362 |
| 21119C106 | Knott | C106 | Lower Quicksand | 30 | 58 |
| 21119D107 | Knott | D107 | Middle Beaver | 506 | 511 |
| 21125A107 | Laurel | A107 | London East | 668 | 853 |
| 21125E101 | Laurel | E101 | London #5 | 374 | 1108 |
| 21129A101 | Lee | A101 | Beattyville #1 | 404 | 425 |
| 21129A102 | Lee | A102 | Beattyville #2 | 447 | 451 |
| 21131B101 | Leslie | B101 | Jacks Creek | 835 | 857 |
| 21133A103 | Letcher | A103 | Cowan | 571 | 791 |
| 21133D102 | Letcher | D102 | Blackey | 712 | 763 |
| 21133E105 | Letcher | E105 | Mcroberts | 606 | 633 |

SOS SBE 1

PrecinctPopReg2010

| 21133E106 | Letcher | E106 | Fleming | 212 | 228 |
|-----------|---------|------|---------|-----|-----|
| 21135B102 | Lewis | B102 | Vanceburg #2 | 320 | 326 |
| 21151D103 | Madison | D103 | Ridgehaven #39 | 219 | 338 |
| 21153B104 | Magoffin | B104 | Flat Fork | 545 | 591 |
| 21157C107 | Marshall | C107 | Gilbertsville | 445 | 461 |
| 21159A101 | Martin | A101 | Lower Inez | 575 | 818 |
| 21159D103 | Martin | D103 | Pigeon Roost | 478 | 486 |
| 21167C103 | Mercer | C103 | Cornishville | 293 | 351 |
| 21173C102 | Montgomer | C102 | Howards Mill | 1160 | 1371 |
| 21177E102 | Muhlenbur | E102 | North Central City | 586 | 593 |
| 21183E104 | Ohio | E104 | Olaton | 165 | 168 |
| 21189C103 | Owsley | C103 | N. Booneville East | 372 | 388 |
| 21193A102 | Perry | A102 | Chavies | 513 | 556 |
| 21193A107 | Perry | A107 | Bulan | 368 | 489 |
| 21195A103 | Pike | A103 | Pikeville High School | 703 | 754 |
| 21195C108 | Pike | C108 | Grapevine | 795 | 810 |
| 21231B109 | Wayne | B109 | Cooper | 489 | 497 |
| 21235B106 | Whitley | B106 | Mastertown | 851 | 1168 |
| 21235C107 | Whitley | C107 | Pleasant View | 773 | 840 |
| 21237B101 | Wolfe | B101 | Holly-5 | 471 | 492 |
| 21239F102 | Woodford | F102 | Paddock Church | 1046 | 1424 |

SOS SBE 2

PrecinctPopReg2010

Diff
72
13
197
39
318
71
46
12
13
334
1
171
42
156
305
194
253
208
13
83
13
160
174
76
88
30
159
251
23
51
1
4
400
30
90
65
71
164
57
73
77
28
5
185
734
21
4
22
220
51
27

SOS SBE 3

PrecinctPopReg2010

```
 16
  6
119
 46
 16
243
  8
 58
211
  7
  3
 16
 43
121
 51
 15
  8
317
 67
 21
378
```

SOS SBE 4

PrecinctPopReg2010

| ccCounty_I | VTDID | Name2 | Population | TOT REG | Diff |
|---|---|---|---|---|---|
| Anderson | F101 | Hickory Grove | 915 | 987 | 72 |
| Bath | C102 | Salt Lick No. 2 | 889 | 902 | 13 |
| Boone | B115 | Glenview | 803 | 1000 | 197 |
| Boyle | E102 | Ss. Peter&Paul Catholic C | 722 | 761 | 39 |
| Breathitt | C105 | Hays Branch | 157 | 475 | 318 |
| Bullitt | D113 | Beech Grove #17b | 597 | 668 | 71 |
| Carter | D104 | Pleasant Valley | 569 | 615 | 46 |
| Daviess | B105 | North Bridge-Fisher | 180 | 192 | 12 |
| Fayette | B181 | Taborlake | 961 | 974 | 13 |
| Fayette | C199 | Woodfield | 198 | 532 | 334 |
| Fayette | C234 | Cassidy | 0 | 1 | 1 |
| Floyd | A102 | Endicott/Buffalo | 38 | 209 | 171 |
| Floyd | A116 | Cliff | 1061 | 1103 | 42 |
| Floyd | B104 | Garrett/Rock Fork | 503 | 659 | 156 |
| Floyd | C101 | Martin | 413 | 718 | 305 |
| Floyd | C109 | Melvin | 372 | 566 | 194 |
| Floyd | C111 | Arkansas | 188 | 441 | 253 |
| Floyd | D110 | Head of Mud | 194 | 402 | 208 |
| Fulton | D103 | Watson's | 231 | 244 | 13 |
| Green | A102 | South Greensburg | 450 | 533 | 83 |
| Green | C102 | Exie | 682 | 695 | 13 |
| Greenup | A103 | Worthington #1 | 481 | 641 | 160 |
| Greenup | A112 | Flatwoods # 6 | 1188 | 1362 | 174 |
| Greenup | C108 | Kenwood | 746 | 822 | 76 |
| Harlan | A109 | New Baxter | 369 | 457 | 88 |
| Hart | C104 | High School | 248 | 278 | 30 |
| Hart | D102 | Linwood | 231 | 390 | 169 |
| Henderson | A116 | South Wolf Hills | 520 | 771 | 251 |
| Jefferson | G142 | Precinct 142 34 District | 680 | 703 | 23 |
| Jefferson | G159 | Precinct 159 34 District | 763 | 814 | 51 |
| Jefferson | H151 | Precinct 151 35 District | 4 | 5 | 1 |
| Jefferson | I138 | Precinct 138 37 District | 27 | 31 | 4 |
| Jefferson | L110 | Precinct 110 41 District | 114 | 514 | 400 |
| Jefferson | N130 | Precinct 130 43 District | 1269 | 1299 | 30 |
| Johnson | A101 | Upper Ward | 493 | 583 | 90 |
| Johnson | A106 | Hager Hill | 868 | 933 | 65 |
| Johnson | A109 | East Point | 159 | 230 | 71 |
| Kenton | A126 | Ludlow #1 | 958 | 1122 | 164 |
| Kenton | C102 | Crescent Springs #2 | 1042 | 1099 | 57 |
| Knott | A106 | Garner | 349 | 422 | 73 |
| Knott | A108 | Leburn | 285 | 362 | 77 |
| Knott | C106 | Lower Quicksand | 30 | 58 | 28 |
| Knott | D107 | Middle Beaver | 506 | 511 | 5 |
| Laurel | A107 | London East | 668 | 853 | 185 |
| Laurel | E101 | London #5 | 374 | 1108 | 734 |
| Lee | A101 | Beattyville #1 | 404 | 425 | 21 |
| Lee | A102 | Beattyville #2 | 447 | 451 | 4 |
| Leslie | B101 | Jacks Creek | 835 | 857 | 22 |
| Letcher | A103 | Cowan | 571 | 791 | 220 |
| Letcher | D102 | Blackey | 712 | 763 | 51 |
| Letcher | E105 | Mcroberts | 606 | 633 | 27 |

SOS SBE 5

PrecinctPopReg2010

| ccCounty_ | VTDID | Name2 | Population | TOT REG | Diff |
|-----------|-------|-------|-----------:|--------:|-----:|
| Letcher | E106 | Fleming | 212 | 228 | 16 |
| Lewis | B102 | Vanceburg #2 | 320 | 326 | 6 |
| Madison | D103 | Ridgehaven #39 | 219 | 338 | 119 |
| Magoffin | B104 | Flat Fork | 545 | 591 | 46 |
| Marshall | C107 | Gilbertsville | 445 | 461 | 16 |
| Martin | A101 | Lower Inez | 575 | 818 | 243 |
| Martin | D103 | Pigeon Roost | 478 | 486 | 8 |
| Mercer | C103 | Cornishville | 293 | 351 | 58 |
| Montgomer | C102 | Howards Mill | 1160 | 1371 | 211 |
| Muhlenbur | E102 | North Central City | 586 | 593 | 7 |
| Ohio | E104 | Olaton | 165 | 168 | 3 |
| Owsley | C103 | N. Booneville East | 372 | 388 | 16 |
| Perry | A102 | Chavies | 513 | 556 | 43 |
| Perry | A107 | Bulan | 368 | 489 | 121 |
| Pike | A103 | Pikeville High School | 703 | 754 | 51 |
| Pike | C108 | Grapevine | 795 | 810 | 15 |
| Wayne | B109 | Cooper | 489 | 497 | 8 |
| Whitley | B106 | Mastertown | 851 | 1168 | 317 |
| Whitley | C107 | Pleasant View | 773 | 840 | 67 |
| Wolfe | B101 | Holly-5 | 471 | 492 | 21 |
| Woodford | F102 | Paddock Church | 1046 | 1424 | 378 |

SOS SBE 6

## Certificate of Records & Attestation

The undersigned certifies that:

A.     I am the Director of the Legislative Research Commission ("LRC"), which is the administrative agency for the Kentucky General Assembly and the official custodian of the records of the General Assembly.

B.     I hereby certify the attached copies:

1.     2012 Regular Session Enacted House Bill 1, along with its accompanying maps and population summary report, entitled "HB 1 Docs.pdf" which also appear on the Legislative Research Commission website at http://www.lrc.ky.gov/record/12rs/HB1.htm;

2.     2012 Regular Session House Bill 1, Senate Floor Amendment 1 to Senate Committee Substitute, along with its accompanying maps and population summary report, entitled "SFA 1 to HB 1 SCS 1 Docs.pdf" which also appear on the Legislative Research Commission website at http://www.lrc.ky.gov/record/12rs/HB1.htm ;

3.     2012 Regular Session House Bill 1, House Floor Amendment 1 to House Committee Substitute, along with its accompanying maps and population summary report, entitled "HFA 1 to HB 1 HCS 1 Docs.pdf" which also appear on the Legislative Research Commission website at http://www.lrc.ky.gov/record/12rs/HB1.htm;

4.     2012 Regular Session House Bill 284, along with its accompanying maps and population summary report, entitled "HB 284 Docs.pdf" which also appear on the Legislative Research Commission website at http://www.lrc.ky.gov/record/12rs/HB284.htm;

5.     2012 Regular Session House Bill 292, along with its accompanying maps and population summary report, entitled "HB 292 Docs.pdf" which also appear on the Legislative Research Commission website at http://www.lrc.ky.gov/record/12rs/HB292.htm ; .

6.     2012 Regular Session House Bill 318, along with its accompanying maps and

population summary report, entitled "HB 318 Docs.pdf" which also appear on the Legislative Research Commission website at http://www.lrc.ky.gov/record/12rs/HB318.htm ;

7. ' A document entitled "KY Counties with 2010 Population.pdf" prepared by the Legislative Research Commission contains the population of each county from the 2010 Census:

8. A document entitled "HH001C04 Political Subdivisions Split Report.pdf" prepared by the Legislative Research Commission, which represents a "political subdivision split report" that was produced on the House Plan in HB 1 as enacted.

9. A document entitled "H1351B01 Political Subdivisions Split Report.pdf" prepared by the Legislative Research Commission, which represents a "political subdivision split report" that was produced on HB 292;

10. A document entitled "H1289B01 Political Subdivisions Split Report.pdf" prepared by the Legislative Research Commission, which represents a "political subdivision split report" that was produced on HB 284.

I certify that these constitute true and accurate copies of records maintained by the Legislative Research Commission in the ordinary course of business. Electronic copies of same are attached to this certification.

This certification is made the 3rd day of February, 2012.

Robert S. Sherman

COMMONWEALTH OF KENTUCKY
COUNTY OF FRANKLIN

Subscribed and sworn to before me this the 3rd day of February, 2012.

My commission expires: _____6-30-12_____

Notary Public

SOS SBE 8

KY_Counties_2010_Population

| Name | Population |
|------|-----------|
| Adair | 18,656 |
| Allen | 19,956 |
| Anderson | 21,421 |
| Ballard | 8,249 |
| Barren | 42,173 |
| Bath | 11,591 |
| Bell | 28,691 |
| Boone | 118,811 |
| Bourbon | 19,985 |
| Boyd | 49,542 |
| Boyle | 28,432 |
| Bracken | 8,488 |
| Breathitt | 13,878 |
| Breckinridge | 20,059 |
| Bullitt | 74,319 |
| Butler | 12,690 |
| Caldwell | 12,984 |
| Calloway | 37,191 |
| Campbell | 90,336 |
| Carlisle | 5,104 |
| Carroll | 10,811 |
| Carter | 27,720 |
| Casey | 15,955 |
| Christian | 73,955 |
| Clark | 35,613 |
| Clay | 21,730 |
| Clinton | 10,272 |
| Crittenden | 9,315 |
| Cumberland | 6,856 |
| Daviess | 96,656 |
| Edmonson | 12,161 |
| Elliott | 7,852 |
| Estill | 14,672 |
| Fayette | 295,803 |
| Fleming | 14,348 |
| Floyd | 39,451 |
| Franklin | 49,285 |
| Fulton | 6,813 |
| Gallatin | 8,589 |
| Garrard | 16,912 |
| Grant | 24,662 |
| Graves | 37,121 |
| Grayson | 25,746 |
| Green | 11,258 |
| Greenup | 36,910 |
| Hancock | 8,565 |
| Hardin | 105,543 |
| Harlan | 29,278 |
| Harrison | 18,846 |
| Hart | 18,199 |
| Henderson | 46,250 |

SOS SBE 9

KY_Counties_2010_Population

| | |
|---|---:|
| Henry | 15,416 |
| Hickman | 4,902 |
| Hopkins | 46,920 |
| Jackson | 13,494 |
| Jefferson | 741,096 |
| Jessamine | 48,586 |
| Johnson | 23,356 |
| Kenton | 159,720 |
| Knott | 16,346 |
| Knox | 31,883 |
| Larue | 14,193 |
| Laurel | 58,849 |
| Lawrence | 15,860 |
| Lee | 7,887 |
| Leslie | 11,310 |
| Letcher | 24,519 |
| Lewis | 13,870 |
| Lincoln | 24,742 |
| Livingston | 9,519 |
| Logan | 26,835 |
| Lyon | 8,314 |
| Madison | 82,916 |
| Magoffin | 13,333 |
| Marion | 19,820 |
| Marshall | 31,448 |
| Martin | 12,929 |
| Mason | 17,490 |
| McCracken | 65,565 |
| McCreary | 18,306 |
| McLean | 9,531 |
| Meade | 28,602 |
| Menifee | 6,306 |
| Mercer | 21,331 |
| Metcalfe | 10,099 |
| Monroe | 10,963 |
| Montgomery | 26,499 |
| Morgan | 13,923 |
| Muhlenberg | 31,499 |
| Nelson | 43,437 |
| Nicholas | 7,135 |
| Ohio | 23,842 |
| Oldham | 60,316 |
| Owen | 10,841 |
| Owsley | 4,755 |
| Pendleton | 14,877 |
| Perry | 28,712 |
| Pike | 65,024 |
| Powell | 12,613 |
| Pulaski | 63,063 |
| Robertson | 2,282 |
| Rockcastle | 17,056 |
| Rowan | 23,333 |

SOS SBE 10

KY_Counties_2010_Population

| | |
|---|---|
| Russell | 17,565 |
| Scott | 47,173 |
| Shelby | 42,074 |
| Simpson | 17,327 |
| Spencer | 17,061 |
| Taylor | 24,512 |
| Todd | 12,460 |
| Trigg | 14,339 |
| Trimble | 8,809 |
| Union | 15,007 |
| Warren | 113,792 |
| Washington | 11,717 |
| Wayne | 20,813 |
| Webster | 13,621 |
| Whitley | 35,637 |
| Wolfe | 7,355 |
| Woodford | 24,939 |

SOS SBE 11