UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION – CIVIL

| | |
|---|---|
| KENNY BROWN, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | *ELECTRONICALLY FILED* |
| v. ) | |
| ) | |
| THE COMMONWEALTH OF ) | Civil Action No. 2:13-cv-00068-WOB-GFVT-DJB |
| KENTUCKY, et al., ) | |
| ) | |
| Defendants ) | |

**AND**

| | |
|---|---|
| MARTIN HERBERT, et al. ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 3:13-CV-025-GFVT-WOB-DJB |
| ) | |
| KENTUCKY STATE BOARD ) | |
| OF ELECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**BOARD DEFENDANTS' OBJECTIONS TO**
**REPORT AND RECOMMENDATION**

For their Objections to the Magistrate Judge's Report and Recommendation (DE #141), Defendants Alison Lundergan Grimes (in her official capacity as Secretary of State of the Commonwealth of Kentucky) (the "Secretary"); David Cross, John Hampton, Stephen Huffman, Denise May, George Russell, and Roy Sizemore (in their official capacities as Board Members of the Kentucky State Board of Elections); and Maryellen Allen (in her official capacity as

Executive Director of the Kentucky State Board of Elections) (collectively, the "Board Defendants"),[1] by counsel and pursuant to Fed. R. Civ. P. 72(b)(2), respectfully state as follows:

## FACTUAL BACKGROUND[2]

This litigation consists of consolidated lawsuits initiated by two separate groups of plaintiffs, the *Brown* Plaintiffs and the *Herbert* Plaintiffs (collectively, the "Plaintiffs"), pursuant to 28 U.S.C. § 1983 and arising out of the legislative redistricting process in Kentucky. Both groups of Plaintiffs sued the Board Defendants.  DE #1 (Case No. 3:13-25-GFVT); DE #1. The *Brown* Plaintiffs also named as defendants Speaker of the House Greg Stumbo, Senate President Robert Stivers, and the Kentucky Legislative Research Commission (the "LRC") (collectively, the "Legislative Defendants") and Governor Steve Beshear. DE #1.

On July 11, 2013, the *Brown* Plaintiffs moved pursuant to Fed. R. Civ. P. 41 to voluntarily dismiss their claims against Speaker Stumbo and President Stivers, conceding that they were entitled to legislative immunity. DE #64. On July 12, 2013, the *Brown* Plaintiffs filed a similar motion to dismiss their claims against the LRC. DE #69.

Also on July 12, 2013, Plaintiffs filed a Joint Motion for Summary Judgment regarding the constitutionality of the 2002 redistricting plan. DE #67. The Legislative Defendants opposed the Motion on various grounds, while the Board Defendants took no position with respect to the merits of the Motion and opposed only the entry of a blanket permanent injunction.  *See* DE #88

---

[1]  The Kentucky State Board of Elections was originally named as a defendant in both the *Brown* and *Herbert* complaints, but it has since been dismissed from both lawsuits. DE #72 (stipulation dismissing State Board as defendant in *Herbert*); DE #98 (order substituting Board Members for State Board as defendant/crossclaim defendant in *Brown*). Accordingly, the inclusion of the State Board in the October 31, 2013, Permanent Injunction (DE #128) appears to have been an error that the Court may correct pursuant to Federal Rule of Civil Procedure 60(a).

[2]  A more complete summary of the factual background of this litigation is set forth in the Board Defendants' Joint Response to Plaintiffs' Motions for Attorneys' Fees and Costs. DE #134.

(Plaintiffs' Reply, describing Defendants' responses); DE #97, at 6 (Opinion and Order, noting that "several defendants" opposed summary judgment on multiple grounds). On August 16, 2013, the Court granted Plaintiffs' Motion, declared the 2002 state legislative districts unconstitutional, and permanently enjoined the Secretary and State Board from administering future elections pursuant to the 2002 districts. DE #97.

The General Assembly held an extraordinary legislative session beginning on August 19, 2013, which yielded a new redistricting plan that was signed into law by Governor Beshear on August 23, 2013. Plaintiffs chose not to contest the validity of the new redistricting plan and filed a Joint Motion to Enter Final Judgment on August 29, 2013. DE #110. The Legislative Defendants opposed Plaintiffs' Motion and filed additional pleadings related to the summary judgment and redistricting process. *E.g.*, DE ##114, 121 (Stumbo Responses); DE ##119, 124 (LRC Responses); DE #120 (Stivers Response); DE #115 (LRC Motion to Dismiss); DE #116 (Stivers Statement).

On October 31, 2013, the Court granted Plaintiffs' July 11, 2013, and July 12, 2013, Motions to voluntarily dismiss the Legislative Defendants and entered a permanent injunction enjoining all Defendants "from administering further elections pursuant to the 2002 state legislative electoral districts." DE ##127, 128.

Plaintiffs filed separate motions for attorneys' fees pursuant to 42 U.S.C. § 1988. DE ##129, 131. The *Brown* Plaintiffs seek an award of $114,651.42: $113,135.00 in attorneys' fees and $1,516.42 for costs and out-of-pocket expenses. The *Herbert* Plaintiffs claim $58,622.50 in attorneys' fees and $4,940.83 for costs, for a total award of $63,563.33. The Board Defendants objected to the Plaintiffs' motions on the grounds that (1) Plaintiffs are not prevailing parties under 42 U.S.C. § 1988; (2) Plaintiffs should not recover fees for time spent evaluating House

3

Bill 1; (3) The *Herbert* Plaintiffs should not recover fees for time spent litigating against the Legislative Defendants; and (4) any fee award should be apportioned equitably among the defendants. DE #134. The Board Defendants further argued that in the event the Court declined to apportion fees against the Legislative Defendants, any award of fees to the *Brown* Plaintiffs should be accordingly reduced. *Id.* at 15 n.4.

On January 27, 2014, the Court entered a Memorandum Opinion and Order holding that both the *Brown* and *Herbert* Plaintiffs are prevailing parties "because they obtained a declaration that the 2002 plan was unconstitutional and an injunction prohibiting its use in any future election." DE #140, at 9. However, the Court clarified that Plaintiffs had not prevailed against the Legislative Defendants. *Id.* at 12. The Court further rejected the Board Defendants' argument that fees should be apportioned among the Defendants. *Id.* at 13. The Court referred Defendants' remaining objections to the Magistrate Judge. *Id.* at 14.

On May 9, 2014, the Magistrate Judge entered a Report and Recommendation rejecting all of Defendants' objections except as to the hourly rate claimed by Laughlin McDonald, one of the *Herbert* Plaintiffs' attorneys. *See generally* DE #141.

## ARGUMENT

Neither group of Plaintiffs prevailed against the Legislative Defendants as required to justify an award of attorney fees pursuant to 42 U.S.C. § 1988. Indeed, the *Brown* Plaintiffs voluntarily dismissed their claims against the Legislative Defendants upon conceding they were entitled to legislative immunity, and the *Herbert* Plaintiffs did not even sue the Legislative Defendants. *See* DE #140, at 12. Accordingly, the Court should modify the Magistrate Judge's Report and Recommendation insofar as it would award fees for time Plaintiffs spent litigating

4

against the Legislative Defendants and award a reasonable fee only in connection with the claims on which Plaintiffs actually prevailed.

Pursuant to 42 U.S.C. § 1988(b), a "prevailing party" in a § 1983 action may be awarded "a reasonable attorney's fee" as part of its costs. The purpose of this fee-shifting statute is to "ensure that civil rights plaintiffs will not be financially deterred from vindicating their rights by the prospect of attorney costs which greatly exceed their potential recovery." *Dubay v. Wells*, 506 F.3d 422, 433 (6th Cir. 2007). The statute "was never intended to produce windfalls for parties." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (internal quotation omitted). Thus, even where a party prevails, "[t]here remain other considerations that may lead the district court to adjust the fee award … including the important factor of the results obtained. This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quotation and citation omitted). The Court has considerable discretion with respect to whether and how to adjust a fee award and "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

Where a civil rights plaintiff pleads and pursues overbroad claims he later abandons, the court has discretion to adjust fees downward to achieve a reasonable award. *Green v. Torres*, 361 F.3d 96, 100 (2d Cir. 2004). In *Green*, the district court concluded that a reduction was warranted where the plaintiff had pursued inflated claims on which he was never likely to succeed – and which he later dismissed voluntarily. *Id.* at 98.

Here, Plaintiffs did not prevail against the Legislative Defendants – and they were never likely to do so. Yet even after recognizing that the Legislative Defendants were entitled to immunity, counsel for the *Brown* Plaintiffs continued to devote significant time to pursuing

5

claims against them. And counsel for the *Herbert* Plaintiffs went so far as to spend time litigating against Defendants they did not even sue. Given these circumstances, awarding attorneys' fees for time spent by Plaintiffs' counsel pursuing claims against the Legislative Defendants would do nothing to further § 1988's aim of attracting representation for civil rights plaintiffs and instead create a windfall for counsel here – a result that the drafters of the statute could not have intended. Because a significant portion of the attorneys' fees claimed by Plaintiffs was incurred as a result of fruitless efforts to litigate against the Legislative Defendants – whom the *Herbert* Plaintiffs had not even sued – the Court should impose a corresponding significant reduction in any award.[3]

### A. The *Brown* Plaintiffs

Counsel for the *Brown* Plaintiffs should not profit from their imprudent decision to litigate against parties that they later conceded were entitled to immunity – and dismissed voluntarily. By the *Brown* Plaintiffs' own account, approximately 75 percent of their attorneys' time was spent litigating primarily against the Legislative Defendants. *See* DE #129-1, at 8 (at least 240 of Mr. Wiest's 313.2 hours and 65 of Mr. Bruegemann's 98.2 hours spent litigating against the Legislative Defendants over whether 2002 districts were mal-apportioned); *see also* DE #129-1, at 5 (justifying fee request based on need to "fend off attempts by elected officials, particularly those of the legislative branch, to keep in place mal-apportioned districts").

Thus, three fourths of Plaintiffs' attorneys' fees were incurred because they chose to name and pursue inflated claims against unnecessary parties whom they conceded were immune

---

[3] The Magistrate Judge did not address the reasonableness of the *Brown* Plaintiffs' request for attorneys' fees attributable to their claims against the Legislative Defendants. With respect to the *Herbert* Plaintiffs, although the Magistrate Judge concluded it "was not improper for the Herbert plaintiffs' attorneys to spend time engaging in research and similar litigation tasks regarding defenses raised by the Legislative defendants," (DE #141, at 12 n.8) reasonableness – not the absence of impropriety – is the threshold for an award of attorneys' fees under § 1988.

and later dismissed voluntarily. Indeed, Plaintiffs could have obtained the same relief by suing only the Board Defendants – who never challenged Plaintiff's substantive claims regarding the constitutionality of the 2002 districts – and the attorneys' fees sought here might have been reduced by as much as 75 percent.

The *Brown* Plaintiffs also unreasonably incurred significant attorneys' fees litigating over whether and under what terms the Legislative Defendants – whom they did not need to name and conceded were immune – should be dismissed. *See* DE ##64, 69, 73, 74 79, and 90 (briefs regarding Motions to Voluntarily Dismiss Legislative Defendants); *see also* DE ##68, 85, and 91 (briefs regarding LRC's Motion to Dismiss); DE ##63, 80, and 89 (briefs regarding *Brown* Plaintiffs' Motion to Dismiss President Stivers' Counterclaims). These efforts were necessitated solely by the *Brown* Plaintiffs' own decision to involve admittedly immune parties in this litigation.

Similarly, while the Board Defendants neither sought nor opposed any relief between the entry of summary judgment and the attorneys' fees phase of the litigation, the *Brown* Plaintiffs devoted significant time and incurred more than $12,000 in attorneys' fees for responses and replies to the Legislative Defendants' motions and opposition pleadings during that time period. *See* DE ##98, 99, 104, 106, and 107 (briefs regarding Speaker Stumbo's post-summary judgment motions); DE ##110, 114, 121, 118, 119, and 120 (briefs regarding Plaintiffs' Motion for Final Judgment, which the Board Defendants did not oppose); DE ##115, 118, and 119 (briefs regarding LRC's Motion to Dismiss); and DE ##116, 118, 122, and 125 (briefs regarding President Stivers' Statement). The *Brown* Plaintiffs could have avoided all of the time involved in arguing these motions if they simply had not named the Legislative Defendants. Instead, they incurred significant, unnecessary fees as a result of their unwarranted claims against immune

7

parties they voluntarily dismissed. As recognized in *Green*, pursuing this type of litigation "strategy" should not be compensated under § 1988.

Section 1988 should not reward Plaintiffs' attorneys for choosing to fight unnecessary battles against defendants who are concededly immune from suit. The Court should therefore disallow the *Brown* Plaintiffs' request for attorneys' fees attributable to their efforts to litigate against the Legislative Defendants.

### B. The *Herbert* Plaintiffs

The *Herbert* Plaintiffs' request for attorneys' fees incurred litigating against the Legislative Defendants is even more unjustifiable. "[I]t is the party, rather than the lawyer," who is eligible for attorneys' fees under § 1988. *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990). As the *Herbert* Plaintiffs explained early on in this litigation, "*Brown* involves numerous defendants, claims, defenses, and legal issues that are not (and cannot) be implicated in this action." DE #10 (Case No. 3:13-25-GFVT), at 3. It would not be reasonable to expect a client to pay for his attorney's efforts pursuing parties, claims, and legal issues that admittedly were not at issue in the matter for which the attorney was retained. Similarly, the *Herbert* Plaintiffs cannot reasonably expect the Board Defendants to remunerate their attorneys for such work.

Accordingly, the Court should reduce any fee award to the *Herbert* Plaintiffs to account for the significant resources their counsel ultimately devoted to parties, claims, and legal issues that were unique to the *Brown* case. For example, the Board Defendants' Response to Plaintiffs' Joint Motion for Summary Judgment was only eight pages and did not contest the merits of the motion. DE #83. Yet the *Herbert* Plaintiffs' attorneys spent approximately 23 hours, incurring $6,065 in fees, preparing a 24-page Joint Reply that includes only a two-and-one-half page response to the Board Defendants' argument. *See* DE #88 (Reply), DE #131 (Motion for

8

Attorneys' Fees). Indeed, Mr. Sharp devoted nearly three hours to researching collateral estoppel and *res judicata*, and at least some time researching entitlement to declaratory relief – all legal arguments the Board Defendants did not even raise in their Response. *See* DE #131-2, at 9. Other time entries lack sufficient detail to determine what legal issues the *Herbert* attorneys were researching and briefing, but the Court can and should conclude that little of that time was devoted to addressing the single, limited objection raised by the Board Defendants. In addition, as explained above, the Board Defendants did not oppose any of the substantive relief sought in this litigation after August 16, 2013. Nonetheless, the *Herbert* Plaintiffs' attorneys and paralegal accrued approximately $10,000 in fees after that date responding and replying to various pleadings filed by the Legislative Defendants – who were not even named by the *Herbert* Plaintiffs.

## CONCLUSION

For the reasons set forth above and in the Board Defendants' Joint Response to Plaintiffs' Motions for Attorneys' Fees (DE #134), the Board Defendants respectfully request the Court modify the Magistrate Judge's Report and Recommendation (DE #141) to the extent that it failed to reduce the recommended fee award by the amount of time that Plaintiffs' counsel devoted unreasonably to litigating against the Legislative Defendants.

Respectfully Submitted,

/s/ Lynn Sowards Zellen_____
Lynn Sowards Zellen
Noel E. Caldwell
Office of the Secretary of State
700 Capital Ave., Ste. 152
Frankfort, KY 40601
(502) 782-7407
lynn.zellen@ky.gov

9

TACHAU MEEK PLC
Jonathan T. Salomon
3600 National City Tower
101 S. Fifth Street
Louisville, KY 40202-3120
(502) 238-9900
jsalomon@tachaulaw.com

*Counsel for the Board Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was electronically filed this 23rd day of May, 2014. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system. All other parties will be served via hand delivery or U.S. Mail.

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen
