## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| KENNY BROWN, individually and in his official capacity as the Boone County Clerk, *et al.*, | |
| Plaintiffs, | Case No. 2:13cv00068 |
| | **Electronically filed** |
| v. | |
| COMMONWEALTH OF KY, *et al.*, | |
| Defendants. | |
| MARTIN HERBERT, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 3:13cv00025 |
| KENTUCKY STATE BOARD OF ELECTIONS, *et al.*, | |
| Defendants. | |

### *HERBERT* PLAINTIFFS' RESPONSE TO BOARD DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b)(2) and the Magistrate Judge's Report and Recommendation ("Magistrate's Report") [RE #141], the Plaintiffs in *Herbert, et al. v. Kentucky State Board of Elections, et al.*, Case No. 3:13cv00025 ("*Herbert* Plaintiffs"), by counsel, submit this response addressing the Board Defendants' objections to the Magistrate's Report. [RE #142: Board Defendants' Objections to Report and Recommendation.] For the following reasons, the Board Defendants' objections are without merit; thus, the Magistrate's recommendations regarding the amount of

attorneys' fees and costs that should be awarded to the *Herbert* Plaintiffs as prevailing parties should be accepted in full.

## COUNTER-STATEMENT OF RELEVANT FACTS

Following the General Assembly's failure to enact constitutionally permissible state legislative districts in 2012 *and* its failure to enact new maps during the 2013 Regular Session, the *Herbert* Plaintiffs filed this action in the Eastern District of Kentucky on May 10, 2013, seeking: 1) a declaration that, in light of the 2010 Census data, the then-operative 2002 maps violated the Fourteenth Amendment's Equal Protection Clause; and 2) permanent injunctive relief barring the official capacity defendants from utilizing those 2002 maps in future Kentucky elections. [RE #1: *Herbert* Complaint, ¶¶ 37-39.]

Soon thereafter, the Board Defendants moved to consolidate this action with the earlier-filed *Brown* action. [RE #9 (*Herbert, et al.*): Motion to Consolidate.] The *Herbert* Plaintiffs opposed that motion, however, arguing that the unqualified consolidation contemplated by the Board Defendants' motion would result in undue prejudice given that the *Brown* litigation included parties, claims and possible defenses that were not implicated in this action. [RE #10 (*Herbert, et al.*): Plaintiffs' Response to Defendants' Motion to Consolidate, at 3-5 (noting that *Brown* litigation involved damages claims for "vote dilution" in the then-completed 2012 elections and supplemental state law claims not present in the *Herbert* litigation).] Despite the *Herbert* Plaintiffs' expressed concerns, the Board Defendants prevailed in their quest to consolidate both actions for all purposes. [RE #13: Order.] Moreover, the Board Defendants also, simultaneous with their efforts to consolidate the *Herbert* and *Brown* actions, opted *not* to concede at the June 21, 2013

2

Scheduling Conference that the then-operative state legislative maps violated the Fourteenth Amendment. Instead, the Board Defendants proceeded to litigate the case to final judgment along with their co-defendants in the consolidated actions.

After entering a final judgment in plaintiffs' favor enjoining the use of the 2002 maps in future elections, this Court found that both the *Herbert* and *Brown* Plaintiffs were prevailing parties in the litigation and referred their respective motions for attorneys' fees to the Magistrate Judge for consideration. [RE #140: Mem. Op. and Order.] On May 9, 2014, the Magistrate Judge issued his Report and Recommendation regarding the reasonableness of the requested fees and costs. [RE #141.] With respect to the *Herbert* Plaintiffs' request, the Magistrate Judge recommended that the full amount of the claimed costs and hours be accepted as reasonable. [*Id*. at 8-16.] The Magistrate Judge also recommended that the requested hourly rates for all the *Herbert* Plaintiffs' counsel be accepted with one exception — that the requested hourly rate of $450 for Laughlin McDonald be reduced to $325. [*Id*. at 6-8.][1] Thus, the Magistrate Judge recommended that the *Herbert* Plaintiffs be awarded attorneys' fees in the amount of $53,566.25 and costs in the amount of $4,940.83, *for a total award of $58,507.08.* [*Id*. at 16.] The Board Defendants then timely objected to the Magistrate's recommendations [RE #142: Board Defendants' Objections to Report and Recommendation ("Bd. Def. Objections").] In doing so, however, the Board Defendants *did not* take issue with the Magistrate Judge's recommendations regarding the *Herbert* counsels' reasonable hourly rates *or* the amount of costs. [RE #142: Bd. Def. Objections, at 4-5, 8-9.] Instead, the Board Defendants objected *only* to the recommendation that the claimed hours be fully

---

[1]    The *Herbert* Plaintiffs did not file an objection to the Magistrate's recommendation regarding Laughlin McDonald's hourly rate.

compensated because they were reasonably incurred in this litigation. [*Id.*] According to the Board Defendants, because the *Herbert* Plaintiffs did not pursue any claims against the Legislative Defendants in their separate action, any time spent (after the cases were consolidated) addressing arguments raised by those defendants was "unreasonable" and thus non-compensable. [*Id.* at 8-9.] As a corollary to its primary argument, the Board Defendants also take issue with those time entries after August 16, 2013 in which the *Herbert* Plaintiffs responded to "various pleadings filed by the Legislative Defendants." [*Id.* at 9.] However, both of these contentions are without merit because the time spent by the *Herbert* Plaintiffs responding to potentially dispositive arguments raised by parties to the consolidated action is reasonable and thus fully compensable.

## ARGUMENT

The Supreme Court has made clear that the "reasonableness" determination for fee awards is an "objective" assessment, and that claimed hours that are "excessive, redundant, or otherwise unnecessary" are unreasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court also observed that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (internal quotations and citation omitted). *See also Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) (on questions of "billing judgment," reviewing courts "look to see whether the District Court, based on experience and the record in the case, misapplied the reasonable billing practices of the profession.").

Here, the Board Defendants err in asserting that time spent responding to the Legislative Defendants' arguments was excessive, redundant, or otherwise unnecessary. The Board Defendants sought (and obtained) unqualified consolidation of these actions

4

*even though* the *Herbert* Plaintiffs objected. Specifically, the *Herbert* Plaintiffs agreed that limited consolidation would be appropriate given the questions of law and fact common to both actions, but they *opposed* unqualified consolidation given that the *Brown* litigation involved parties, claims, and defenses not implicated in this case. [RE #10 (*Herbert, et al*.): Plaintiffs' Response to Defendants' Motion to Consolidate, at 3-4.]

But once the Court granted the Board Defendants' request to consolidate both actions, it did so for all purposes. [RE #13: Order, 2 (consolidating both cases "for discovery and all other matters, including any trial.").] Thus, the *Herbert* Plaintiffs' counsel were not free to ignore the potentially dispositive jurisdictional and substantive arguments thereafter raised by the Legislative Defendants. [*See e.g.*, RE #84-1: Stumbo Summary Judgment Response, 3-5 (asserting plaintiffs lack standing); RE #86: Stivers Summary Judgment Response, 5-6 (same); RE #75-1: LRC Summary Judgment Response, 3 (asserting that plaintiffs' claims are unripe); *id*. at 35-37 (asserting that plaintiffs' claims regarding the 2002 maps are moot); *id*. at 37-38 (arguing that *Rooker-Feldman* doctrine bars Court from deciding plaintiffs' claims); *id*. at 33-35 (asserting res judicata and collateral estoppel bar plaintiffs' claims); RE #84-1: Stumbo Summary Judgment Response, 8-9 (same); RE #86: Stivers Summary Judgment Response, 9-10 (same).] Had they done so, counsel for the *Herbert* Plaintiffs would have been deficient in their ethical obligations to their clients and risked waiving any appellate arguments regarding those issues. *See* SCR 3.130-1.1 (Competence); 1.2(a) (Scope of representation and allocation of authority between client and lawyer); 1.3 (Diligence); *see also McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002) ("This court has held that, in general, '[i]ssues not presented to the district court but raised for the first time on appeal

5

are not properly before the court.'") (quoting *J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1488 (6th Cir.1991)); *Watts v. Kroger Co.*, 170 F.3d 505, 511 (5th Cir. 1999) (finding party waived argument opposing summary judgment by failing to raise it in the district court). It is inconsequential that the Board Defendants did not affirmatively raise those arguments. The Board Defendants sought consolidation of these two actions and, once having accomplished that objective, were content to allow the Legislative Defendants to raise potentially dispositive arguments without disavowing or otherwise affirmatively opting-out of those arguments. Given that the *Herbert* Plaintiffs were presented with potentially dispositive jurisdictional and substantive arguments opposing their sole claim (that were made by existing parties in the consolidated action), it was, of course, necessary and appropriate for the *Herbert* Plaintiffs to then respond. *See Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (noting that "documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and *reasonably expended* in the prosecution of the litigation.") (internal quotations and citations omitted).

Moreover, the additional suggestion that time spent by counsel for the *Herbert* Plaintiffs after August 16, 2013 should be disallowed because the Board Defendants "did not oppose any of the substantive relief sought" is also without merit. [RE #142: Board Defendants' Objections to Report and Recommendation, 9.] As noted above, counsel for the *Herbert* Plaintiffs had to invest time after August 16, 2013 to respond to the Legislative Defendants' repeated attempts to block or otherwise undermine the relief they had obtained in this case. This included participating in an emergency telephonic

conference to address those issues. [*See e.g.*, RE #98-1: Stumbo's Motion to Alter, Amend or Vacate Judgment (filed Aug. 17, 2013); RE #99: Stumbo's Motion to Stay Judgment (filed Aug. 18, 2013); RE #100: Order (setting emergency telephonic conference).] As above, it is immaterial whether the Board Defendants affirmatively filed or joined in those motions. The fact that the Legislative Defendants were existing parties to the consolidated action and continued to raise issues that implicated the validity of the relief obtained by the *Herbert* Plaintiffs, the time spent responding to those arguments was necessary and appropriate and thus fully compensable.

## CONCLUSION

Because *Herbert* counsels' claimed hours were reasonably incurred in successfully challenging Kentucky's 2002 legislative maps, the Court should adopt, in full, the Magistrate Judge's Report and Recommendations and thus award the *Herbert* Plaintiffs $ 4,940.83 in costs and $ 53,566.25 in attorneys' fees for a total award of $ 58,507.08.

Respectfully submitted,

s/ William E. Sharp
William E. Sharp
ACLU OF KENTUCKY
315 Guthrie Street, Suite 300
Louisville, KY 40202

7

Laughlin McDonald
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303

Dale Ho
ACLU Voting Rights Project
125 Broad Street
New York, NY 10004

Ben Carter
BEN CARTER LAW PLLC
455 South Fourth Street, Suite 902
Louisville, KY 40202
ACLU of KY Cooperating Attorney

*Counsel for Herbert Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 5, 2014, I electronically filed this Response to Board Defendants' Objections to Report and Recommendations with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Stanton L. Cave
s.cave1@insightbb.com
Jessica A. Burke
jessica@jblawoffices.net

*Counsel for Senate President Robert Stivers*

Pierce B. Whites
piercewhites@aol.com
Anna S. Whites
annawhites@aol.com

*Counsel for House Speaker Greg Stumbo*

Clay A. Barkley
clay.barkley@ag.ky.gov
Matt James
matt.james@ag.ky.gov

*Counsel for Gov. Steve Beshear,*
*Commonwealth of Kentucky*

Laura H. Hendrix
laura.hendrix@lrc.ky.gov
Greg A. Woosley
greg.woosley@lrc.ky.gov

*Counsel for KY Legislative Research*
*Commission*

Lynn Sowards Zellen
lynn.zellen@ky.gov
Noel E. Caldwell
ncaldwell@caldwelllawyers.com
Jonathan T. Salomon
jsalomon@tachaulaw.com

*Counsel for Kentucky State Bd. of Elections,*
*Secretary of State Alison L. Grimes, David*
*Cross, John W. Hampton, Stephen Huffman,*
*Denise May, George Russell, Roy Sizemore,*
*and Maryellen Allen*

Christopher D. Wiest
chriswiestlaw@yahoo.com
Rick Brueggemann
rbuegemann@hemmerlaw.com

*Counsel for Brown Plaintiffs*

s/ William E. Sharp
*Counsel for the Herbert Plaintiffs*

9